| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: | |
| | Southern District of Texas |
| | (State) |
| Case number *(if known):* _____ | Chapter ___11___ |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

**If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals***, is available.**

| 1. | Debtor's Name | **Westmoreland Coal Company** |
|---|---|---|

| 2. | All other names debtor used in the last 8 years | **N/A** |
|---|---|---|
| | Include any assumed names, trade names, and *doing business as* names | |

| 3. | Debtor's federal Employer Identification Number (EIN) | **23-1128670** |
|---|---|---|

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **9540 South Maroon Circle** | |
| Number          Street | Number          Street |
| **Suite 300** | P.O. Box |
| **Englewood, Colorado 80112** | |
| City                          State      Zip Code | City                          State      Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Douglas County** | |
| County | Number          Street |
| | |
| | City                          State      Zip Code |

| 5. | Debtor's website (URL) | **www.westmoreland.com** |
|---|---|---|

| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| Debtor | Westmoreland Coal Company | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**2121 (Coal Mining)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____ When _____ Case number _____
                                    MM/DD/YYYY

            District _____ When _____ Case number _____
                                    MM/DD/YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor **See Rider 1**                    Relationship **Affiliate**

            District **Southern District of Texas**    When **10/09/2018**
                                                              MM / DD / YYYY

            Case number, if known _____

Debtor ___Westmoreland Coal Company___    Case number *(if known)* _____
　　　　Name

| | |
|---|---|
| **11. Why is the case filed in *this* district?** | *Check all that apply:*<br><br>☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br><br>　What is the hazard? _____<br><br>☐ It needs to be physically secured or protected from the weather.<br><br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐ Other _____<br><br>**Where is the property?**<br>　　_____<br>　　Number　　Street<br>　　_____<br>　　City　　　　　　State　　Zip Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes.　Insurance agency _____<br>　　　　　Contact name _____<br>　　　　　Phone _____ |

| **Statistical and administrative information** |
|---|

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

**14. Estimated number of creditors**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☒ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

**15. Estimated assets[1]**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☒ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

---

[1]　The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

| Debtor | Westmoreland Coal Company | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

**Request for Relief, Declaration, and Signatures**

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      **10/09/2018**
                    MM/ DD / YYYY

✗   **/s/ Michael G. Hutchinson**                          Michael G. Hutchinson
     Signature of authorized representative of debtor        Printed name

Title    **Chief Executive Officer**

**18. Signature of attorney**

✗   **/s/ Patricia B. Tomasco**                    Date    **10/09/2018**
     Signature of attorney for debtor                          MM/DD/YYYY

**Patricia B. Tomasco**
Printed name

**Jackson Walker L.L.P.**
Firm name

**1401 McKinney Street, Suite 1900**
Number                          Street

| **Houston** | **Texas** | **77010** |
|---|---|---|
| City | State | ZIP Code |

**(713) 752-4200**                              **ptomasco@jw.com**
Contact phone                                    Email address

**01797600**                        **Texas**
Bar number                          State

---

Official Form 201A (12/15)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WESTMORELAND COAL COMPANY, | ) | Case No. 18-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

    1.   If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  **001-11155**

    2.   The following financial data is the latest available information and refers to the debtor's condition on **August 31, 2018**

(a)  Total assets              $  **770,455,520**

(b)  Total debts (including debts listed in 2.c., below)    $  **1,431,617,093**

(c)  Debt securities held by more than 500 holders

| | | | | | | Approximate number of holders: |
|---|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | | |

(d)  Number of shares of preferred stock      **0**

(e)  Number of shares of common stock      **18,788,532**[2]

Comments, if any:

    3.   Brief description of debtor's business:

**We produce and sell thermal coal primarily to investment grade utility customers under long-term, cost-protected contracts. Our focus is primarily on mine locations which allow us to employ dragline surface mining methods and take advantage of close customer proximity through mine-mouth power plants and strategically located rail transportation.**

    4.   List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: **None**

---

[2]   As of September 6, 2018.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br><br>_____,Southern District of Texas<br> (State) </td></tr>
<tr><td>Case number <em>(if known)</em>: _____</td><td>Chapter    11</td></tr>
</table>

☐ Check if this is an amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Westmoreland Coal Company.

- Westmoreland Coal Company
- Absaloka Coal, LLC
- Basin Resources, Inc.
- Buckingham Coal Company, LLC
- Dakota Westmoreland Corporation
- Daron Coal Company, LLC
- Harrison Resources, LLC
- Haystack Coal Company
- Oxford Conesville, LLC
- Oxford Mining Company - Kentucky, LLC
- Oxford Mining Company, LLC
- San Juan Coal Company
- San Juan Transportation Company
- Texas Westmoreland Coal Company
- WCC Land Holding Company, Inc.
- WEI-Roanoke Valley, Inc.
- Western Energy Company
- Westmoreland Coal Company Asset Corp.
- Westmoreland Coal Sales Company, Inc.
- Westmoreland Energy Services New York, Inc.
- Westmoreland Energy Services, Inc.
- Westmoreland Energy, LLC
- Westmoreland Kemmerer Fee Coal Holdings, LLC
- Westmoreland Kemmerer, LLC
- Westmoreland Mining LLC
- Westmoreland North Carolina Power LLC
- Westmoreland Partners
- Westmoreland Power, Inc.
- Westmoreland Resource Partners, LP
- Westmoreland Resources GP, LLC
- Westmoreland Resources Inc.
- Westmoreland San Juan Holdings, Inc.
- Westmoreland San Juan, LLC
- Westmoreland Savage Corporation
- Westmoreland Texas Jewett Coal Company
- Westmoreland-Roanoke Valley, LP
- WRI Partners, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | )    Chapter 11 |
| | ) |
| WESTMORELAND COAL COMPANY, | )    Case No. 18-_____(\_\_\_) |
| | ) |
| Debtor. | ) |
| | ) |

**LIST OF EQUITY SECURITY HOLDERS[3]**

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Westmoreland Coal Company | Cede & Co | 55 Water Street New York, NY 10041 | 98.51% |

---

[3]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| WESTMORELAND COAL COMPANY, | Case No. 18-_____(____) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Cede & Co | 98.51% |

Fill in this information to identify the case and this filing:

| Debtor Name | Westmoreland Coal Company |
| --- | --- |
| United States Bankruptcy Court for the: | Southern District of Texas |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____**List of Equity Security Holders and Corporate Ownership Statement**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
| --- | --- |
| **10/09/2018** | ☒ **/s/ *Michael G. Hutchinson*** |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Michael G. Hutchinson** |
| | Printed name |
| | **Chief Executive Officer** |
| | Position or relationship to debtor |

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

**Fill in this information to identify the case:**

Debtor name    Westmoreland Coal Company, *et al.*

United States Bankruptcy Court for the:    Southern District of Texas

Case number *(If known):*            (State)

☐ Check if this is an amended filing

## Official Form 204

Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders      12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 1 | Bureau of Indian Affairs Department of the Interior 1849 C Street, N.W., MS-4606-MIB Washington, DC 20240 | Name: Hankie P. Ortiz, Deputy Bureau Director Phone: (202) 208-511 Fax: (202) 208-6334 Email: Hankie.Ortiz@Bia.gov | Royalties | Unliquidated | | | $1,800,000 |
| 2 | Ohio Cat 3993 E. Royalton Rd. Broadview Heights, OH 44147 | Name: Ken Taylor, President Phone: (440) 526-6200 Email: Ktaylor@Ohiocat.com | Trade Debt | | | | $1,476,431 |
| 3 | Paprzycki, Kevin A. Address On File | Name: Paprzycki, Kevin A. Phone: Redacted Email: Redacted | Severance | Contingent Unliquidated Disputed | | | $1,156,800 |
| 4 | Minerals Management Service 1849 C Street NW, Mail Stop 5134 Washington, DC 20240 | Name: Timothy Calahan Phone: (303) 231-3036 Email: Timothy.Calahan@Onrr.gov | Royalties | Unliquidated | | | $1,100,000 |
| 5 | Nelson Brothers Mining Service 820 Shades Creek Parkway, Suite 2000 Birmingham, AL 35209 | Name: Tim Zeli, Director - Direct Operations Phone: (205) 802-5305 Fax: (205) 414-2900 Email: Tzeli@Nelbro.com | Trade Debt | | | | $992,331 |
| 6 | Tractor & Equipment Co. 17035 W. Valley Hwy Tukwila, WA 98188 | Name: Tim May, Vice President & CFO Phone: (425) 251-9829 Email: Tmay@Harnishgrp.com | Trade Debt | | | | $399,477 |
| 7 | Caterpillar Financial Services Corp 2120 West End Ave. Nashville, TN 37203-0001 | Name: David Thomas Walton, VP Phone: (615) 341-1000 Email: Walton_David_T@Cat.com | Trade Debt | | | | $374,626 |

[1] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim<br><br>(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br><br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 8 | Wampum Hardware Company<br>636 Paden Road<br>New Galilee, PA 16141 | Name: Jerry Davis<br>Phone: (724) 336-4501<br>Fax: (724) 336-3818<br>Email:<br>Jdavis@Wampumhardware.com | Trade Debt | | | | $362,269 |
| 9 | Consol Mining Company, LLC<br>CNX Center<br>1000 Consol Energy Drive, Suite 100<br>Canonsburg, PA 15317-6506 | Name: Mitesh Thakkar, Director<br>Phone: (724) 485-3300<br>Email:<br>Miteshthakkar@Consolenergy.com | Royalties | Unliquidated | | | $350,000 |
| 10 | Land Services USA, Inc.<br>1835 Market Street, Suite 420<br>Philadelphia, PA 19103 | Name: M. Gordon Daniels, Esq., Principal and Chief Executive Officer<br>Phone: (215) 563-5468<br>Fax: (215) 568-8219<br>Email: gdaniels@lsutitle.com | Trade Debt | | | | $318,654 |
| 11 | M and C Transportation LLC<br>39830 Barnesville Bethesda Rd.,<br>Bethesda, OH 43719 | Name: Jeffrey W Crum, President<br>Phone: (740) 484-4110 | Trade Debt | | | | $286,629 |
| 12 | Conveyors & Equipment, Inc.<br>3580 South 300 West<br>Salt Lake City, UT 84115 | Name: John Morrison, Owner<br>Phone: (801) 263-1843<br>Email:<br>Morrisonj@Conveyequip.com | Trade Debt | | | | $184,008 |
| 13 | GCR Tires & Service<br>535 Marriott Drive<br>Nashville, TN 37214 | Name: John Vasuta, President, GCR<br>Phone: (615) 937-1000<br>Fax: (615) 937-3621 | Trade Debt | | | | $174,742 |
| 14 | Cravat Coal Co.<br>40580 Cadiz Piedmont Rd.<br>Cadiz, OH 43907 | Name: James Carnes, President<br>Phone: (740) 968-1000<br>Fax: (740) 942-8449 | Royalties | Unliquidated | | | $150,000 |
| 15 | Wheeler Machinery Co.<br>4901 W 2100 S<br>Salt Lake City, UT 84120-1227 | Name: Bryan Campbell, President<br>Phone: (801) 974-0511 | Trade Debt | | | | $145,937 |
| 16 | Silver Spur Conveyor<br>578 Raven Road<br>Raven, VA 24639 | Name: Greg Smith, President<br>Phone: (276) 596-9414<br>Fax: (276) 963-6921<br>Email: Silverspurbelt@Aol.com | Trade Debt | | | | $144,140 |
| 17 | Komatsu Financial<br>Komatsu America Corp.<br>1701 Golf Road, Suite 1-100<br>Rolling Meadows, IL 60008 | Name: Rod Schrader, Chairman And CEO<br>Phone: (847) 437-5800<br>Email:<br>Rschrader@Komatsuna.com | Trade Debt | | | | $110,769 |
| 18 | Columbus Equipment Co.<br>2329 Performance Way<br>Columbus, OH 43207 | Name: Zach O'Connor, Regional Manager<br>Phone: (614) 443-6541<br>Fax: (614) 443-0297<br>Email:<br>Zach@Columbusequipment.com | Trade Debt | | | | $108,341 |
| 19 | Montana-Dakota Utilities Co.<br>400 North Fourth Street<br>Bismarck, ND 58501 | Name: Ms. Nicole A. Kivisto, CEO<br>Phone: (701) 222-7900<br>Fax: (701) 221-3933 | Trade Debt | | | | $90,544 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 20 | Rocky Mountain Power Po Box 26000 1033 Ne 6th Ave. Portland, OR 97256-0001 | Name: Cindy Crane, CEO Phone: (888) 225-2611 Email: Cindy.Crane@Pacificorp.com | Trade Debt | | | | $80,985 |
| 21 | Holland & Hart LLP 2515 Warren Avenue, Suite 450 Cheyenne, WY 82001 | Name: Matt Micheli, Partner Phone: (307) 778-4225 Email: Mjmicheli@Hollandhart.com | Trade Debt | | | | $79,831 |
| 22 | Bowles Rice LLP 600 Quarrier St. Charleston, WY 25301 | Name: Paul E. Frampton, Partner Phone: (304) 347-1100 Fax: (304) 343-2867 Email: Pframpton@Bowlesrice.com | Trade Debt | | | | $76,812 |
| 23 | Honstein Oil And Distribuing LLC 96 Road 4980 Bloomfield, NM 87413 | Name: Jason Allee, VP of Operations Phone: (505) 632-5730 Email: Jason@Honsteinoil.com | Trade Debt | | | | $73,724 |
| 24 | Cincinnati Mine Machinery Co. 2950 Jonrose Ave. Cincinnati, OH 42539 | Name: Ron Paolello, General Manager Phone: (513) 522-7777 Email: Ron@Cinimine.com | Trade Debt | | | | $71,956 |
| 25 | Monsanto Company 800 N Lindbergh Blvd. St. Louis, MO 63167 | Name: Hugh Grant, CEO Phone: (314) 694-1000 Fax: (314) 694-8394 | Trade Debt | | | | $68,712 |
| 26 | Minova USA Inc. 150 Summer Court Georgetown, KY 40324 | Name: Bill Hutchinson, CEO Phone: (800) 626-2948 Fax: (502) 863-6805 | Trade Debt | | | | $66,227 |
| 27 | Davis Graham & Stubbs 1550 17th Street Denver, CO 80202 | Name: Debbie Schoonover, Executive Director Phone: (303) 892-9400 Fax: (303) 893-1379 Email: Debbie.Schoonover@Dgslaw.com | Trade Debt | | | | $63,751 |
| 28 | Cardwell Distributing, Inc. 8137 State Street Midvale, UT 84047 | Name: Bill Rawson, CEO And President Phone: (801) 561-4251 Fax: (801) 561-9202 | Trade Debt | | | | $60,867 |
| 29 | Rhino Energy LLC Rhino Resource Partners LP 424 Lewis Hargett Circle, Suite 250 Lexington, KY 40503 | Name: Richard A. Boone, CEO Phone: (859) 389-6500 Email: Rboone@Rhinolp.com | Trade Debt | | | | $54,601 |
| 30 | Lykins Energy Solutions 5163 Wolfpen Pleasent Hill Rd. Milford, OH 45150 | Name: D. Jeff Lykins, President/CEO Phone: (800) 875-8820 Fax: (513) 831-1428 | Trade Debt | | | | $54,374 |
| 31 | Mesa Ready Mix Inc. 6895 Drinen Lane Farmington, NM 87402 | Name: Mike Shavers, Director Phone: (505) 485-0035 | Trade Debt | | | | $52,098 |
| 32 | Chromate Industrial 4060 East Plano Parkway Plano, TX 75074 | Name: Debbie Bynum, CEO/President Phone: (214) 341-2122 Fax: (214) 348-7714 | Trade Debt | | | | $52,000 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 33 | Jennmar Corporation 258 Kappa Drive Pittsburgh, PA 15238 | Name: Karl Anthony Calandra, EVP Phone: (412) 963-9071 Fax: (412) 963-9767 Email: Tcalandra@Jennmar.com | Trade Debt | | | | $51,667 |
| 34 | Holmes Limestone, Inc. 4255 State Route 39 Berlin, OH 44610 | Name: Merle Mullet, President Phone: (330) 893-2310 Fax: (330) 893-2941 | Royalties | Unliquidated | | | $50,000 |
| 35 | Ohio Department of Natural Resources Division of Forestry 2045 Morse Rd., Building H Columbus, OH 43229 | Name: James Zehringer, Director Phone: (614) 265-6565 Fax: (614) 262-2064 Email: Info@Ohiodnr.com | Royalties | | | | $50,000 |
| 36 | Mineral Trucking, Inc. 6848 County Road 201 Millersburg, OH 44654 | Name: Jeff Zimmerly, Owner Phone: (330) 893-2068 Fax: (330) 893-2068 | Trade Debt | | | | $48,184 |
| 37 | Komatsu Southwest 6101 Pan American W Freeway NE Albuquerque, NM 87109 | Name: Grant Adams, President Phone: (505) 345-8383 | Trade Debt | | | | $46,126 |
| 38 | Wirerope Works, Inc. 100 Maynard Street Williamsport, PA 17701 | Name: Mr. Virgil R. Probasco, EVP Phone: (570) 326-5146 Fax: (570) 327-4274 | Trade Debt | | | | $43,376 |
| 39 | Mine Site Technologies USA Inc. 13301 West 43rd Drive Golden Denver, CO 80403 | Name: Lloyd Zenari, CEO Phone: (303) 951-0570 Email: L.Zenari@Mstglobal.com | Trade Debt | | | | $42,855 |
| 40 | William Albert, Inc. 1300 Cassingham Hollow Drive Coshocton, OH 43812 | Name: William Albert, President Phone: (740) 622-3045 Email: William.Albert@Williamalbert.com | Trade Debt | | | | $41,817 |
| 41 | Clearfork Trucking 45640 Old Hopedale Rd Cadiz, OH 43907 | Name: Bradford Davis, Sr., President Phone: (740) 942-4173 | Trade Debt | | | | $41,329 |
| 42 | J & L Professional Sales Inc. 260 Meteor Circle Freedom, PA 15042 | Name: Paul Wischmann, Principal Phone: (412) 788-4927 | Trade Debt | | | | $38,809 |
| 43 | Acme Soil Remediation, Inc. 108 N. Behrend Ave., Suite A Farmington, NM 87401 | Name: Theresa Simpson, Principal Phone: (505) 632-2195 | Trade Debt | | | | $38,646 |
| 44 | EKS&H LLP 1445 Market Street, Suite 300 Denver, CO 80202 | Name: Joe Adams, Lead Partner Phone: (303) 740-9400 Fax: (303) 740-9009 Email: Jadams@Eksh.com | Trade Debt | | | | $38,513 |
| 45 | Halifax County Public Utilities 26 N King Street Halifax, NC 27839 | Name: Greg Griffin, Public Utilities Director Phone: (252) 583-1014 Fax: (252) 593-5014 Email: Griffing@Halifaxnc.com | Trade Debt | | | | $38,073 |
| 46 | Imaginit (Rand Worldwide) 11201 Dolfield Blvd., Suite 112 Owings Mills, MD 21117 | Name: Larry Rychlak – President And Chief Executive Officer Phone: (508) 663-1411 Email: Lrychlack@Rand.com | Trade Debt | | | | $37,645 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 47 | Adobe Systems Inc. 345 Park Avenue San Jose, CA 95110-2704 | Name: Mark Garret Fax: (408) 536-6000 Email: Mgarret@Adobe.com | Trade Debt | | | | $37,518 |
| 48 | Michael Ramsey, Deceased, By and Through His Personal Representative, Donna Ramsey, on Behalf of the Estate and Heirs of Michael Ramsey c/o Edwards, Frickle, & Culver 1648 Poly Drive, Suite 206 Billings, MT 59102 | Name: A. Clifford Edwards Phone: (406) 215-4735 | Litigation | Contingent Unliquidated Disputed | | | Undetermined |
| 49 | Ohio Environmental Protection Agency 30 E. Broad Street, 25th Floor Columbus, OH 43215 | Name: Craig W. Butler, Director Phone: (614) 644-2782 Fax: (614) 644-3184 Email: Craig.Butler@epa.ohio.gov | Litigation | Contingent Unliquidated Disputed | | | Undetermined |
| 50 | Pension Benefit Guaranty Corporation 1200 K Street, NW Washington, DC 20005 | Name: W. Thomas Reeder, Director Phone: (202) 326-4020 Fax: (202) 326-4112 Email: Reeder.Thomas@pbgc.gov | Pension Liability | Unliquidated | | | Undetermined |

# WESTMORELAND COAL COMPANY

## OFFICER'S CERTIFICATE

### October 9th, 2018

The undersigned, solely in his capacity as an officer of Westmoreland Coal Company, a Delaware corporation (the "Company"), and not in his individual or any other capacity, and without personal liability, hereby certifies in the name and on behalf of the Company that attached hereto as Annex A is a true, correct and complete copy of the resolutions adopted by the board of directors of the Company, authorizing the Company to file voluntary petitions for relief commencing cases under chapter 11 of title 11 of the United States Code, sections 101, *et seq*.

[*Signature Page Follows*]

**IN WITNESS WHEREOF,** the undersigned has executed this consent as of the date first written above.

By: _____
Name:  Michael G. Hutchinson
Title:   Interim Chief Executive
          Officer and Interim President

## **Annex A**

Resolutions

[Attached]

**Omnibus Resolutions of the Boards of Directors, Boards of Managers, Sole Managers, Members, Sole Member and Managers, Shareholders, Limited Partners, and General Partners**

**<u>Dated as of October 9th, 2018</u>**

A meeting of the members of the board of directors (the "<u>Board</u>") of Westmoreland Coal Company (the "<u>Company</u>") was held on October 9th, 2018, via telephone conference, at which the following resolutions were adopted pursuant to the bylaws (as amended or amended and restated to date) of the Company and the laws of the state of Delaware:

**Chapter 11 Filing**

WHEREAS, the Board has considered presentations by the Company's management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business; and

WHEREAS, the Board has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company (including a consideration of its creditors and other parties in interest) that the Company shall be, and hereby is, authorized to file, or cause to be filed, voluntary petitions for relief (the "<u>Chapter 11 Cases</u>") under the provisions of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in a court of proper jurisdiction (the "<u>Bankruptcy Court</u>") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

RESOLVED, that the Chief Executive Officer, the President, the General Counsel, the Chief Operating Officer, the Chief Financial Officer, the Chief Restructuring Officer, any Senior Vice President, any Vice President, any Assistant Vice President, and any other duly appointed officer of the Company (each, an "<u>Authorized Signatory</u>" and collectively, the "<u>Authorized Signatories</u>"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

**Restructuring Support Agreement**

WHEREAS, in connection with the Chapter 11 Cases, the Company has engaged in good-faith negotiations with holders of (a) approximately 76.1% of the Term Loan (as defined herein), (b) approximately 57.9% of the Senior Secured Notes (as defined herein), and (c) approximately 79.1% of the Bridge Loan (as defined herein) (collectively, the "<u>Ad Hoc

Group"), regarding the terms of a comprehensive restructuring as set forth in that certain Restructuring Support Agreement by and among the Company and the Ad Hoc Group, dated as of October 9th, 2018 (as may be amended in accordance with its terms, the "Restructuring Support Agreement").

NOW, THEREFORE, BE IT,

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Restructuring Support Agreement and to consummate the transactions contemplated thereby in connection with the Chapter 11 Cases and that the Company's performance of its obligations under the Restructuring Support Agreement hereby is, in all respects, authorized and approved.

**Retention of Professionals**

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm Centerview Partners LLC ("Centerview") as financial advisor to, among other things, assist the Company in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation by the Board, creditors, or other third parties, as requested by the Company, evaluating the Company's capital structures, responding to issues related to the Company's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of the Company's assets; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Centerview.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm Alvarez & Marsal North America, LLC ("A&M"), as restructuring advisor to the Company to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to employ or retain the services of A&M.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Donlin, Recano & Company, Inc. ("DRC"), as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company' rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of DRC.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Company's Chapter 11 Cases, with a view to the successful prosecution of the cases.

**Cash Collateral & Debtor-in-Possession Financing**

WHEREAS, the Company will obtain benefits from the Company's use of collateral, including cash collateral, as that term is defined in section 363 of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured creditors (collectively, the "Secured Creditors") party to:

> (a)  that certain Credit Agreement, dated as of December 16, 2014, as amended, amended and restated, supplemented, or otherwise modified, refinanced, or replaced from time to time, among the Company, as borrower, Wilmington Savings Fund Society, FSB, as the administrative agent, the lenders from time to time party thereto, and the guarantor parties thereto, as amended (the "Term Loan");

> (b)  that certain indenture, dated as of December 16, 2014, as amended, amended and restated, supplemented, or otherwise modified, refinanced, or replaced from time to time, among the Company, as issuer, and U.S. Bank National Association, as trustee and collateral agent, the lenders from time to time party thereto, and the guarantor parties thereto (the "Senior Secured Notes"); and

> (c)  that certain Fourth Amendment to the Credit Agreement dated as of May 21, 2018, by and among the Company, certain lenders party thereto

and Wilmington Savings Fund Society, FSB as administrative agent (the "<u>Bridge Loan</u>").

WHEREAS, reference is made to that certain Debtor-In-Possession Credit Agreement (together with all exhibits, schedules, and annexes thereto, the "<u>DIP Credit Agreement</u>") dated as of, or about, the date hereof, by and among Westmoreland Coal Company and Westmoreland San Juan Holdings, LLC, as the "<u>Debtor Borrowers</u>" and each a debtor and debtor in possession under Chapter 11 of the Bankruptcy Code, Prairie Mines & Royalty ULC, as the "<u>Non-Debtor Borrower</u>" and, together with the Debtor Borrowers, the "<u>Borrowers</u>", each of the Company parties thereto (together with the Debtor Borrowers, the "<u>Debtors</u>"), Westmoreland Canadian Investment, LP, and Westmoreland Canada Holdings, Inc., as guarantors, the lenders party thereto from time to time (collectively, the "<u>DIP Lenders</u>"), and Wilmington Savings Fund Society, FSB, as Administrative Agent (the "<u>DIP Agent</u>");

WHEREAS, the Borrowers have requested that the DIP Lenders provide a senior secured debtor-in-possession $110,000,000 term loan facility to the Debtors (the "<u>DIP Facility</u>"); and

WHEREAS, the obligation of the DIP Lenders to make the extensions of credit to the Borrowers is subject to, among other things, the Company and the Non-Debtor Borrower entering into the DIP Credit Agreement and satisfying certain conditions in the DIP Credit Agreement; and

WHEREAS, the Company and the Non-Debtor Borrower will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interest of the Company and the Non-Debtor Borrower to enter into the DIP Credit Agreement and each other DIP Loan Document (as defined in the DIP Credit Agreement) and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets.

NOW, THEREFORE, BE IT RESOLVED, that the form, terms, and provisions of the DIP Credit Agreement, and the transactions contemplated by the DIP Credit Agreement (including, without limitation, the borrowings thereunder), the transactions contemplated therein, and the guaranties, liabilities, obligations, security interests granted, and notes issued, if any, in connection therewith, be and hereby are authorized, adopted, and approved; and

RESOLVED, that the Company and the Non-Debtor Borrower will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interest of the Company and the Non-Debtor Borrower to enter into the DIP Credit Agreement and each other DIP Loan Document and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets; and

RESOLVED, that the Company's and the Non-Debtor Borrower's execution and delivery of, and its performance of its obligations (including guarantees) in connection with the DIP Credit Agreement, are hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, is hereby authorized, empowered, and directed to negotiate the terms of and to execute, deliver, and perform under the DIP Credit Agreement and any and all other documents, certificates, instruments, agreements, intercreditor agreements, any amendment, or any other modification required to consummate the transactions contemplated by the DIP Credit Agreement in the name

and on behalf of the Company and the Non-Debtor Borrower, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Signatories may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Signatories is hereby authorized to be by facsimile, engraved or printed as deemed necessary and preferable; and

RESOLVED, that the each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Company and the Non-Debtor Borrower to seek authorization to enter into the DIP Credit Agreement and to seek approval of the use of cash collateral pursuant to a postpetition financing order in interim and final form, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company and the Non-Debtor Borrower, necessary to implement the postpetition financing, including providing for adequate protection to the Secured Creditors in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and the use of cash collateral in connection with the Company's Chapter 11 Cases, which agreements may require the Company to grant adequate protection and liens to the Company's Secured Creditors and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

RESOLVED, that (i) the form, terms, and provisions of the DIP Credit Agreement and all other DIP Loan Documents to which the Company and the Non-Debtor Borrower is a party, (ii) the grant of security interests in, pledges of, and liens on all or substantially all of the assets now or hereafter owned by the Company and the Non-Debtor Borrower as collateral (including pledges of equity and personal property as collateral) under the DIP Loan Documents, (iii) the guaranty of obligations by the Company and the Non-Debtor Borrower under the DIP Loan Documents, from which the Company and the Non-Debtor Borrower will derive value, be and hereby are, authorized, adopted, and approved, and (iv) any Authorized Signatory or other officer of the Company is hereby authorized, empowered, and directed, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Credit Agreement, substantially in the form provided to the Board, the DIP Loan Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Company is or will be a party or any order entered into in connection with the Chapter 11 Cases (collectively with the DIP Credit Agreement, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Signatory executing the same shall approve;

RESOLVED, that the Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens

on its assets to secure such obligations and the refinancing of the obligations outstanding pursuant to the Bridge Loan; and

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file:  (i) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (ii) all petitions, schedules, lists, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (iii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent and other parties in interest; and (iv) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the Financing Documents; and

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Company to file or to authorize the DIP Agent to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property or real estate filings and recordings, and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or convenient to perfect any lien or security interest granted under the Financing Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the Financing Documents; and

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions; and

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to

give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her or their execution thereof.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such director's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby, in all respects, approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board.

RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

\* \* \* \* \*