UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| WESTMORELAND COAL COMPANY, *et al.*,[1] | ) Case No. 18-35672 (MI) |
| Debtors. | ) (Joint Administration Requested) |
| | ) Re: Docket No. 2 |

ORDER GRANTING COMPLEX
CHAPTER 11 BANKRUPTCY CASE TREATMENT

These bankruptcy cases were filed on October 9, 2018. A Notice of Designation as Complex Chapter 11 Bankruptcy Case was filed. Based on its review of the initial pleadings, the Court concludes that the complex chapter 11 case designation is appropriate. Accordingly, the Court orders:

1.   The Debtors must maintain a consolidated master service list (the "Master Service List") identifying the parties that must be served whenever a motion or other pleading requires notice. Unless otherwise required by the Bankruptcy Code or Rules, notices of motions and other matters will be limited to the parties on the Master Service List. The Master Service List must initially include the following parties and/or their counsel, if requested: (a) the Debtors and the Debtors' professionals; (b) the Debtors' proposed claims, noticing and solicitation agent, Donlin, Recano & Company, Inc.; (c) the Office of the United States Trustee for the Southern District of Texas; (d) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis), or any official committee of unsecured creditors appointed in these chapter 11 cases, if any, from and after its appointment; (e) the indenture trustee under the Debtors' 8.75% senior secured notes due 2022; (f) the ad hoc group of lenders under the Debtors' prepetition term loan facility due 2020 and the Debtors' 8.75% senior secured notes due 2022; (g) the administrative agent under the Debtors' prepetition term loan facility due 2020; (h) the administrative agent under Westmoreland Resource Partners, LP's term loan facility due 2018; (i) the ad hoc committee of certain lenders under Westmoreland Resource Partners, LP's term

---

[1]   Due to the large number of debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent in these chapter 11 cases at www.donlinrecano.com/westmoreland. Westmoreland Coal Company's service address for the purposes of these chapter 11 cases is 9540 South Maroon Circle, Suite 300, Englewood, Colorado 80112.

loan facility due 2018; (j) the administrative agent under the Debtors' proposed debtor-in-possession financing facility; (k) any statutory committee appointed in these cases; (l) the United States Attorney's Office for the Southern District of Texas; (m) the Internal Revenue Service; (n) the United States Securities and Exchange Commission; (o) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (p) the offices of the attorneys general for the states in which the Debtors conduct business; (q) any other applicable government agencies to the extent required by the Bankruptcy Rules and the Bankruptcy Local Rules; (r) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (s) all parties on whom the Court orders notice.  For the avoidance of doubt, any party in interest that files a Notice of Appearance will be added to the Master Service List.

   a. Parties on the Master Service List who appear in this case through counsel or submit a request for service by CM/ECF will be served with pleadings and orders through the CM/ECF notification system only.  No mail notice will be required.

   b. All other parties on the Master Service List must be served, at the server's option, by electronic mail, fax, or regular mail.

   c. The proceedings with respect to which notice would be limited to the Master Service List shall include all matters covered by Bankruptcy Rule 2002, with the exception of the following:  (i) the notice of the first meeting of creditors pursuant to section 341 of the Bankruptcy Code; (ii) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (iii) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and confirmation of a chapter 11 plan; and (iv) notice and transmittal of ballots for accepting or rejection a chapter 11 plan.  Notice of the foregoing matters would be given to all parties in interest listed on the Debtors' creditor matrix (the "Creditor Matrix") by either first-class U.S. mail, electronic mail, or facsimile.

   d. The initial Master Service List must be filed within three days after entry of this Order.  A revised list must be filed within seven days after the initial Master Service List is filed.  The Debtors must update the list thereafter, and shall file a copy of the updated list:  (i) at least every seven days during the first thirty days of the case; (ii) at least every fifteen days during the next sixty days of the case; and (iii) at least every thirty days thereafter throughout the case.

2. The Court will publish on its website available complex hearing dates for this case at www.txs.uscourts.gov.  Hearing dates will ordinarily be available weekly, unless otherwise directed by the Court.

   a. All motions and other matters requiring hearing, but not requiring expedited or emergency hearing, shall be noticed for hearing on the next hearing day that is at least twenty-one (21) days after the notice is mailed. As a preface to each pleading, just below the case caption, in lieu of the language required by any Local Bankruptcy Rule, the pleading shall state:

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON OCTOBER 9, 2018 AT 2:30 P.M. IN COURTROOM 400, 4th FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TEXAS.  IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

    b.    All motions and other matters requiring expedited or emergency hearing must be calendared for hearing on a complex hearing date selected by the party seeking emergency or expedited relief from the available dates posted on the Court's website.  The party seeking emergency relief must comply with the usual Court requirements for explanation of the need for emergency or expedited hearing.  The party requesting the hearing is responsible for providing proper notice in accordance with this Order and the Bankruptcy Code and Rules.  At the scheduled hearing, the Court will determine whether to allow emergency or expedited consideration.

    3.    The Court's procedures for telephonic participation in hearings are published on the Court's website.  Those procedures apply in this case.  No motion is required to authorize telephonic participation.  Dial-in information and participation information is on the website.

    4.    If a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing.  If the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement, (*i.e.*, that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated) the Court may approve the settlement at the hearing without further notice of the terms of the settlement.

    5.    The Debtors must give notice of this order to all parties in interest within seven days.  If a party in interest objects to the provisions of this order, that party may file a motion articulating the objection and the relief requested.  After hearing the objection and any responses the Court may reconsider any part of this order and may grant relief, if appropriate.

Dated: _____, 2018  
Houston, Texas                                                   UNITED STATES BANKRUPTCY JUDGE