ENTERED
10/09/2018

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WESTMORELAND COAL COMPANY, *et al.*,[1] | ) | Case No. 18-35672 (MI) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Re: Docket No. 10** |

**INTERIM ORDER AUTHORIZING THE DEBTORS TO (I) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (II) CONTINUE EMPLOYEE BENEFITS PROGRAMS**
(Docket No. 10)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Interim Order"), authorizing the Debtors to (a) pay prepetition wages, salaries, other compensation, and reimbursable expenses, and (b) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having

[1] Due to the large number of debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent in these chapter 11 cases at www.donlinrecano.com/westmoreland. Westmoreland Coal Company's service address for the purposes of these chapter 11 cases is 9540 South Maroon Circle, Suite 300, Englewood, Colorado 80112.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion. The terms "WLB Debtors" and "WMLP Debtors" shall have the meanings ascribed to them in the First Day Declaration.

found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on October 30, 2018, at 1:00 p.m., prevailing Central Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on October 23, 2018, and shall be served on: (a) the Debtors, Westmoreland Coal Company, 9540 South Maroon Circle, Suite 300, Englewood, Colorado 80112, Attn.: Jennifer Grafton; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn.: Gregory F. Pesce and Timothy R. Bow; (c) proposed co-counsel for the Debtors, Jackson Walker L.L.P., 1401 McKinney Street, Suite 1900, Houston, Texas 77010, Attn.: Patricia B. Tomasco, Matthew D. Cavenaugh, and Jennifer F. Wertz; (d) counsel to the indenture trustee under the WLB Debtors' 8.75% senior secured notes due 2022; (e) counsel to the ad hoc group of lenders under the WLB Debtors' prepetition term loan due 2020 and the WLB Debtors' 8.75% senior secured notes due 2022, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn.: Thomas Moers Mayer and Stephen Zide; (f) co-counsel to the ad hoc group

of lenders under the WLB Debtors' prepetition term loan due 2020 and the WLB Debtors' 8.75% senior secured notes due 2022, Porter Hedges LLP, 1000 Main Street, Houston, Texas 77002, Attn.: John F. Higgins; (g) counsel to the administrative agent under the WLB Debtors' prepetition term loan facility due 2020; (h) counsel to the administrative agent under the WLB Debtors' bridge loan facility; (i) counsel to the administrative agent under the WMLP Debtors' term loan facility due 2018; (j) counsel to the ad hoc committee of certain lenders under the WMLP Debtors' term loan facility due 2018, Schulte Roth & Zabel, 919 Third Avenue, New York, NY 10022, Attn.: David M. Hillman and Kristine Manoukian; (k) counsel to the lenders under the WLB Debtors' proposed debtor-in-possession financing, (l) counsel to the administrative agent under the WLB Debtors' proposed debtor-in-possession financing facility, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn.: Thomas Moers Mayer and Stephen Zide; (m) co-counsel to the administrative agent under the WLB Debtors' proposed debtor-in-possession financing facility, Porter Hedges LLP, 1000 Main Street, Houston, Texas 77002, Attn.: John F. Higgins; (n) counsel to the Conflicts Committee of the Board of Directors for Westmoreland Resource Partners GP, LLC, Jones Day, 77 W. Wacker Dr., Chicago, Illinois 60601, Attn.: Timothy Hoffman, Jones Day, 901 Lakeside Ave E, Cleveland, OH 44114 Attn.: Heather Lennox; (o) counsel to any statutory committee appointed in these cases; and (p) Office of the United States Trustee, 515 Rusk Street Houston, Texas 77002. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors are authorized, in their sole discretion, to provide, and to pay any claims or obligations on account of, the Employee Compensation and Benefits in the ordinary course and in accordance with the Debtors' prepetition policies and prepetition practices,

irrespective of whether such obligations arose prepetition or postpetition; *provided* that pending entry of the Final Order, the Debtors shall not make any payment to any individual with respect to any prepetition claim on account of the Employee Compensation and Benefits in excess of $12,850; *provided*, *further* that payments on account of the Reimbursable Expense, the Spot Awards, the Wellness Program, the Non-Insider Severance Awards, Director Compensation, Conflicts Committee Compensation, or the Supplemental Benefits shall not be made by this Interim Order and shall be made solely pursuant to the Final Order. The Debtors shall maintain a matrix of anticipated amounts paid on account of Employee Compensation and Benefits, which shall include (a) the amount paid to date; (b) the Debtor or Debtors that made the payment; (c) the average amount paid to an Employee of each individual Debtor; and (d) the maximum amount paid to an Employee of each individual Debtor; *provided* that such matrix shall not include personally identifiable information of Employees. To the extent reasonably practicable, the Debtors shall provide a copy of such matrix to the advisors to the Required Consenting Stakeholders (as defined in the Restructuring Support Agreement, attached to the First Day Declaration), the advisors to the Required Lenders (as defined in the DIP Order), and counsel to the ad hoc committee of certain lenders under the WMLP Debtors' prepetition term loan facility due 2018 (only to the extent that the relief herein affects the WMLP Debtors) every other week beginning two weeks after the Petition Date.

4. The Debtors are authorized to continue and/or modify, change, and discontinue the Employee Compensation and Benefits and to implement new programs, policies, and benefits, in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law, in consultation with the advisors to the Required Consenting Stakeholders (as defined in the Restructuring Support Agreement, attached to the First

Day Declaration), the advisors to the Required Lenders (as defined in the DIP Order), and counsel to the lenders under the WMLP Debtors' term loan facility (solely with respect to benefits for Employee Compensation and Benefits related to the MLP Debtors). The Debtors will use best efforts to provide notice to the U.S. Trustee and any statutory committee of any material changes to the Employee Compensation and Benefits or new programs, policies, and benefits. For the avoidance of doubt, except as otherwise expressly set forth herein, nothing in this Interim Order should be construed as authorizing any payments on account of the Employee Compensation and Benefits that are outside the ordinary course of business without prior Court approval.

5. Nothing herein shall be deemed to authorize the payment of any amounts which violates or implicates section 503(c) of the Bankruptcy Code, *provided* that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

6. Pursuant to section 362(d) of the Bankruptcy Code: (a) Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the Workers' Compensation Program, and the Debtors are authorized to pay all prepetition amounts relating thereto in the ordinary course of business; and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program and any such claims must be pursued in accordance with the applicable Workers' Compensation Program. Payment on account of any recoveries obtained in connection with a claim brought pursuant to this paragraph is limited to the terms and conditions of the applicable Workers' Compensation Program, including with regard to any policy limits or caps.

7. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay prepetition claims; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

9. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits programs.

10. Solely with respect to the WMLP Debtors, notwithstanding anything to the contrary set forth herein: (a) any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the WMLP Debtors under any orders authorizing the WMLP Debtors' use of cash collateral (in each case, the "Cash Collateral Order"), including any budget

in connection therewith (the "WMLP Budget"); and (b) to the extent there is any inconsistency between the Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of the Cash Collateral Order and the WMLP Budget shall control.

11. Solely with respect to the WLB Debtors, notwithstanding anything to the contrary set forth herein: (a) any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the WLB Debtors under the WLB Debtors' postpetition financing agreement (including with respect to any budgets governing or relating therewith, the "DIP Documents") and any orders (in each case, the "DIP Order") approving the DIP Documents and governing the WLB Debtors' use of cash collateral; and (b) to the extent there is any inconsistency between the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order and DIP Documents shall control.

12. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Signed: October 09, 2018.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**