United States Bankruptcy Court Southern - Texas
ENTERED
11/15/2018

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| WESTMORELAND COAL COMPANY, *et al.*,[1] | ) | Case No. 18-35672 (DRJ) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 10, 44, 76** |

**FINAL ORDER AUTHORIZING THE DEBTORS TO (I) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (II) CONTINUE EMPLOYEE BENEFITS PROGRAMS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Final Order"), authorizing the Debtors to pay prepetition wages, salaries, other compensation, and reimbursable expenses and continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

[1] Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent in these chapter 11 cases at www.donlinrecano.com/westmoreland. Westmoreland Coal Company's service address for the purposes of these chapter 11 cases is 9540 South Maroon Circle, Suite 300, Englewood, Colorado 80112.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion. The terms "WLB Debtors" and "WMLP Debtors" shall have the meanings ascribed to them in the First Day Declaration.

relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, in their sole discretion, to provide, and to pay any claims or obligations on account of, the Employee Compensation and Benefits in the ordinary course and in accordance with the Debtors' prepetition policies and prepetition practices, irrespective of whether such obligations arose prepetition or postpetition.

3. The Debtors shall maintain a matrix of anticipated amounts paid on account of Employee Compensation and Benefits, which shall include (a) the amount paid to date; (b) the Debtor or Debtors that made the payment; (c) the average amount paid to an Employee of each individual Debtor; and (d) the maximum amount paid to an Employee of each individual Debtor; *provided* that such matrix shall not include personally identifiable information of Employees. To the extent reasonably practicable, the Debtors shall provide a copy of such matrix to the advisors to the Required Consenting Stakeholders (as defined in the Restructuring Support Agreement, attached to the First Day Declaration), the advisors to the DIP Lenders (as defined in the DIP Order), counsel to the MLP Secured Lenders (as defined in the Cash Collateral Order)

(only to the extent that the relief herein affects the WMLP Debtors), and counsel to the Official Committee of Unsecured Creditors (the "Committee") every other week beginning two weeks after the Petition Date.

4. The Debtors are authorized to continue and/or modify, change, and discontinue the Employee Compensation and Benefits, and to implement new programs, policies, and benefits, in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law, in consultation with the advisors to the Required Consenting Stakeholders, the advisors to the Required Lenders, and the MLP Required Lenders (as defined in the Cash Collateral Order) (solely with respect to benefits for Employee Compensation and Benefits related to the WMLP Debtors). The Debtors will provide notice to the advisors to the Required Consenting Stakeholders, the advisors to the Required Lenders, counsel to the MLP Secured Lenders, the U.S. Trustee, the Committee of any material changes to the Employee Compensation and Benefits or new programs, policies, and benefits. For the avoidance of doubt, except as otherwise expressly set forth herein, nothing in this Final Order should be construed as authorizing any payments on account of the Employee Compensation and Benefits that are outside the ordinary course of business without prior Court approval.

5. The Debtors are authorized in their discretion to continue the Non-Insider Severance Awards and the Non-Insider Spot Awards and to pay and honor any amounts related to the Non-Insider Severance Awards and the Non-Insider Spot Awards in the ordinary course of business and consistent with past practices; *provided* that Non-Insider Severance Awards shall only be made to employees who are not "insiders" as such term is defined by section 101(31) of the Bankruptcy Code; *provided, further,* that nothing herein shall be construed as a finding or determination that a recipient of any payment under this Order is not an "insider" of the Debtors.

The Debtors will obtain the consent of the Required Lenders and the MLP Required Lenders (solely with respect to employees of the WMLP Debtors) prior to making any payment on account of a Non-Insider Severance Award to a Specified Employee; *provided* that if counsel to the Required Lenders or the MLP Required Lenders (as applicable) does not respond to such request within forty eight (48) hours of receipt, the Required Lenders or the MLP Required Lenders (as applicable) shall be deemed to consent to such payment. The Debtors shall provide the advisors to the Required Consenting Stakeholders, the advisors to the Required Lenders, counsel to the MLP Secured Lenders, and counsel to the Committee with a report of all payments made on account of Non-Insider Severance Awards or Non-Insider Spot Awards no less than once monthly.

6. Nothing herein shall be deemed to authorize the payment of any amounts which violates or implicates section 503(c) of the Bankruptcy Code; *provided* that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

7. Pursuant to section 362(d) of the Bankruptcy Code: (a) Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the Workers' Compensation Program, and the Debtors are authorized to pay all prepetition amounts relating thereto in the ordinary course of business; and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived; *provided* that the Debtors shall provide the advisors to the Required Consenting Stakeholders, the advisors to the Required Lenders, counsel to the MLP Secured Lenders (solely to the extent such Employees perform services for the WMLP Debtors), and counsel to the Committee with notice of any payments made on account of prepetition workers' compensation claims in excess of $100,000. This modification of the automatic stay pertains solely to claims under the Workers' Compensation

Program and any such claims must be pursued in accordance with the applicable Workers' Compensation Program. Payment on account of any recoveries obtained in connection with a claim brought pursuant to this paragraph is limited to the terms and conditions of the applicable Workers' Compensation Program, including with regard to any policy limits or caps.

8. Solely with respect to the WMLP Debtors, notwithstanding anything set forth herein: (a) any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed under the *Interim Order (I) Authorizing the MLP Debtors to Use Cash Collateral Pursuant to 11 U.S.C. §363, (II) Granting Certain Protections to Prepetition Lenders Pursuant to 11 U.S.C. §§105, 361, 362, 363, and 507, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing* [Docket No. 95] and any related final order (each as amended, modified or supplemented in accordance with the terms thereof, the "Cash Collateral Order"), including the Budget (as defined in the Cash Collateral Order, the "WMLP Budget"); and (b) to the extent there is any inconsistency between the Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of the Cash Collateral Order and the WMLP Budget shall control.

9. Solely with respect to the WLB Debtors, notwithstanding anything to the contrary set forth herein: (a) any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the WLB Debtors under the WLB Debtors' postpetition financing agreement (including with respect to any budgets governing or relating therewith, the "DIP Documents") and any orders (in each case, the "DIP Order") approving the DIP Documents and governing the WLB Debtors' use of cash collateral; and (b) to the extent there is any inconsistency between the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order and DIP Documents shall control.

10. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's (including the Committee) rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay prepetition claims; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's (including the Committee) rights under the Bankruptcy Code or any other applicable law.

11. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

12. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits programs.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final

Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Signed: November 15, 2018.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**