# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| WESTMORELAND COAL COMPANY, *et al.*,[1] | ) Case No. 18-35672 (DRJ) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) |

**FIRST SUPPLEMENTAL DECLARATION OF
MARK W. HOJNACKI IN SUPPORT OF DEBTORS' APPLICATION
FOR ENTRY OF AN ORDER (I) AUTHORIZING THE RETENTION AND
EMPLOYMENT OF MCKINSEY RECOVERY & TRANSFORMATION SERVICES
U.S., LLC AS PERFORMANCE IMPROVEMENT ADVISOR FOR THE
DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE *NUNC PRO TUNC*
TO THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

I, Mark W. Hojnacki, under penalty of perjury, declare as follows:

1.      I am a Practice Leader in the professional services firm of McKinsey Recovery & Transformation Services U.S., LLC ("McKinsey RTS US")[2] with an office at 55 East 52nd Street, New York, NY 10055.  I am also a partner at McKinsey & Company, Inc. ("McKinsey"). I am duly authorized to make and submit this supplemental declaration (the "First Supplemental Declaration") as a supplement to my declaration (the "Initial Declaration") on behalf of

---

[1]     Due to the large number of debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein.  A complete list of such information may be obtained on the website of the proposed claims and noticing agent in these chapter 11 cases at www.donlinrecano.com/westmoreland.  Westmoreland Coal Company's service address for the purposes of these chapter 11 cases is 9540 South Maroon Circle, Suite 300, Englewood, Colorado 80112.

[2]     All capitalized terms used but not defined herein shall have the meanings set forth in the Application, the Engagement Letter, or the Initial Declaration, as appropriate and referenced herein.

McKinsey RTS US in support of the Debtors' application (the "Application")[3] [Docket No. 452] for entry of an order authorizing the employment and retention of McKinsey RTS US as performance improvement advisor for the Debtors, effective *nunc pro tunc* to the Petition Date under the terms and conditions set forth in the Engagement Letter attached as **Exhibit 1** to **Exhibit A** of the Application.  I submit this First Supplemental Declaration in accordance with section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016, and 5002 and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules.

2.      I am making this First Supplemental Declaration to provide certain additional information as set forth below.

3.      Except as otherwise noted, the statements set forth herein are based on my employment position and diligence undertaken by McKinsey's legal department or myself  or professionals reporting to me, and if called and sworn as a witness, I would testify competently thereto.

4.      The "Service Team," as used in the Initial Declaration and this First Supplemental Declaration, includes (a) the directors, officers and employees of McKinsey RTS US and (b) certain consultants borrowed from affiliates of McKinsey RTS US for the purpose of serving the Debtors in these chapter 11 cases.  Such affiliates are (a) McKinsey & Company, Inc. United States, (b) McKinsey & Company Canada/McKinsey & Compagnie Canada, and (c) McKinsey Knowledge Centre India Private Limited.  To date, McKinsey RTS US has run conflict checks for all members of the Service Team, including those borrowed from affiliates of McKinsey RTS US, by (i) providing email survey questions described in paragraphs 34(a), 34(b) and 34(d) of the Initial Declaration, (ii) by checking their billing records, and (iii) complying with other conflict

---

[3]     For the avoidance of doubt, "Debtors" as used herein excludes Westmoreland Resource Partners GP, LLC and Westmoreland Resource Partners LP and its subsidiaries.

checks further described herein.  Partners at McKinsey RTS US and its global affiliates that provide consulting services, including the affiliates from which Service Team members are borrowed, were also sent a survey by email as described in paragraph 34(b) and 34(c) of the Initial Declaration to determine the existence of client services provided since October 1, 2016 to any client that focused on a direct commercial relationship with the Debtors.

5.     No members of the Service Team are on the Board of Directors of MIO Partners or work with such Board Members in their capacity as Board Members.  Based on a survey sent to all members of the Service Team, McKinsey RTS US has uncovered no relationships between members of the Service Team and members of the Board of Directors of MIO Partners that McKinsey RTS US believes would disqualify it from serving the Debtors in this chapter 11 case.

6.     For this First Supplemental Declaration, McKinsey RTS US searched the entities listed on Schedule 1 attached hereto (the "First Supplemental List of Potential Parties in Interest")[4] to identify any connections to entities thereon.  The First Supplemental List of Potential Parties in Interest is comprised of those entities that were on the list of potential parties in interest generated by K&E for its declaration that McKinsey RTS US had not searched in connection with its Initial Declaration, with the exception of the additional entities in the category 5% or More Shareholders.[5]

---

[4]     K&E, as counsel to the Debtors, has advised McKinsey RTS US that it will be filing another supplemental declaration with a list of additional potential parties in interest.  Upon receipt of such list, McKinsey RTS US will run additional conflict checks and file a second supplemental declaration as necessary.

[5]     K&E advised McKinsey RTS US that, subsequent to filing its declaration, it learned from its advisor who maintained the master list of Potential Parties in Interest that none of the entities listed as 5% or more Shareholders on K&E's schedule were beneficial owners of the Debtors stock, that the entities listed in that category were nominees or institutions of former 5% or More Shareholders, and that, as of the Petition Date, there were no 5% or More Shareholders of the Debtors.  Based on the foregoing, McKinsey RTS US is not making any disclosure about the additional K&E entities in the category 5% or More Shareholders.

In Paragraph 50 of the Initial Declaration, I previously stated that, "[m]embers of the Service Team, since October 1, 2016 have served, either through McKinsey RTS US or an affiliate thereof, the following 5% or More Shareholders: American International Group, American International Group Inc.; Bank of America Corp.;

7.     To determine the existence of any client services provided to entities on the First Supplemental List of Potential Parties in Interest since October 1, 2016, McKinsey RTS US: (i) searched the global client database, which covers clients of McKinsey RTS US and all affiliates that provide consulting services, (ii) reviewed billing records for members of the Service Team, and (iii) compiled and reviewed the list of all clients identified in McKinsey's financial records as clients of McKinsey RTS US.

8.     In addition, McKinsey RTS US surveyed by email: (i) colleagues who were members of the Service Team as of the Petition Date or were staffed to the Service Team after the Petition Date to determine the existence of any client services provided by such members of the Service Team to entities on the First Supplemental List of Potential Parties in Interest since October 1, 2016, including whether any such client services focused on a direct commercial relationship or transaction with the Debtors and to identify any former employers or relationships, that such members of the Service Team had or have with individuals or officers or directors at companies listed on the First Supplemental List of Potential Parties in Interest since October 1, 2016, 2018, and (ii) partners identified through its search of the global client database as bearing primary responsibility for services provided to the entities or affiliates of such entities on the First Supplemental List of Potential Parties in Interest since October 1, 2016 to determine whether that service focused on a direct commercial relationship or transaction with the Debtors.

---

BNP Paribas, BNP Paribas Arbitrage SA; JP Morgan Asset Management, Japan JPMorgan Chase & Co.; State Street Corp.; and one (1) Confidential Client."  For the avoidance of doubt, none of the matters with respect to such entities listed in the preceding quotation were related to the Debtors, the Debtors' chapter 11 cases, or such entities' claims against the Debtors.   Moreover, we now understand that none of these parties were actually 5% shareholders as of the Petition Date.

9.      In addition, five new colleagues were staffed to the Service Team since the Petition Date.[6]  In addition to the surveys described in paragraph 8 above, these five colleagues were required to complete the same survey described in paragraphs 34(a), 34(b) and 34(d) of the Initial Declaration, and partners identified by McKinsey RTS US through its search of the global database as bearing primary responsibility for services provided by any of those new Service Team Members to entities or affiliates of such entities on the List of Potential Parties in Interest attached to the Initial Declaration (the "Original List of Potential Parties in Interest") since October 1, 2016 that were not previously disclosed were required to complete the survey described in paragraph 34(c) of the Initial Declaration.

10.      Based upon the searches described in paragraph 8 and the responses to inquiries described in paragraph 9, McKinsey RTS US included disclosures in this First Supplemental Declaration to the extent that (i) any member of the Service Team, since October 1, 2016, has provided consulting services not previously disclosed to any entity on the Original List of Potential Parties in Interest or the First Supplemental List of Potential Parties in Interest (collectively, the "Cumulative List of Potential Parties in Interest"), or since October 1, 2016, was employed by or had relationships with individuals or officers or directors at companies listed on the Cumulative List of Potential Parties in Interest not previously disclosed, other than transient, incidental relationships, (ii) any new member of the Service Team had a personal relationship with or has been employed by the Debtors, the U.S. Trustee for Region 7, attorneys and employees at the Office of the U.S. Trustee for Region 7, or the bankruptcy judges in the

---

[6]   McKinsey RTS US conflict checks all colleagues being considered to join the Engagement Team by reviewing their billing records and requiring them to complete the survey described in paragraphs 34(a), 34(b) and 34(d) of the Initial Declaration and only colleagues who clear this conflict check are approved to be staffed to the Engagement Team. McKinsey RTS US periodically checks for any new directors, officers or employees of McKinsey RTS US and any such new members are conflict checked in the same manner described for Engagement Team members.  Disclosures related to new Service Team members are included in the next filed supplemental declaration.

\\NY - 002510/000015 - 9674980 v1

Southern District of Texas, other than in the case of a transient, incidental relationship, or held equity ownership in the Debtors. On this basis, we disclose the following, in addition to the disclosures made in the Initial Declaration.

11.    **Bank Lender Administrative Agents.**  A member of the Service Team, since October 1, 2016, has served, either through McKinsey RTS US or an affiliate thereof, the following Bank Lender Administrative Agents or entities that are affiliates of such Bank Lender Administrative Agents on matters unrelated to the Debtors, the Debtors' chapter 11 cases, or such Bank Lender Administrative Agents' claims against the Debtors: Allianz Global Investors of America LP, Allianz SE, Pacific Investment Management Co., Pacific Investment Management Co. LLC, Pacific Investment Management Co., Employees' Retire, PCM Fund Inc., PIMCO, PIMCO Bermuda Trust II; PIMCO Bermuda Income Fund (M), PIMCO Corporate & Income Strategy Fund, PIMCO Dynamic Credit and Mortgage Income Fund, PIMCO Flexible Credit Income Fund, PIMCO Funds: Global Investors Series PLC Income Fund, PIMCO Funds: PIMCO Income Fund, PIMCO Funds: PIMCO Investment Grade Corporate Bond Fund, PIMCO Funds: PIMCO Long-Term Credit Fund, PIMCO Global Income Opportunities Fund, PIMCO Global Stocksplus & Income Fund, PIMCO High Income Fund, PIMCO Income Strategy Fund, PIMCO Income Strategy Fund II, PIMCO Monthly Income Fund (Canada).

12.    **Contract Counterparties.**  Members of the Service Team, since October 1, 2016, have served, either through McKinsey RTS US or an affiliate thereof, the following Contract Counterparties or entities or individuals that are affiliates of such Contract Counterparties on matters unrelated to the Debtors, the Debtors' chapter 11 cases, or such Contract Counterparties' claims against the Debtors: TEPCO Fuel & Power Inc., Cybereason Inc., Barrick Gold Exploration Inc. ("Barrick") and ReliaStar Life Insurance Co. ("Voya").  Barrick and Voya were

initially disclosed in the Initial Declaration as "Confidential Clients."[7]  A member of the Service Team has a personal relationship with an attorney on the executive board of the following Contract Counterparty: Haynes & Boone LLP.

13.     **HR Benefits.**  A member of the Service Team, since October 1, 2016, has served, either through McKinsey RTS US or an affiliate thereof, the following HR Benefits entities or entities or individuals that are affiliates of such HR Benefits entities on matters unrelated to the Debtors, the Debtors' chapter 11 cases, or such HR Benefits' entities claims against the Debtors: Unum Group, Unum Insurance Co.

14.     **Significant Competitors.**  As initially disclosed in paragraph 64 of the Initial Declaration, a member of the Service Team was employed by Peabody Energy until April 2016 and has a personal relationship and past professional relationship with two members of the management team at Peabody Energy and meets those people at social gatherings a few times a year.

15.     **Top 50 Creditors.**  A member of the Service Team, since October 1, 2016, has served, either through McKinsey RTS US or an affiliate thereof, the following Top 50 Creditors or entities or individuals that are affiliates of such Top 50 Creditors on matters unrelated to the Debtors, the Debtors' chapter 11 cases, or such Top 50 Creditors' claims against the Debtors: H-E Parts International LLC.

16.     **Vendors.**   The spouse of a member of the Service Team is a Managing Director and an officer of the following Vendor:   PNC Bank, National Association. McKinsey RTS US has been represented, since October 1, 2016, by the following professionals (or affiliates thereof)

---

[7]    In addition to the category Contract Counterparties, McKinsey RTS US initially disclosed Voya in the Initial Declaration as a Confidential Client in the category HR Benefits, where the Voya affiliate in that category is Voya Financial, and 5% or more Shareholders, where the Voya affiliates in that category are Voya Investment Management LLC and Voya Investments LLC.

named on the First Supplemental List of Potential Parties in Interest or have worked alongside them in other matters unrelated to the Debtors and these chapter 11 cases: Osler Hoskin & Hoskin & Harcourt LLP.

17.     In paragraph 31 of the Initial Declaration, I stated that there were approximately 230 entities that K&E included on its list of potential parties in interest attached to its declaration that McKinsey RTS US had learned of only after K&E had filed its declaration, and that McKinsey RTS US had started the process of searching those additional 230 entities and would file a supplemental declaration prior to the hearing date to identify any connections to those additional entities.  In paragraph 33, footnote 8 of the Initial Declaration I stated that unlike K&E, McKinsey RTS US did not search approximately 150 Vendors with a spend of as low as $1,000 during the relevant time period.  With this First Supplemental Declaration, McKinsey RTS US has searched all entities that K&E included in its list of potential parties in interest attached to its initial declaration, including all entities that K&E listed under the category Vendors, and made appropriate disclosures with respect thereto.

18.     In paragraph 44 of the Initial Declaration, I stated that McKinsey owns a proprietary program management tool used by McKinsey clients, including clients of McKinsey RTS US and its consulting affiliates, that enables the client service team and the client to define initiatives and to track progress (the "Program Management Tool").  I also stated that client information underlying such Program Management Tool ("Program Management Confidential Information") is segregated by client and access to the Program Management Confidential Information as it relates to all clients using the tool is provided, on a "need to know" basis, to members of the team of McKinsey employees and agents who are dedicated to supporting the Program Management Tool (the "Program Management Tool Team") and are bound to maintain the confidentiality of client information.  No Service Team Member serves on the Program

Management Tool Team. Members of a client service team who are serving a client that is using the proprietary Program Management Tool have access to their client's confidential information through the tool, but will not have access to Program Management Confidential Information. One member of the Service Team has written a software program to customize the Program Management Tool for various McKinsey RTS US clients, including the Debtors (the "Customized Software Program"). The data underlying the Customized Software Program is segregated by client. This Service Team Member, since October 1, 2016, has written a Customized Software Program for the following entities or their affiliates on the Cumulative List of Potential Parties in Interest and such work is unrelated to the Debtors, the Debtors' chapter 11 cases, or such entities claims against the Debtors: Caterpillar Financial Services Corp.[8]

19.    In paragraph 45 of the Initial Declaration, I stated that McKinsey owns a proprietary knowledge benchmarking tool which incorporates confidential operational data and information of clients in the mining industry who elect to participate in the benchmarking model ("Benchmarking Confidential Information"). The benchmarking tool is maintained by a team of McKinsey professionals (the "Benchmarking Tool Team") who provide it to McKinsey RTS US and its affiliates to use in serving clients. No Service Team Member serves on the Benchmarking Tool Team and, as such, Service Team Members do not have access to Benchmarking Confidential Information.

20.    In paragraph 47 of the Initial Declaration, I stated that McKinsey RTS US was retained by Paul, Weiss, Rifkind, Wharton & Garrison LLP, in its capacity as counsel to those certain unaffiliated holders of the 12% Senior Secured Notes due 2021 issued by Tru Taj LLC and TRU Taj Finance, Inc., and guaranteed by Toys "R" Us, Inc. and certain other parties (each a

---

[8]    Caterpillar Financial Services Corp. and its affiliates were disclosed in paragraph 55 and paragraph 71 of the Initial Declaration.

"Member" and collectively, the "Ad Hoc Group") to provide services unrelated to the Debtors, the Debtors' chapter 11 cases, or the claims of any Members of the Ad Hoc Group against the Debtors.  McKinsey RTS US identified certain Members of the Ad Hoc Group who were on the Original List of Potential Parties in Interest, including Cerberus Business Finance, LLC.  A member of the Service Team (who joined the Service Team after the Initial Declaration was filed) was previously employed by Cerberus Operations and Advisor Co, an affiliate of Cerberus Business Finance.

21.     In paragraph 79 of the Initial Declaration, I stated that McKinsey RTS US has adopted procedures to identify any proposed support by any McKinsey RTS US affiliate that provides client services and focuses on a direct commercial relationship or transaction with the Debtors, so that McKinsey RTS US may either make disclosure of such potential engagement to the Court or "take other appropriate steps."  Such appropriate steps could include declining to provide such support to the proposed client.

22.     In paragraph 25, footnote 6 of the Initial Declaration I stated that there was a Retainer shortfall for certain prepetition work and that McKinsey RTS US has offered to repay that shortfall and to waive any claim to such shortfall under Section 502(h) of the Bankruptcy Code.  The process of wiring such funds back to the relevant Debtor is underway in the amount of $1,240,000.  We expect to have such transfer completed in the near term.

23.     In paragraph 26 of the Initial Declaration, I stated that the Debtors owe McKinsey RTS US $96,000 in fees and expenses incurred immediately preceding the Petition Date (the "Prepetition Balance").  I note that the Prepetition Balance **does not** exceed the Retainer provided by the Debtors that is currently held by McKinney RTS US.  I further understand that Henry G. Hobbs, Jr., the Acting United States Trustee for Region 7 (the "U.S. Trustee") stated in a written objection to the Application that:

\\NY - 002510/000015 - 9674980 v1

McKinsey RTS also violates section 327(a)'s disinterested person requirement for retention. It admits that it holds a $96,000 claim as a creditor in this case and has publicly announced that it is seeking to collect its pre-petition claim against the Debtors.

Docket No. #785, p. 3. Without prejudice or admission, McKinsey RTS US hereby agrees to waive the $96,000 prepetition amount.

24.     In paragraph 77 of the Initial Declaration, McKinsey RTS US identified a Confidential Client that accounts for more than 17.5% of McKinsey RTS US's gross annual revenues as of September 30, 2018.   McKinsey RTS US disclosed this client as a Confidential Client because disclosure of the name of the client could (a) result in a significant movement in the price of its publicly traded stock, and (b) have a negative effect with respect to ongoing litigation between the Confidential Client and others unrelated to the Debtors.  We are contractually obligated to maintain our client's confidentiality.  This client is not a member of the Creditors' Committee, is not on the list of Top 50 Creditors and is not a Lender or a member of the Ad Hoc Committee.  Moreover, the client provides goods or services to the Debtor which are not specific to the mining industry, but are the sort used by any business of even moderate size.

25.     McKinsey RTS US reserves the right to further supplement its declarations in the event it becomes aware of any relationship or other information that requires disclosure.

          Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated:  December 17, 2018
          New York, New York                    /s/ Mark W. Hojnacki
                                                Mark W. Hojnacki
                                                Practice Leader

11

**<u>SCHEDULE 1</u>**

The following lists contain the names of reviewed entities as described more fully in the *First Supplemental Declaration of Mark W. Hojnacki in Support of the Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of McKinsey Recovery & Transformation Services U.S., LLC  as Performance Improvement Advisor for the Debtors and Debtors in Possession Effective Nunc Pro Tunc to the Petition Date and (II) Granting Related Relief* (the "Hojnacki First Supplemental Declaration").[1] Where the names of the entities reviewed are incomplete or ambiguous, the scope of the search was intentionally broad and inclusive, and McKinsey RTS US reviewed each entity in its records, as more fully described in the Hojnacki First Supplemental Declaration, matching the incomplete or ambiguous name.

| <u>Schedule</u> | <u>Category</u> |
| --- | --- |
| 1(a) | Bankruptcy Professionals |
| 1(b) | Bank Lender Administrative Agents |
| 1(c) | Contract Counterparties |
| 1(d) | Governmental/Regulatory Agencies |
| 1(e) | HR Benefits |
| 1(f) | Taxing Authorities |
| 1(g) | Top 50 Creditors |
| 1(h) | Utilities |
| 1(i) | Vendors |

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Hojnacki First Supplemental Declaration.

## **SCHEDULE 1 (a)**

### **Bankruptcy Professionals**

Kurtzman Carson Consultants LLC

## **SCHEDULE 1 (b)**

### **Bank Lender Administrative Agents**

Bowery Funding ULC
Cohanzick Management LLC
Collins Long/Short Credit Fund
Credos Floating Rate Fund LP
Dryden Senior Loan Fund
JH Lane Partners
Kansas Public Employees Retire
Lincoln Square Funding ULC
Marneu Holding Co.
Medley Capital Corp.
Mountain Hawk III CLO Ltd.
Nebraska Investment Council
Providence Health & Services I
Redwood Capital Management LLC
Redwood Opportunity Master Fund
Whitebox Advisors LLC

## SCHEDULE 1 (c)

### Contract Counterparties

AG Golden
Adaptive Insights Inc.
Agapito Associates Inc.
Alsco
America's Job Exchange Inc.
Avista Corp.
BS Development
Bank of Oregon
Big Sky Linen & Uniform
Bradsby  Group
CCG Advisors LLC
CE Martin Heirs LLC
Cabin LLC, The
Canon Financial Services Inc.
Catena Consulting LLC
Cheryl Lee Cunningham Castle
Colstrip Medical Center
Colstrip Steam Electric Station
Commissioner of Public Lands
Commissioners Tusco Land Co.
Coshocton, County of (OH), Title
   Department
Creek Coal Co.
Custom Recyclers
Dament Services Ltd.
Drydock Coal Co.
Duff & Phelps LLC
EnCana Corp.
Haynes & Boone LLP
Integrated Weed Services LLC
Irrevocable Trust
JB Maintenance Service
Lawrence, Township of (OH), Board of
   Trustees
M&H Partnership
Management Arm
Marco Technologies LLC
McMillan LLP
Miller Thomson LLP
Northern Municipal Power Agency

Osler Hoskin & Harcourt LLP
TW Telecom Inc.
Tyrone Synfuels LP
Uinta, County of (WY)
WB Coal Co. Inc.
Western SynCoal LLC
Willis of Texas Inc.
Zee's Cleaning

# **SCHEDULE 1 (d)**

## **Governmental/Regulatory Agencies**

Natrona, County of (WY), Clerk of District
    Court
New Mexico Mine Health & Safety
    Conference
Uinta, County of (WY)

# SCHEDULE 1 (e)

## HR Benefits

ACA Track
America's Job Exchange LLC
Bryan Cave Leighton Paisner LLP
CareerArc Group LLC
Copeman Healthcare Centres
Culpepper
Culpepper & Associates Inc.
FirstHealth
K-Mart Corp.
Mercer LLC
Mercer US Inc.
Mutual of Omaha Insurance Co.
National Jewish Health
Provident Life & Accident
University of Colorado Hospital
Unum Group
Unum Insurance Co.
Vision Service Plan
WCC RMSA
WellDyneRx

# **SCHEDULE 1 (f)**

## **Taxing Authorities**

Oxford, City of (OH), Clerk of Courts

## **SCHEDULE 1 (g)**

### **Top 50 Creditors**

H-E Parts International LLC
Warfab Field Machining & Erection Corp.

# **SCHEDULE 1 (h)**

## **Utilities**

Advanced Waste Water Specialists
AmeriGas Propane
Cellco Partnership Inc.
EPCOR Utilities Inc.
GFL Environmental Corp.
GFL Environmental Inc.
Hinton Scrap Metal Ltd.
Kentucky Utilities Co.
Morad Communications Ltd.
Union Telephone Co. Inc.
Waste Industries Inc.

## SCHEDULE 1 (i)

### Vendors

| | |
|---|---|
| B&G Machine Inc. | Highland Machinery Co. |
| BNY Trust Co. of Canada | Houthoff Buruma Coöperatief UA |
| Beacon Hill Staffing Group LLC | Industrial Software Solutions Pty Ltd. |
| Bill Miller Equipment Sales Inc. | Jennchem LLC |
| Brake Supply Co. | Mercury Plastics of Canada Inc. |
| Buck Mountain Gas Co-Op Ltd. | MetaSource LLC |
| C&E Concrete | Mining & Reclamation Inc. |
| C. Stull Excavating LLC | Mo-Te Drilling Co. Inc. |
| CXtec Inc. | Morgantown Machine |
| Canadian Dewatering Ltd. | Natural Resource Management Solutions |
| Cate Drilling Solutions | Optiv Security Inc. |
| Cate Idaho Equipment Rental & Sales LLC | United Central |
| Clad-All Construction Ltd. | United Central Industrial Supply Co. |
| DocuSign Inc. | University of Denver Bursar's Office |
| Eecol Electric Ltd. | Vision Service Plan Inc. |
| FLOCOR Inc. | Westate Machinery Co. |
| Gangster Enterprises Ltd. | Western Energy Co. |
| Global Public Affairs Inc. | Westquip Diesel Sales Ltd. |
| Great Bear Native Plants LLC | Xhill Crest Inc. |