

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
01/10/2019

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WESTMORELAND COAL COMPANY, *et al.*, | § | Case No. 18-35672 (DRJ) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | (Docket No. 886) |

This matter came before the Court upon the Debtors' Emergency Motion to Appoint Allison Byman as the Authorized Representative of All Retirees, Spouses, and Their Eligible Dependents Receiving Coal Act Benefits (Dkt. No. 886, the "Motion"). The Court, having reviewed the Motion and held a hearing on January 2 and January 3, 2019, and finding that (i) the Court has jurisdiction to grant the relief provided herein pursuant to 28 U.S.C. § 1334; (ii) consideration of the Motion and this Order is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) due and proper notice of the Motion has been provided under the circumstances; (iv) the Motion is in the best interests of the Debtors and their estates, creditors, affected retirees, and other parties in interest; and, (v) the legal and factual bases set forth in the Motion, as well as 11 U.S.C. § 105, establish just cause for the relief granted herein, finds that the Motion is granted, and the objections thereto are overruled, as follows.

**IT IS HEREBY ORDERED, ADJUDGED, DECREED, AND FOUND THAT**

1. The Court previously directed the Office of the United States Trustee (the "UST") to appoint an official retiree committee (a "Retiree Committee") pursuant to § 1114(d) of the Bankruptcy Code for retirees and eligible dependents (the "Coal Act Retirees") receiving benefits under the Coal Industry Retiree Health Benefit Act of 1992, 26 U.S.C. § 9701 *et seq.* (the "Coal Act"). *See* ECF No. 526.

2. The UST filed the Notice of Inability to Form a Committee of Coal Act Retirees Under 11 U.S.C. § 1114(d) at ECF No. 917, and the Court finds, that no Retiree Committee for Coal Act Retirees can be appointed because no retired employees receiving benefits under the Coal Act have been willing to serve on a Retiree Committee.

3. Accordingly, the Court finds that, pursuant to 11 U.S.C. § 105, the Court can and should appoint qualified people to protect the interests of Coal Act Retirees in order to fulfill the purposes that a Retiree Committee would serve pursuant to 11 U.S.C. § 1114.

4. The Court therefore appoints Hon. Leif Clark, Allison Byman, and Sylvia Mayer (together, the "Coal Act Retiree Representatives"), to represent the interests of Coal Act Retirees. The Coal Act Retiree Representatives will have the rights, duties and powers of a committee appointed pursuant to 11 U.S.C. § 1114. The Coal Act Retiree Representatives shall be immune from suit for any claim based on their service in these chapter 11 cases.

5. The WLB Debtors' estates shall bear the costs of the Coal Act Retiree Representatives, subject to a budget to be agreed upon by the WLB Debtors, the DIP Lenders, and the Coal Act Retiree Representatives.

6. Subject to Ordered paragraph 5 above, within ten (10) calendar days of the delivery of a summary statement of the reasonable costs, fees, expenses, costs, and other charges of the Coal Act Retiree Representatives to the WLB Debtors (with a copy of such invoice to be contemporaneously sent to the U.S. Trustee, counsel to the WLB Debtors' DIP lenders, and counsel for the Creditors' Committee), the WLB Debtors shall pay in cash all such costs, fees, expenses, disbursements and other charges, whether or not such costs, fees, expenses, disbursements, and other charges have accrued as of the date this Order is entered by the Court. The statement shall provide only the total aggregate number of hours billed and a summary description of services provided and the expenses incurred by each Coal Act Retiree

Representative; *provided* that if an objection to such an invoice is received within five (5) calendar days after its delivery to the WLB Debtors, the U.S. Trustee, and counsel for the Creditors' Committee, the WLB Debtors shall only be required to pay the undisputed amount of such invoice and the Court shall have jurisdiction, upon a motion filed by the relevant party or professional, to resolve all objections with respect to the disputed portion thereof.

7. Notwithstanding any Federal Rule of Bankruptcy Procedure to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

**Signed: January 10, 2019.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**