**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WESTMORELAND COAL COMPANY, *et al.*,[1] | ) | Case No. 18-35672 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MOTION OF WESTMORELAND COAL COMPANY**
**AND CERTAIN DEBTOR AFFILIATES FOR ENTRY OF**
**FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES**

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> <u>**THIS MOTION IS SCHEDULED FOR HEARING ON FEBRUARY 13, 2019 AT 10:00AM IN COURTROOM 400, 515 RUSK, HOUSTON, TEXAS 77002.**</u>

---

[1] Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent in these chapter 11 cases at www.donlinrecano.com/westmoreland. Westmoreland Coal Company's service address for the purposes of these chapter 11 cases is 9540 South Maroon Circle, Suite 300, Englewood, Colorado 80112.

Westmoreland Coal Company ("WLB") and certain of its affiliates, as debtors and debtors in possession (collectively, the "WLB Debtors")[2] respectfully state the following in support of this motion (this "Motion"):

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and authority pursuant to 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are § 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Bankruptcy Rule 3022.

## Relief Requested

3. The hearing to confirm the *Joint Chapter 11 Plan of Westmoreland Coal Company and Certain of Its Debtor Affiliates* (as modified, amended, or supplemented from time to time, the "Plan") is scheduled for February 13, 2019. The WLB Debtors expect the Plan Effective Date (as defined under the Plan) will occur as soon as February 28, 2019, at which point the Plan will have been substantially consummated. After that time, the only material remaining matters anticipated to require resolution in connection with these chapter 11 cases for the WLB Debtors are final fee applications and the reconciliation of certain prepetition claims.

4. The WLB Debtors believe that their chapter 11 cases, other than the case of Westmoreland Coal Company, No. 18-35672, *In re Westmoreland Coal Company* (the "Lead Case"), will have been fully administered when the Plan Effective Date occurs. Leaving the other cases open past the Plan Effective Date would impose significant costs on the WLB

---

[2] For the avoidance of any doubt, the "WLB Debtors" refers to all Debtors except for Westmoreland Resources GP, LLC, Westmoreland Resource Partners, LP and its subsidiaries (collectively, the "WMLP Debtors"). A detailed description of the Debtors' businesses and the reasons for commencing the chapter 11 cases is set forth in the *Declaration of Jeffrey S. Stein, Chief Restructuring Officer of Westmoreland Coal Company, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 54].

2

Debtors' estates.  Accordingly, the WLB Debtors request entry of a final decree, substantially in the form attached hereto (the "Final Decree"), closing such cases at the confirmation hearing, subject to occurrence of the Plan Effective Date.  Although the WLB Debtors fully expect to achieve confirmation on their proposed timeline, the WLB Debtors would adjourn or withdraw this Motion to the extent confirmation were delayed or denied, or to limit the requested relief to permit the WLB Debtors to leave certain chapter 11 cases (other than the Lead Case) open following the Plan Effective Date.

**Background**

5. On October 9, 2018 (the "Petition Date"), each of the above-captioned debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The WLB Debtors and their debtor affiliates are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On October 18, 2018, the United States Trustee appointed an official committee of unsecured creditors in the Debtors' bankruptcy cases [Docket No. 206].  No further request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

6. On October 9, 2018, the Court entered that certain order directing joint administration of the above-captioned cases [Docket No. 71] under the Lead Case.  The WLB Debtors' chapter 11 cases (other than the Lead Case and the WMLP Debtors cases), (collectively, the "Affiliate Cases" for the "Affiliate Debtors"), are as follows:

- Absaloka Coal, LLC, Case No. 18-35673;
- Basin Resources, Inc., Case No. 18-35674;
- Buckingham Coal Company, LLC, Case No. 18-35675;
- Dakota Westmoreland Corporation, Case No. 18-35676;
- Haystack Coal Company, Case No. 18-35679;
- San Juan Coal Company, Case No. 18-35684;
- San Juan Transportation Company, Case No. 18-35683;

3

- Texas Westmoreland Coal Company, Case No. 18-35685;
- WCC Land Holding Company, Inc., Case No. 18-35686;
- WEI-Roanoke Valley, Inc., Case No. 18-35687;
- Western Energy Company, Case No. 18-35688;
- Westmoreland Coal Company Asset Corp., Case No. 18-35689;
- Westmoreland Coal Sales Company, Inc., Case No. 18-35690;
- Westmoreland Energy Services New York, Inc., Case No. 18-35691;
- Westmoreland Energy Services, Inc., Case No. 18-35693;
- Westmoreland Energy, LLC, Case No. 18-35694;
- Westmoreland Mining LLC, Case No. 18-35697;
- Westmoreland North Carolina Power LLC, Case No. 18-35698;
- Westmoreland Partners, Case No. 18-35700;
- Westmoreland Power, Inc., Case No. 18-35701;
- Westmoreland Resources Inc., Case No. 18-35704;
- Westmoreland San Juan Holdings, Inc., Case No. 18-35705;
- Westmoreland San Juan, LLC, Case No. 18-35706;
- Westmoreland Savage Corporation, Case No. 18-35707;
- Westmoreland Texas Jewett Coal Company, Case No. 18-35671;
- Westmoreland-Roanoke Valley, LP, Case No. 18-35708; and
- WRI Partners, Inc., Case No. 18-35709.

7.  Prior to entry of the Final Decree closing the Affiliate Cases, the WLB Debtors intend to seek Confirmation of the Plan at a hearing on February 13, 2019 (the "Confirmation Hearing"). The WLB Debtors anticipate that the Plan Effective Date will occur as soon as February 28, 2019, at which point the Plan will be substantially consummated.

8.  Following the Plan Effective Date, the Plan Administrator (as defined under the Plan) will focus on resolving any remaining claims and may file one or more claims objections as appropriate (the "Claims Objections").[3] Additionally, pursuant to the Plan, fee applications for retained professionals must be filed no later than 45 days after the Plan Effective Date (the "Fee Applications"). Finally, although the WLB Debtors do not anticipate any significant contested matters in the WLB Debtors' chapter 11 cases, miscellaneous motions, applications, pleadings, objections, or other matters or proceedings may arise from time to time in respect of

---

[3] The WLB Debtors reserve all rights to dispute any outstanding claims, and the failure of the WLB Debtors to object to any claim filed in these chapter 11 cases shall not cause such claim to be deemed allowed.

the Affiliate Cases (together with the Claims Objections and the Fee Applications, the "Remaining Matters"), the WLB Debtors expect that the Remaining Matters will primarily pertain to the Lead Case.

9.      Aside from the Remaining Matters (to the extent they pertain to the Affiliate Cases), the WLB Debtors believe there will be no other substantive motions, contested matters, or adversary proceedings to be resolved in the Affiliate Cases after the Plan Effective Date. Accordingly, the Remaining Matters can be administered in the Lead Case without any substantive impact on any party in interest. Westmoreland Coal Company, in the Lead Case, may object to or reconcile claims asserted against other WLB Debtors on their behalf notwithstanding their cases being closed.

## Basis for Relief

**I.    The Court Should Close the Affiliate Cases Because They Will Be Fully Administered as of the Plan Effective Date.**

10.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

11.     The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules. The Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

        a.   whether the order confirming the plan has become final;

        b.   whether deposits required by the plan have been distributed;

5

  c. whether the property proposed by the plan to be transferred has been transferred;

  d. whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

  e. whether payouts under the plan have commenced; and

  f. whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991). Courts look "to the advisory committee's notes on Bankruptcy Rule 3022 in seeking guidance as to the meaning of 'fully administered.'" *In re JCP Props., Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015).

12. Courts in the Fifth Circuit adopt the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *See, e.g.*, *In re SandRidge Energy, Inc.*, No 16-32488 (DRJ) (Bankr. S.D. Tex. Dec. 31, 2017); *In re AmeriForge Group Inc.*, No. 17-32660 (DRJ) (Bankr. S.D. Tex. Sept. 29, 2017); *In re Valence Tech., Inc.*, No. 12-11580 (CAG) (Bankr. W.D. Tex. Oct. 17, 2014); *In re 1701 Commerce, LLC*, No. 12-41748 (DML) (Bankr. N.D. Tex. Feb. 4, 2015); and *In re Idearc Inc.*, No. 09-31828 (BJH) (Bankr. N.D. Tex. Dec. 29, 2011).[4]( "[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

13. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *See, e.g.*, *In re JCP Props., Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015) (commenting that "substantial consummation is the pivotal question here to determine the propriety of closing the [case]"); *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997)

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

(considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R at 493 (same).[5]

14. All of these factors need not be present before a court will enter a final decree. *See, e.g.*, *Walnut Assocs.*, 164 B.R. at 493. For example, pending adversary proceedings do not necessarily preclude a court from entering a final decree. *See In re JMPNewcor Int'l, Inc.*, 225 B.R. 462 (Bankr. N.D. Ill. 1998) (entering a final decree when an adversary proceeding was pending and the debtors still needed to make certain distributions); *In re Valence Tech.*, No. 12-11580-CAG, 2014 WL 5320632, at *4 (W.D. Tex. Oct. 17, 2014) ("[I]t is well-established that '[t]he continuation of an adversary proceeding . . . is insufficient by itself to keep a case from being considered 'fully administered.'"") (citation omitted).

15. Furthermore, bankruptcy courts in the Fifth Circuit have entered final decrees and closed cases despite certain claims being unpaid. *See, e.g.*, *In re SandRidge Energy, Inc.*, No 16-32488 (DRJ) (Bankr. S.D. Tex. Dec. 31, 2017) (entering final decree closing debtors' chapter 11 cases notwithstanding pendency of certain claims); *In re AmeriForge Group Inc.*, No. 17-32660 (DRJ) (Bankr. S.D. Tex. Sept. 29, 2017) (same); *In re Valence Tech., Inc.*, No. 12-11580 (CAG) (Bankr. W.D. Tex. Oct. 17, 2014) (same); *In re 1701 Commerce, LLC*, No. 12-41748 (DML) (Bankr. N.D. Tex. Feb. 4, 2015) (same); and *In re Idearc Inc.*, No. 09-31828 (BJH) (Bankr. N.D. Tex. Dec. 29, 2011) (same).[6]

16. Here, the foregoing factors weigh strongly in favor of closing each of the Affiliate Cases. As of the date that the Final Decree becomes effective according to its terms, the Plan

---

[5] Section 1101(2) of the Bankruptcy Code defines substantial consummation as the: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan."

[6] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

Effective Date will have occurred, and the Plan will have been substantially consummated, therefore, the Affiliate Cases will have been "fully administered."  An initial distribution will be made on the Plan Effective Date that will constitute the vast majority of distributable property under the Plan.  The WLB Debtors' assets will have vested in the Purchaser, which will assume management of the business and assets dealt with under the Plan.  While the WLB Debtors acknowledge that the payment of certain claims may still be pending in accordance with the Plan, the WLB Debtors submit that such claims will be paid outside the chapter 11 cases in accordance with the Bankruptcy Code and the Plan.  Moreover, "[t]he court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future."  Fed. R. Bankr. Advisory Comm. Note (1991).  Furthermore, the entry of final decrees closing the Affiliate Cases is without prejudice to creditors' rights to petition the Court to reopen any of such cases pursuant to section 350(b) of the Bankruptcy Code.

17.     Although the WLB Debtors will continue working to resolve the Remaining Matters, any subsequent issues will likely pertain to the Lead Debtor.  The limited number of issues that will pertain to the Affiliate Cases can be handled under the Lead Case without keeping the Affiliate Cases open.  Closing the Affiliate Cases will have no impact on the resolution of any remaining claims or distributions, other legal entitlements under the Plan, or the substantive rights of any party in interest.  Accordingly, closing the Affiliate Cases is appropriate.

## Notice

18.     The WLB Debtors will provide notice of this Motion to the following parties or their respective counsel (collectively, the "Notice Parties"):  (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Creditors' Committee; (c) the indenture trustee under the WLB Debtors' 8.75% senior secured notes due 2022; (d) the ad hoc group of lenders

under the WLB Debtors' prepetition term loan facility due 2020 and the WLB Debtors' 8.75% senior secured notes due 2022; (e) the administrative agent under the WLB Debtors' prepetition term loan facility due 2020; (f) the administrative agent under the WLB Debtors' bridge loan facility due 2019; (g) the administrative agent under the WMLP Debtors' term loan facility due 2018; (h) the ad hoc committee of certain lenders under the WMLP Debtors' term loan facility due 2018; (i) the administrative agent under the WLB Debtors' debtor-in-possession financing facility; (j) the lenders under the WLB Debtors' debtor-in-possession financing facility; (k) any other statutory committee appointed in these cases; (l) the United States Attorney's Office for the Southern District of Texas; (m) the Internal Revenue Service; (n) the Environmental Protection Agency and similar state environmental agencies for states in which the WLB Debtors conduct business; (o) the offices of the attorneys general for the states in which the WLB Debtors operate; (p) the Securities and Exchange Commission; (q) the Pension Benefit Guaranty Corporation; and (r) any party that has requested notice pursuant to Bankruptcy Rule 2002. The WLB Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the WLB Debtors respectfully request that the Court enter the final decree granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
January 23, 2019

/s/ *Patricia B. Tomasco*

| | |
|---|---|
| Patricia B. Tomasco (Bar No. 01797600) | James H.M. Sprayregen, P.C. |
| Matthew D. Cavenaugh (Bar No. 24062656) | Michael B. Slade (Bar No. 24013521) |
| **JACKSON WALKER L.L.P.** | Gregory F. Pesce (admitted *pro hac vice*) |
| 1401 McKinney Street, Suite 1900 | **KIRKLAND & ELLIS LLP** |
| Houston, Texas 77010 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Telephone: (713) 752-4200 | 300 North LaSalle |
| Facsimile: (713) 752-4221 | Chicago, Illinois 60654 |
| Email: ptomasco@jw.com | Telephone: (312) 862-2000 |
| mcavenaugh@jw.com | Facsimile: (312) 862-2200 |
| | Email: james.sprayregen@kirkland.com |
| | michael.slade@kirkland.com |
| | gregory.pesce@kirkland.com |

*Conflicts Counsel to the WLB Debtors and Local Counsel to the Debtors and Debtors in Possession*

-and-

Edward O. Sassower, P.C.
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:         edward.sassower@kirkland.com
                   stephen.hessler@kirkland.com

-and-

Anna G. Rotman, P.C. (Bar No. 24046761)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
609 Main Street
Houston, Texas 77002
Telephone:   (713) 836-3600
Email:         anna.rotman@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

I certify that on January 23, 2019, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Patricia B. Tomasco*
Patricia B. Tomasco