UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WESTMORELAND COAL COMPANY, *et al.*,[1] | § | Case No.: 18-35672 (DRJ) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**MOTION TO MODIFY THE ORDER APPOINTING
UNITED STATES BANKRUPTCY JUDGE AS MEDIATOR**

TO THE HONORABLE DAVID R. JONES, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Mar-Bow Value Partners, LLC ("Mar-Bow"), by counsel, respectfully moves this Court for entry of an order, substantially in the form of Exhibit A attached hereto, modifying the Court's *Order Appointing United States Bankruptcy Judge as Mediator* (ECF No. 1088) to expand the number of attorneys permitted at the mediation to two per side. In support thereof, Mar-Bow states as follows:

**Relevant Background**

1. At the January 15, 2019 status conference held in the *Alpha Natural Resources, Inc., et al.* case in the Eastern District of Virginia, the Court directed the Parties to participate in a joint judicial mediation concerning the above-captioned case and *In re Old ANR, LLC, et al.*, Case No. 19-00302 (the "ANR Case"), to be conducted by United States Bankruptcy Judge Marvin Isgur.

2. On January 16, 2019, this Court entered an Order Appointing United States Bankruptcy Judge Isgur as Mediator (the "Mediation Order") (ECF No. 1088).

---

[1] Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent in these chapter 11 cases at www.donlinrecano.com/westmoreland. Westmoreland Coal Company's service address for the purposes of these chapter 11 cases is 9540 South Maroon Circle, Suite 300, Englewood, Colorado 80112.

1

3. The Mediation Order specifically provides that McKinsey RTS and Mar-Bow shall appear with one client representative and one attorney. (Mediation Order, ¶ 4.) Further, no other persons may attend the mediation. (Mediation Order, ¶ 9.)

4. Mar-Bow understands the purpose of the Court's order permitting one attorney per side, and agrees that limiting the number of counsel present is advisable and productive. However, Mar-Bow believes that the existing order is overly restrictive.

5. In that regard, Mar-Bow has co-lead counsel in this matter, Steven Rhodes and Sean O'Shea, each of whom has different areas of expertise and responsibility for the *ANR* and *Westmoreland* cases, as well as other related litigations. It is virtually certain that input and involvement of both will be necessary during the mediation.

6. Accordingly, Mar-Bow firmly believes that the mediation will be more efficient and productive if it is able to have both of its lead counsel present for the mediation. Mar-Bow, of course, agrees that, if this motion is granted, McKinsey should also be permitted two counsel at the mediation and suggested this motion.

7. Counsel for Mar-Bow has addressed this issue with Judge Isgur, who noted that he had no objection to each side proceeding with two counsel.

8. Mar-Bow provided McKinsey's counsel with a draft of this motion, and counsel responded as follows:

> We do not agree to what you have drafted in the motion. You may represent that McKinsey RTS is prepared to fully comply with the Court's order on mediation, as written, and takes no position on Marbow's request to amend the order. It should be stated exactly as I have written it.
>
> Thank you.

9. Mar-Bow does not seek any further modifications to the Mediation Order.

10. Pursuant to Local Bankruptcy Rule 9013-1, Mar-Bow requests that this Court rule upon this Motion without Oral Hearing, because the facts are adequately presented in this Motion and argument would not aid in the decision process.

11.     Mar-Bow is concurrently with this filing seeking the same relief from the Court in the ANR Case pending before Judge Kevin Huennekens in the U.S. Bankruptcy Court for the Eastern District of Virginia, Richmond Division.

WHEREFORE, Mar-Bow respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, amending the Mediation Order to expand the number of attorneys permitted at the mediation to two per side.

Dated:  January 24, 2019

Respectfully submitted,

By:  /s/ Allan B. Diamond
DIAMOND McCARTHY LLP
Allan B. Diamond (SDTX 12310)
adiamond@diamondmccarthy.com
Michael D. Fritz (SDTX 2440934)
mfritz@diamondmccarthy.com
909 Fannin, Suite 3700
Houston, TX 77010
Telephone:  713-333-5100
Facsimile:  713-333-5199

-and-

Boies Schiller Flexner LLP
Michael E. Petrella (pro hac vice)
Sean O'Shea (pro hac vice)
575 Lexington Ave., 7th Floor
New York, NY 10022
Tel: 212-446-2362
mpetrella@bsfllp.com
soshea@bsfllp.com

-and-

STEVEN RHODES CONSULTING, LLC
Steven Rhodes (pro hac vice)
rhodessw@comcast.net
1610 Arborview Blvd.
Ann Arbor, MI 48103
Telephone:  734-646-5406

-and-

Daniel L. Lemisch (pro hac vice)

3

dlemisch@lakeviewcapitalinc.com
Lakeview Capital, Inc.
151 S. Old Woodward Ave., Suite 400
Birmingham, MI 48009
Telephone:  248-554-4900
*Attorneys for Mar-Bow Value Partners, LLC*

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2019, I caused the foregoing pleading to be filed with the Court and thereby served by the Court's CM/ECF noticing to all parties registered to receive electronic notice in this case.

                                               */s/ Allan B. Diamond*