UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WESTMORELAND COAL COMPANY, *et al.*,[1] | § | Case No.: 18-35672 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No.: 19-00302 (KRH) |
| OLD ANR, LLC, *et al.*, | § | MISCELLANEOUS PROCEEDING |
| | § | |
| Debtors. | § | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No.: 16-10992 (SMB) |
| SUNEDISON, INC., *et al.*, | § | Chapter 11 |
| | § | (Jointly Administered) |
| Reorganized Debtors[2]. | § | |

---

[1] Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent in these chapter 11 cases at www.donlinrecano.com/westmoreland.  Westmoreland Coal Company's service address for the purposes of these chapter 11 cases is 9540 South Maroon Circle, Suite 300, Englewood, Colorado 80112.

[2] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); Buckthorn Renewables Holdings, LLC

## MAR-BOW VALUE PARTNERS, LLC'S
## EXPEDITED MOTION FOR RECONSIDERATION, ON CONSENT

1.  Mar-Bow Value Partners, LLC ("Mar-Bow") by counsel, hereby respectfully moves, on consent from McKinsey, for reconsideration of the Courts' January 29, 2019 Order denying Mar-Bow's request to modify the Courts' January 16, 2019 Order Appointing United States Bankruptcy Judge as Mediator ("the Mediation Order"). In addition, Mar-Bow seeks oral argument via telephonic conference.

## BACKGROUND

2.  On January 10, 2019, Judge Huennekens scheduled a hearing in the *ANR* matter.

3.  On January 11, 2019, Judge Jones adjourned a hearing in the *Westmoreland* matter (then-scheduled for January 14, 2019) pending the outcome of the January 15 hearing before Judge Huennekens.

4.  On January 14, 2019, Judge Huennekens issued a Notice of Agenda itemizing the issues to be discussed at the January 15 hearing. Among those issues was the possibility of joint mediation of the *ANR* and *Westmoreland* disputes.

5.  During the January 15 hearing before Judge Huennekens, Mar-Bow voiced a willingness to engage in a joint mediation of its objections in *ANR* and *Westmoreland*, but

---

(7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE MN Development, LLC (8669); SunE MN Development Holdings, LLC (5388); SunE Minnesota Holdings, LLC (8926); TerraForm Private Holdings LLC (5993); SunEdison Products, LLC (3557); Hudson Energy Solar Corporation (1344); SunE REIT-D PR, LLC (2171); First Wind Energy, LLC (5519); First Wind Holdings, LLC (4445); Vaughn Wind, LLC (9605); Maine Wind Holdings, LLC (4825); SunEdison International Construction, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Reorganized Debtors' corporate headquarters is Two CityPlace Drive, 2nd Floor, St. Louis, Missouri, 63141. Everstream HoldCo Fund I, LLC (9564) is a Debtor in the Chapter 11 Cases but is not a Reorganized Debtor.

expressed doubt as to whether a negotiated resolution was feasible at this stage given the parties' respective positions, the lack of discovery, and the stakes.

6. On January 16, 2019, Judge Huennekens and Judge Jones issued the Mediation Order directing the parties to mediation before Judge Isgur. The Mediation Order contained several requirements not previously discussed with or consented to by the parties, including a requirement that only one attorney appear for each side at each mediation session.

7. On January 22, 2019, Mar-Bow filed a motion for relief under Rule 60(d)(3) in the *SunEdison* cases. By order dated January 25, 2019, Judge Bernstein added that motion to the matters to be mediated before Judge Isgur, and retained the one attorney restriction of the original Mediation Order.

8. On January 24, 2019, Mar-Bow moved to modify the January 16, 2019 Mediation Order issued by Judges Huennekens and Jones in only one respect – to permit two attorneys per side.

9. On January 29, 2019, Judges Huennekens and Jones issued a joint order denying Mar-Bow's motion.

10. Mar-Bow now moves for reconsideration of that Order and oral argument via telephonic conference. Mediation is scheduled for February 7, 2019 in Houston. In addition, to the extent that Judges Huennekens and Jones ultimately decide to modify the January 16, 2019 Mediation Orders, Mar-Bow respectfully requests that Judge Bernstein similarly modify the January 25, 2019 Mediation Order entered in the *Sun Edison* bankruptcy cases.

## THE LEGAL STANDARD

11. "The power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and that discretion is not cabined by the 'heightened standards for

reconsideration' governing final orders." *Saint Annes Development Co., Inc. v. Trabich*, 443 Fed. App'x 829, 832 (4th Cir. 2011) (quoting *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003)); *see also Murphy Farms*, 326 F.3d at 514-515 ("[A] district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted."). Under FRCP 54(b) (governing reconsideration of interlocutory orders and applicable in bankruptcy proceedings via Fed. R. Bankr. Pro. 7054(a)), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 846 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavaspere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990). A court is also free to consider new arguments that could have been made in the initial moving papers. *Austin*, 846 F.3d at 337; *see also Texas v. United States*, 336 F. Supp. 3d 664, 669 (N.D. Tex. 2018) (when reviewing an interlocutory order, "the district court may consider 'new arguments' . . . that the movant did not raise in prior briefing").

## ARGUMENT

12. Mar-Bow has two lead counsel in this matter: Steven Rhodes of Steven Rhodes Consulting LLC and Sean O'Shea of Boies Schiller Flexner LLP. Mr. Rhodes specializes in bankruptcy law and bankruptcy litigation. Mr. O'Shea specializes in complex civil and criminal litigation, and is sole counsel for Jay Alix in a civil RICO action against McKinsey pending in the United States District Court for the Southern District of New York, *Alix v. McKinsey & Co., Inc., et al.*, 18-CV-04141 (SDNY) (JMF) ("the SDNY RICO Action").

13. At the January 15 hearing, Judge Huennekens expressed hope that the mediation would lead to a "long-term solution that involves other cases and other proceedings." (Tr. at 10.)

Prior to that, Judge Jones had noted the lack of a "Plan B" to resolve the parties' differences. Judge Isgur's communications with the parties to date also suggest that the mediation may delve into matters beyond the motions and objections filed by Mar-Bow in *ANR*, *Westmoreland*, and *SunEdison*.

14. The Mediation Order does not require or even suggest mediation of the SDNY RICO Action. Nor is there legal authority for bankruptcy courts in the Eastern District of Virginia and the Southern District of Texas to order mediation of an action pending in the U.S. District Court for the Southern District of New York, particularly one filed by a non-party to ANR and Westmoreland. Moreover, it is Mr. Alix's position that because there has been no discovery in the SDNY RICO Action, it is premature to engage in mediation of the claims in that action. Nevertheless, to the extent that Judge Isgur wishes to discuss matters related to the SDNY Action during the mediation, as a show of good faith, Mr. Alix is willing to do so, but not without his counsel in that case.

15. Because Mar-Bow's co-counsel have different areas of expertise and different responsibilities for the various pending matters concerning McKinsey's inadequate disclosures, limiting Mar-Bow to one attorney at the mediation not only puts it and Mr. Alix at a disadvantage, but also defeats the Courts' stated purpose of the mediation effort.

16. For example, if Mr. Rhodes appears as Mar-Bow's sole counsel, he will not be able or authorized to discuss the impact that any resolution of the bankruptcy issues might have on the SDNY RICO Action. Mr. Alix is not a party to the *ANR*, *Westmoreland*, or *SunEdison* litigations, but is the sole plaintiff in the SDNY RICO Action. Mr. Rhodes is not counsel to Mr. Alix in the SDNY RICO Action, and only Mr. O'Shea has the authority to address matters related to that lawsuit. Further, Mr. Alix (who will appear at the mediation in his capacity as the

authorized representative of Mar-Bow) is unwilling to discuss matters related to the SDNY RICO Action without Mr. O'Shea present.

17. Conversely, discussion of a resolution of Mar-Bow's motions in *ANR*, *Westmoreland*, and in *SunEdison* McKinsey's disclosures going forward will be greatly hampered if Mr. O'Shea appears as Mar-Bow's sole representative. In that regard, Mr. Rhodes is indispensable to addressing all past and future matters related to McKinsey's Rule 2014 disclosures, and in particular an acceptable disclosure protocol for McKinsey going forward.

18. Accordingly, by limiting the topics that can be discussed and the effectiveness of the discussion of the matters that will be addressed, the "one attorney" rule will actually impede, not promote, the broad mediation goals announced by Judges Huennekens and Isgur, and presumably shared by Judge Jones.

19. Mar-Bow has discussed with Judge Isgur its desire to have both Mr. Rhodes and Mr. O'Shea attend the mediation, and Judge Isgur has indicated that he would welcome the attendance of both.

20. Mar-Bow further notes that McKinsey already essentially has two counsel appearing at the mediation. McKinsey is closely following the guidance of counsel for the Debtor, James Sprayregen of Kirkland & Ellis ("K&E"), and indeed K&E's disclosure declaration in *Westmoreland* concedes that it represents McKinsey Recovery & Transformation Services U.S., LLC. Notably, neither McKinsey nor Mr. Sprayregen has represented that K&E's representation does not extend to one or more of the matters to be mediated or the mediation itself. Accordingly, the relief requested by Mar-Bow will not delay the mediation in any respect and, to the contrary, will ensure that it is conducted in the most efficient and effective manner possible. Limiting Mar-Bow to one counsel will, in contrast, unduly advantage McKinsey by

giving it access to its lead counsel, Faith Gay of Selendy & Gay, as well as to its established counsel at K&E during the mediation.

21.     Finally, Mar-Bow respectfully requests an expedited oral argument via phone conference on this motion before Judges Huennekens, Jones and Bernstein.  Mar-Bow believes that oral argument will allow the parties to better understand the purposes underlying the "one attorney" rule, and raise proposals to the Court that may allow for an efficient and effective mediation that respects the litigants' rights to counsel of their choosing.

22.     Mar-Bow has consulted with McKinsey's counsel, and McKinsey consents to the relief requested in this motion.

February 1, 2019                                                      Respectfully submitted,

**DIAMOND MCCARTHY LLP**

By: /s/ Allan B. Diamond
Allan B. Diamond
adiamond@diamondmccarthy.com
909 Fannin, 37 Floor
Houston, TX 77010
(713) 333-5100

Sheryl P. Giugliano
sgiugliano@diamondmccarthy.com
295 Madison Avenue, 27th Floor
New York, New York 10017
(212) 430-5400

*Local Counsel to Mar-Bow Value Partners, LLC*

-and-

**STEVEN RHODES CONSULTING, LLC**
By: */s/ Steven Rhodes*
Steven Rhodes (*pro hac vice*)
rhodessw@comcast.net
1610 Arborview Blvd.
Ann Arbor, MI 48103
Telephone: 734-646-7406

-and-

**LAW OFFICE OF SHELDON S. TOLL PLLC**
By: */s/ Sheldon S. Toll*
Sheldon S. Toll (*pro hac vice*)
sst@lawtoll.com
29580 Northwestern Hwy., Suite 1000
Southfield, MI 48034
Telephone: 248-797-9111

-and-

**THOMPSON MCMULLAN, P.C.**
By: */s/ David R. Ruby*
David R. Ruby (VSB No. 22703)
William D. Prince IV (VSB No. 77209)
100 Shockoe Slip, Third Floor
Richmond, VA 23219
Telephone: 804-698-6220
Facsimile: 804-780-1813
Email: druby@t-mlaw.com
Email: wprince@t-mlaw.com

-and-

**BOIES, SCHILLER & FLEXNER LLP**

By: */s/ Sean O'Shea*
Sean F. O'Shea (pro hac vice)
Michael E. Petrella (pro hac vice)
Amanda L. Devereux (pro hac vice)
575 Lexington Avenue, 7th Floor
New York, NY 10022
Email: soshea@bsfllp.com
Email: mpetrella@bsfllp.com
Email: adevereux@bsfllp.com

*Attorneys for Mar-Bow Value Partners, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 1, 2019, I caused the foregoing pleading to be filed with the Court and thereby served by the Court's CM/ECF noticing to all parties registered to receive electronic notice in this case.

                                              */s/ Allan B. Diamond*