**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| WESTMORELAND COAL COMPANY, *et al.*,[1] | ) | Case No. 18-35672 (DRJ) |
| Debtors. | ) | (Jointly Administered) |

# JOINT EMERGENCY MOTION BY WESTMORELAND COAL COMPANY AND CERTAIN DEBTOR AFFILIATES AND MCKINSEY RECOVERY & TRANSFORMATION SERVICES U.S., LLC IN FURTHERANCE OF MEDIATION AGREEMENT

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**A HEARING WILL BE HELD ON THIS MATTER AS SOON AS POSSIBLE BEFORE THE HONORABLE DAVID R. JONES, 515 RUSK STREET, COURTROOM 400, HOUSTON, TEXAS 77002.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Westmoreland Coal Company and certain of its affiliates, as debtors and debtors in possession (collectively, "Westmoreland" or the "WLB Debtors")[2] and McKinsey Recovery &

[1] Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent in these chapter 11 cases at www.donlinrecano.com/westmoreland. Westmoreland Coal Company's service address for the purposes of these chapter 11 cases is 9540 South Maroon Circle, Suite 300, Englewood, Colorado 80112.

[2] For the avoidance of any doubt, "Westmoreland" and the "WLB Debtors" do not include Westmoreland Resources GP, LLC, Westmoreland Resource Partners, LP, or any of its subsidiaries.

Transformation Services U.S., LLC ("McKinsey RTS") respectfully state the following in support of this joint emergency motion.

**Jurisdiction, Venue and Procedural Background**

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012. The WLB Debtors and McKinsey RTS confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The basis for the relief requested herein is section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532.

**Relief Requested**

3. On February 19, 2019, United States Bankruptcy Judge Marvin Isgur, in his capacity as a Mediator, filed two mediation agreements with the Court. The first agreement resolves historic issues with the United States Trustee. The second agreement sets forth a path to enable Westmoreland to expeditiously proceed with this bankruptcy case while its proposed employment of McKinsey RTS is handled in accordance with a new protocol. This motion concerns only the second of the two agreements.

4. McKinsey RTS is committed to full disclosure of connections in full compliance with applicable law, including Bankruptcy Rule 2014. Public confidence in the integrity of the bankruptcy system is paramount. Westmoreland and McKinsey RTS are committed to ensuring

that confidence. No genuine party-in-interest should harbor concerns about McKinsey RTS's disinterestedness.

5. Westmoreland and McKinsey RTS mutually request the Court to give them adequate time to supplement the current application to employ by allowing:

(a) McKinsey RTS to retain an expert to work with it concerning new disclosure protocols for McKinsey RTS in this and other cases;

(b) McKinsey RTS to apply such new protocols to the Westmoreland case;

(c) Westmoreland to review the application of the new protocols to assure its satisfaction with McKinsey RTS's disinterestedness; and

(d) McKinsey to file such new disclosures.

6. McKinsey RTS proposes that it be ordered to report back to the Court within two weeks of the entry of the order contemplated by this motion to disclose the identity of the third-party expert retained pursuant to paragraph 1 above, and that McKinsey RTS file a status report every two weeks thereafter (or as otherwise ordered by the Court).

7. While McKinsey RTS develops its new disclosure protocol, it is committed to a successful outcome in this case and will continue its work for Westmoreland. Following disclosure under its revised procedures, McKinsey RTS is confident that the Court will authorize McKinsey's retention and payment for its services. If the revised disclosure does not result in McKinsey's retention, then McKinsey will remain proud of its work for Westmoreland and waive any fees.

8. This motion makes three requests:

(a) the Court issue an order deferring consideration of the pending application to retain McKinsey in this case until the procedures set forth above are completed;

(b) the Court stay discovery propounded by Mar-Bow and McKinsey RTS pending McKinsey's new disclosures, as the scope of the parties' dispute will be redefined as a result of this process; and

(c) the Court give instructions to McKinsey concerning any additional steps that the Court believes will enhance McKinsey's good faith efforts in this case with respect to disclosure.

**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

9. To implement the foregoing successfully, the WLB Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the WLB Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

**Emergency Consideration**

10. Pursuant to Bankruptcy Local Rule 9013-1(i), Westmoreland and McKinsey RTS respectfully request emergency consideration of this motion in light of the facts and circumstances of these cases.

**Notice**

11. The WLB Debtors will provide notice of this motion to the following parties or their respective counsel: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Official Committee of Unsecured Creditors; (c) the indenture trustee under the WLB Debtors' 8.75% senior secured notes due 2022; (d) the ad hoc group of lenders under the WLB Debtors' prepetition term loan facility due 2020 and the WLB Debtors' 8.75% senior secured notes due 2022; (e) the administrative agent under the WLB Debtors' prepetition term loan facility due 2020; (f) the administrative agent under the WMLP Debtors' term loan facility due 2018; (g) the ad hoc committee of certain lenders under the WMLP Debtors' term loan facility due 2018; (h) the administrative agent under the WLB Debtors' debtor-in-possession financing facility; (i) the lenders under the WLB Debtors' debtor-in-possession financing facility; (j) any statutory committee appointed in these cases; (k) the United States Attorney's Office for the Southern District of Texas; (l) the Internal Revenue Service; (m) the Environmental Protection

Agency and similar state environmental agencies for states in which the WLB Debtors conduct business; (n) the offices of the attorneys general for the states in which the WLB Debtors operate; (o) the Securities and Exchange Commission; (p) McKinsey RTS; and (q) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The WLB Debtors and McKinsey RTS submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the WLB Debtors and McKinsey RTS respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
February 20, 2019

*/s/ Matthew D. Cavenaugh*
Patricia B. Tomasco (Bar No. 01797600)
Matthew D. Cavenaugh (Bar No. 24062656)
**JACKSON WALKER L.L.P.**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: mcavenaugh@jw.com

- and -

James H.M. Sprayregen, P.C.
Michael B. Slade (Bar No. 24013521)
Gregory F. Pesce (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Email: james.sprayregen@kirkland.com
michael.slade@kirkland.com
gregory.pesce@kirkland.com

-and-

Edward O. Sassower, P.C.
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: edward.sassower@kirkland.com
stephen.hessler@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

*/s/ Zack A. Clement*

Zack A. Clement
**ZACK A. CLEMENT PLLC**
3753 Drummond Street
Houston Texas 77025
Telephone: (832) 274-7629
E-mail: zack.clement@icloud.com

- and -

Faith E. Gay (pro hac vice)
Christine H. Chung (pro hac vice)
Jennifer M. Selendy (pro hac vice)
**SELENDY & GAY PLLC**
1290 Avenue of the Americas.
New York, New York 10104
Telephone: (212) 390-9000
Email: fgay@selendygay.com
cchung@selendygay.com
jselendy@selendygay.com

*Attorneys for McKinsey RTS*

**Certificate of Service**

    I certify that on February 20, 2019, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                             */s/ Matthew D. Cavenaugh*
                                                                               Matthew D. Cavenaugh