UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/21/2019

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| WESTMORELAND COAL COMPANY, *et al.*,[2] | ) ) ) | Case No. 18-35672 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |
| | ) | Re: Docket No. 1422 |

**ORDER APPROVING MOTION
BY WESTMORELAND COAL COMPANY AND
CERTAIN DEBTOR AFFILIATES AND MCKINSEY
RECOVERY & TRANSFORMATION SERVICES U.S., L~~L~~C
IN FURTHERANCE OF MEDIATION AGREEMENT**

Upon the motion (the "Motion")[3] of Westmoreland Coal Company and certain of its affiliates ("Westmoreland") and McKinsey Recovery & Transformation Services U.S., LLC ("McKinsey RTS") for entry of this order (the "Order") in furtherance of their mediation agreement, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1409; and this Court having found that the WLB Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having found that there is good cause for waiving the stay referred to in Bankruptcy Rule

---

[2] Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent in these chapter 11 cases at www.donlinrecano.com/westmoreland.  Westmoreland Coal Company's service address for the purposes of these chapter 11 cases is 9540 South Maroon Circle, Suite 300, Englewood, Colorado 80112.

[3] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

6004(h), to the extent it is applicable; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT.

1. The Motion is granted as provided herein.

2. Consideration of Westmoreland's application to retain McKinsey RTS is deferred until the procedures set forth in the Motion above are completed.

3. ~~McKinsey RTS shall adhere to the directions (if any) described by the Court on the record with regard to any additional steps the Court believes will enhance McKinsey RTS's good faith efforts in this case with respect to disclosure.~~

3. The procedures in paragraph 5 of the motion are incorporated herein. The Court hopes that the protocol to be developed by McKinsey will lead to a comprehensive national standard for all professionals.

4. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order. **

Signed: February 21, 2019.

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

---

** The Court has compared this order to the version that was originally submitted with the motion. The Court greatly appreciates the concern expressed by the moving parties that consultation with Mar-Bow had not yet occurred and therefore the request for a stay of all discovery related to the retention application was being withdrawn. Such actions are an indicia of the good faith that the Court requires of all parties. On its own motion, the Court stays all discovery related to the retention application until such time as a request is made for a hearing. At such time, the Court will vacate the stay and an orderly discovery process will be implemented.