UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| WESTMORELAND COAL COMPANY, *et al.*,[1] | ) ) ) | Case No. 18-35672 (DRJ) |
| Debtors. | ) ) | (Jointly Administered) |
|  | ) ) | Re: Docket No. __ |

### ORDER AUTHORIZING AND APPROVING SETTLEMENT TERM SHEET BETWEEN THE WLB DEBTORS AND THE COAL ACT RETIREES COMMITTEE

Upon the motion (the "Motion")[2] of the above-captioned Debtors for entry of this Order, approving a settlement consistent with the Term Sheet (the "Settlement") attached hereto as **Annex 1**, by and among the WLB Debtors and the Coal Act Retirees Committee, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the parties negotiated the terms and conditions of the Settlement in good faith, at arm's length, and free of any collusion; and this Court having found that the terms and conditions of the Settlement are fair, equitable, reasonable and in the best interests of the Debtors, their respective estates, creditors and equity holders, and is a valid and sound exercise of the business judgment of the

---

[1] Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent in these chapter 11 cases at www.donlinrecano.com/westmoreland. Westmoreland Coal Company's service address for the purposes of these chapter 11 cases is 9540 South Maroon Circle, Suite 300, Englewood, Colorado 80112.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Debtors and should be approved; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having found that there is good cause for waiving the stay referred to in Bankruptcy Rule 6004(h), to the extent it is applicable; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT.

1. The Motion is granted as provided herein.

2. The terms of the Settlement attached hereto as **Annex 1** are approved.

3. The Debtors are hereby authorized and directed to effectuate the Settlement consistent with the Term Sheet, and the Debtors are authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary to immediately continue and fully implement the Settlement in accordance with the terms and conditions set forth in the Term Sheet, all of which are hereby approved.

4. Upon the Debtors' entry into the Settlement, it shall be binding on them, their estates, and any trustee appointed in these cases.

5. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
Houston, Texas

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

## **Annex 1**

**Term Sheet**

# Term Sheet For Settlement Between The WLB Debtors,[1] The Section 1114 Coal Act Retirees Committee,[2] And The Stalking Horse,[3] Regarding The WLB Debtors' Liabilities Under The Coal Act[4]

Westmoreland Coal Company and its subsidiary Basin Resources, Inc. (collectively, "**WCC**") provide retiree medical benefits to employees (or their eligible dependents) previously affiliated with the United Mine Workers of America ("**UMWA**") with respect to WCC's former "Heritage" operations in North Carolina and Virginia (collectively, "**Heritage Retirees**"), including benefits articulated in the Coal Act.  Under the Coal Act, the WLB Debtors are currently obligated to pay premiums to the UMWA 1992 Benefit Plan ("**1992 Plan**") and the UMWA Combined Benefit Fund ("**Combined Fund**" and, collectively with the 1992 Plan, "**Coal Act Funds**").  In addition, under the Coal Act, the WLB Debtors are obligated to provide health benefits coverage to certain Heritage Retirees.  Of the Heritage Retirees, those who are protected by the Coal Act are referred to herein as "**Coal Act Retirees**" and those who are not protected by the Coal Act are referred to herein as "**Non-Coal Act Retirees**."

The WLB Debtors shall file a motion pursuant to Federal Rule of Bankruptcy Procedure 9019 seeking approval, as part of a modified Plan and Confirmation Order,[5] of this Term Sheet, reflecting agreement between the Debtors, the Coal Act Retirees Committee, and the Stalking Horse, to settle and resolve the WLB Debtors' obligations under the Coal Act and with respect to the Coal Act Retirees, and to settle and resolve the Debtors' motion, filed at Docket 1091 ("**1114 Motion**"), as it relates to the Coal Act and the Coal Act Retirees, with the terms listed below.

1. <u>Safe Harbor</u>.  Following consummation of the proposed sale of the **Core Assets** (as that term is defined in the 1114 Motion) to the Stalking Horse, the Stalking Horse will be deemed to qualify under the safe harbor set forth in Section 9701(c)(8) of the Coal Act and therefore will not be a "successor in interest" nor a successor to any "signatory operator" or related person as those terms are used in the Coal Act and federal labor law.

---

[1] The "**WLB Debtors**" includes Westmoreland Coal Company and its Debtor affiliates, including all successors-in-interest (but for the avoidance of doubt, excluding the Stalking Horse), with the exception of Westmoreland Resources Partners, LP ("**WMLP**") and WMLP's subsidiaries.

[2] Refer to the January 10, 2019 order, filed at Docket No. 1023, appointing the representatives to this committee to serve as representatives on behalf of Coal Act Retirees (defined below) in connection with the bankruptcy cases of the WLB Debtors.  This Committee is referred to herein as the "**Coal Act Retirees Committee**".

[3] The "**Stalking Horse**" refers to the ad hoc group of approximately 87% of WLB Debtors' first lien holders who are acquiring the Core Assets pursuant to the WLB Debtors' chapter 11 plan.

[4] Coal Industry Retiree Health Benefit Act of 1992, 26 U.S.C. § 9701, *et seq.* ("**Coal Act**").

[5] The Joint Chapter 11 Plan of Westmoreland Coal Company and Certain Debtor Affiliates [Docket No. 788] (as further modified, amended, or supplemented in accordance with the terms thereof, the "**Plan**") and the order confirming the WLB Debtors' Plan ("**Confirmation Order**"), as modified to, among other things, incorporate this Term Sheet.

2.     <u>The IEP</u>:  Subject to Paragraph 5(b) below, the WLB Debtors shall continue to comply with Section 9711 of the Coal Act by providing Retiree Benefits as defined in Section 1114 of the Bankruptcy Code to the Coal Act Retirees through an individual employer plan until the earlier of (a) the closing of the sale of the Core Assets to the Stalking Horse (or any other purchaser under substantially the same terms) or (b) conversion of all of the WLB Debtors' cases to chapter 7 (the "**CDB Date**").

3.     <u>Surety Bonds:</u>  The Confirmation Order shall authorize and approve a draw, for benefit of the 1992 Plan, as of the CDB Date on (a) the surety bond issued for the benefit of the 1992 Plan in the amount of $8,750,000 (Zurich bond #90038828), and (b) the surety bond issued for the benefit of the 1992 Plan in the amount of $318,000 (Traveler's bond #104059215).  The Debtors and the Stalking Horse shall be deemed to have waived defenses or objections to such a draw and any right to claw back any funds drawn on such surety bonds.  Such waiver shall be binding on any successors of such parties, including any chapter 7 or chapter 11 trustee, or any plan administrator or liquidating trustee created under the Plan.

4.     Premium Obligations:  The WLB Debtors shall comply with the premium obligations set forth in Section 9704 and Section 9712 of the Coal Act until the CDB Date.  This date shall be referred to herein as the "**Premium End Date**."  The WLB Debtors shall have no obligations to make premium contributions to the Coal Act Funds at any time following the Premium End Date.

5.     Temporary Continuation of IEP Coverage:  The WLB Debtors shall facilitate the transition of Coal Act Retirees from the IEP to the 1992 Plan so as to assure that there is no gap in benefit coverage and a smooth process.  To this end, at a minimum, the WLB Debtors shall provide the following transition services:

    a.     As soon as practicable, to the extent not previously provided, the Debtors shall transmit to the Coal Act Funds: (i) a roster of all beneficiaries with date of birth, social security number and current contact information; (ii) a copy of its benefit plan(s); (iii) designated liaisons from WCC's internal benefits staff, pharmacy benefits manager, and claims administrator/carrier, together with authorization to immediately begin coordination with the 1992 Plan and (iv) such other information as may be requested by the 1992 Plan as reasonably necessary to facilitate the transition of process;

    b.     The Confirmation Order shall direct the 1992 Plan to select an enrollment date ("**Enrollment Date**") for its coverage of the transferred beneficiaries to begin, provided, however, that such Enrollment Date shall occur within 90 days after the CDB Date.  Notwithstanding Paragraph 2 above, prior to the Enrollment Date, the transferred beneficiaries shall continue to be covered by the IEP.  On and after the Enrollment Date, the transferred beneficiaries shall be covered by the 1992 Plan.

    c.     WCC and its carrier and pharmacy benefits manager shall be directed to send the required Medicare written notice to the beneficiaries and to Medicare, to the

        effect that WCC is terminating coverage and the 1992 Plan is enrolling the beneficiaries for coverage to transition on the Enrollment Date.

    d.    The Confirmation Order shall direct the 1992 Plan to send enrollment/information packets and insurance cards to the beneficiaries, and enroll the eligible beneficiaries so that their coverage begins at 12:01 a.m. on the Enrollment Date. WCC will terminate its coverage of the beneficiaries effective midnight of the night before the Enrollment Date.

    e.    Claims for covered benefits received after the Enrollment Date for dates of service prior to the Enrollment Date will be paid by WCC.

    f.    Any communications to the Coal Act Retirees from the Coal Act Retirees Committee regarding participation in the IEP or termination thereof or necessary to communicate this settlement shall first be provided to the WLB Debtors and the Stalking Horse with a reasonable opportunity to review and comment to assure that such communications do not alter or vary the terms of this settlement. The parties shall resolve any differences promptly and in good faith.

6.    <u>Bar on Further Modifications:</u>  The Debtors shall be barred from (a) seeking any additional relief under Section 1114 regarding the Coal Act Retirees' benefits, and (b) further modifying, changing or terminating the Retiree Benefits for the Coal Act Retirees prior to the applicable CDB Date.

7.    <u>Non-Coal Act Retirees:</u>  The settlement contained herein shall **not** be used in any way to reduce any amounts previously offered to the UMWA in the 1114 Motion, including, but not limited to, the proposal set forth in Exhibit 2 to the 1114 Motion.

8.    <u>Plan Support:</u>  The Coal Act Retirees Committee shall (a) withdraw their objection to the 1114 Motion and (b) support confirmation of the Plan.

9.    <u>Successors:</u>  This agreement shall be binding on (a) any successor to or assignee of the Debtors, (b) the Stalking Horse or any other purchaser of the Core Assets, and (c) Chapter 7 trustee, Chapter 11 trustee, chapter 11 plan administrator, or a liquidating trustee created under a confirmed Ch. 11 Plan.

**Section 1114 Coal Act Retirees Committee**

| By: */s/ Allison Byman*<br>Allison Byman, Esq.<br>adb@bymanlaw.com | By: */s/ Leif Clark*<br>Hon. Leif Clark (Ret.)<br>lmclark@leifmclark.com | By: */s/ Sylvia Mayer*<br>Sylvia Mayer, Esq.<br>smayer@smayerlaw.com |
|---|---|---|

**WLB Debtors**

| By: */s/ Michael B. Slade*<br>Michael B. Slade<br>michael.slade@kirkland.com | By: */s/ Gregory Pesce*<br>Gregory Pesce<br>gregory.pesce@kirkland.com | By: */s/ Greg Ossi*<br>Gregory Ossi<br>greg.ossi@dbr.com |
|---|---|---|

**Stalking Horse**

| By: */s/ Thomas Mayer*<br>Thomas Mayer<br>tmayer@kramerlevin.com | By: */s/ Philip Bentley*<br>Philip Bentley<br>pbentley@kramerlevin.com | By: */s/ John Higgins*<br>John Higgins<br>jhiggins@porterhedges.com |
|---|---|---|