IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **Westmoreland Coal Company**, *et al.*, | § | Case No. 18-35672 |
| | § | |
| **Debtors.** | § | (Jointly Administered) |

**LIMITED PROTECTIVE OBJECTION OF THE UNITED STATES OF AMERICA
(ARMY CORPS) TO WMLP DEBTORS' JOINT PLAN OF LIQUIDATION**

**To the Honorable David R. jones,**
**Chief United States Bankruptcy Judge:**

1.  The United States of America (United States), on behalf of the United States Department of the Army, Corps of Engineers (the "Corps") hereby files this limited protective objection to confirmation of the WMLP Debtor proposed Joint Plan of Liquidation ("Plan") (Docket No. 1612).

2.  The United States, through the Corps, has regulatory authority under Section 404 of the Clean Water Act, 33 U.S.C. § 1344.  This statute was enacted, inter alia, to ensure that parties discharging into the waters of the United States take the necessary steps to protect the public from serious environmental and health risks. The obligations imposed by this statute are mandatory requirements to maintain regulatory compliance that are fully applicable to debtors.

3.  "A bankruptcy petition is not a grant of immunity.  Bankruptcy debtors are no different from any citizen in that they must comply with state and federal laws." *In re Am. Coastal Energy Inc.*, 399 B.R. 805, 810 (Bankr. S.D. Tex. 2009); *see also In re H.L.S. Energy Co.*,151 F.3d 434 (5th Cir. 1998); 28 U.S.C. 959(b) (requiring compliance with applicable non-bankruptcy law in managing and operating property of the estate*); In re Cajun Elec. Power Co-op, Inc.*, 150 F.3d 503, 519 (5th Cir. 1998) (Plan may not propose "independent illegality").

4.    The Clean Water Act (CWA) was enacted in 1972 "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). In order to achieve these goals, Section 301(a) of the CWA makes unlawful the discharge of any pollutant into navigable waters except as authorized pursuant to CWA Section 402 or 404. 33 U.S.C. §§ 1311(a), 1342, 1344. Section 404(a) of the CWA, 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through Corps' Chief of Engineers, to issue permits for the discharge of dredged or fill material into navigable waters, including streams and wetlands, at specified disposal sites. Regulations implementing the Corps' statutory authority are codified at 33 C.F.R. § 320, *et seq.* At mining sites, the discharge of fill material may obliterate the aquatic resource (i.e., the streams and wetlands) and any aquatic life in them. The permits issued by Corps require permittees to mitigate these impacts by re-creating or restoring the impacted aquatic resources in order to maintain the chemical, physical and biological integrity of the Nation's waters. As permittees, the WMLP Debtors (or "Debtors"), are obligated to restore the aquatic resources adversely impacted by their mining operations.

5.    Debtors are responsible for certain outstanding mitigation obligations required by Section 404 of the CWA and various CWA Section 404 permits issued by the Corps to WMLP Debtors' associated with Debtors' mining operations in Kentucky and Ohio. *See* Protective Proof of Claim #1356.

6.    WMLP Debtors claim that the purchaser of their Oxford mining assets in these two states assumed all associated reclamation/environmental compliance obligations, but the scope of the assumed reclamation/environmental compliance obligations is the subject of litigation  among the Debtors, the purchaser of the mining assets, and the State of Ohio on behalf of the Ohio Environmental Protection Agency (Ohio EPA). Adv. Pro. No. 19-03354.  The State of Ohio is

seeking a declaration that the purchaser assumed all liabilities arising out of or related to certain CWA Section 401 water quality certifications, isolated wetland permits and CWA Section 404 permits but the case is pending. Adv. Pro. No. 19-03354, Docket No. 14.

7.     Debtors now seek approval of a Plan that places the vast majority of the assets through which compliance with environmental regulatory obligations could be achieved into a Liquidating Trust without any clear requirement of and provision for compliance.

8.     Indeed, Debtors' Plan proposes that their subsidiaries continue to hold Retained Permits, while transferring all Retained Assets used to comply with those Retained Permits to the Liquidating Trust.  Plan at 22. "Retained Permits" include "mining, reclamation, water… or other permits licenses or similar governmental authorizations required to operate WMLP Debtors' businesses."  Plan at 11.  Debtors have not made adequate provision for compliance with their CWA Section 404 liability and mitigation obligations in the Plan given that the Oxford asset purchaser contests their position.

9.     Debtors' Plan assumes that the CWA Section 404 obligations have been assumed by the Oxford asset purchaser but that assumption is the subject of a related, thus far unresolved controversy and litigation. Although progress in settlement negotiations has been reported, the prospect for and terms of settlement have not been approved.

10.     The United States is not aware of any other persons filing applications for the regulatory approvals necessary to assume the WMLP Debtors' Section 404 permits and CWA liability and their associated mitigation obligations.

11.     In light of these circumstances, the Corps protectively objects to the Plan because it fails to provide for full compliance with such legal requirements and would be not feasible and would be forbidden by law in contravention of 11 U.S.C. § 1129(a)(1), 1129(a)(3) and 1129(a)(11).

12. Section 1129(a)(11) of the Code establishes what is commonly known as the "feasibility" requirement. The bankruptcy court cannot approve a plan unless it has at least "a reasonable probability of success." *In re T-H New Orleans Ltd. Partnership*, 116 F.3d 790, 801 (5th Cir. 1997).  Without the assumption of the CWA Section 404 obligations by the Oxford asset purchaser, which is being contested, the Plan does not meet this requirement because it fails to provide for the compliance obligations for the Oxford mines and leaves an entity holding permits without adequate resources to comply.

13. Section 1129(a)(3) of the Code mandates that the Plan can be confirmed only if it "has been proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1129(a)(3). The Plan likewise does not meet the requirements of Section 1129(a)(3) because, by proposing to avoid regulatory obligations by removing all assets from permittees and not making adequate provision for compliance with the law.[1]  *See In re Cajun Elec. Power Co-op, Inc.*, 150 F.3d 503, 519 (5th Cir. 1998) (Plan may not propose "independent illegality").

WHEREFORE, the United States respectfully objects, protectively, to confirmation of the Plan.

Dated: May 29, 2019

Respectfully submitted,

RYAN K. PATRICK,
United States Attorney

By:     *s/ Richard A. Kincheloe*
Richard A. Kincheloe
Assistant United States Attorney
Attorney-in-Charge
United States Attorney's Office
Southern District of Texas
Texas Bar No. 24068107

---

[1] The United States reserves the right to supplement this limited protective objection based on any developments in the pending litigation or any settlement thereof.

4

S.D. Tex. ID No. 1132346
1000 Louisiana St., Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9422
Facsimile: (713) 718-3033
Email:  Richard.Kincheloe@usdoj.gov


CAITLIN MCCUSKER
United States Department of Justice
Environment and Natural Resources
Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1950
caitlin.mccusker@usdoj.gov

ALAN S. TENENBAUM
Environmental Enforcement Section
Environment and Natural Resource Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611


## <u>Certificate of Service</u>

The undersigned certifies that he served the foregoing Limited Objection on the parties receiving ECF notice in this case on May 29, 2019 through the Court's ECF notification system.

 *s/ Richard A. Kincheloe*
Richard A. Kincheloe
Assistant United States Attorney