**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WESTMORELAND COAL COMPANY, *et al.*,[1] | § | Case No. 18-35672 (DRJ) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**NONPARTY ALIXPARTNERS LLP'S EMERGENCY MOTION FOR**
**RECONSIDERATION OF THE DECEMBER 13, 2019 ORDER COMPELLING**
**PARTIAL PRODUCTION OF THE COMPETITIVE RESPONSE DOCUMENT**

---

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**A HEARING WILL BE HELD ON THIS MATTER AS SOON AS POSSIBLE BEFORE THE HONORABLE DAVID R. JONES, 515 RUSK STREET, COURTROOM 400, HOUSTON, TEXAS 77002.**

---

[1] Due to the large number of Debtors in these chapter 11 cases, which are consolidated for procedural purposes only, a complete list of the debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein.  A complete list of such information may be obtained on the website of the proposed claims and noticing agent in these chapter 11 cases at www.donlinrecano.com/westmoreland.  Westmoreland Coal Company's service address for the purposes of these chapter 11 cases is 9540 South Maroon Circle, Suite 300, Englewood, Colorado 80112.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................................................1

FACTUAL BACKGROUND.....................................................................................................3

    A.    The Delaware Chancery Court Enters Orders Protecting AlixPartners'
Confidential Information From Disclosure To McKinsey............................................3

    B.    McKinsey Files An Application To End The Continuing Effect Of The
Confidentiality Order, Which The Delaware Court Of Chancery Rejects. ..................5

APPLICABLE LEGAL STANDARD .......................................................................................6

ARGUMENT ............................................................................................................................8

    I.    McKinsey Is Estopped From Relitigating Whether The Confidentiality Order
And Pretrial Stipulation Apply To The Competitive Response Document And
McKinsey.....................................................................................................................8

    II.    Comity Weighs Against Compelling The Production Of The Competitive
Response Document.....................................................................................................10

    III.    If The Motion Is Denied, A Stay Is Warranted To Permit AlixPartners To
Pursue Other Remedies, Including A Possible Expedited Appeal. ............................12

CONCLUSION.......................................................................................................................14

## **TABLE OF AUTHORITIES**

**Cases**                                                                                    **Page(s)**

*Advanced Litig., LLC v. Herzka,*
    No. 19789, 2006 WL 4782445 (Del Ch. Aug. 10, 2006) ..........................................................9

*Austin v. Kroger Tex., L.P.,*
    864 F.3d 326 (5th Cir. 2017) .................................................................................................7

*Benge v. Oak Grove Motor Court, Inc.,*
    No. Civ. A. 1837-N, 2006 WL 2588934 (Del. Ch. Aug. 30, 2006)........................................10

*In re Benjamin Moore & Co.,*
    318 F.3d 626 (5th Cir. 2002) .................................................................................................7

*Bushman v. Moore (In re Moore),*
    No. 08-31536-H3-7, 2008 WL 5479084 (Bankr. S.D. Tex. Dec. 18, 2008) ............................8

*In re Dernick,*
    No. 18-32417, 2019 Bankr. LEXIS 116 (Bankr. S.D. Tex. Jan. 16, 2019) ............................13

*Donovan v. Lewnowski,*
    221 F.R.D. 587 (S.D. Fla. 2004) ....................................................................................10, 11

*Dushkin Publ'g Grp., Inc. v. Kinko's Serv. Corp.,*
    136 F.R.D. 334 (D.D.C. 1991)...........................................................................................11

*Fisherman's Harvest, Inc. v. Post, Buckley, Schuh & Jernigan, Inc.,*
    No. G-05-0151, 2008 WL 4277001 (S.D. Tex. Sept. 10, 2008)...........................................7

*Holland v. Summit Tech., Inc.,*
    2001 WL 1132030 (E.D. La. Sept. 21, 2001) ......................................................................10

*Lowe v. Veliz (In re Tex. Bumper Exch., Inc.),*
    333 B.R. 135 (Bankr. W.D. Tex. 2005) ..................................................................................7

*McNally v. Esmark, Inc. (In re Transocean Tender Offer Sec. Litig.),*
    427 F. Supp. 1211 (N.D. Ill. 1977) .......................................................................................9

*Messick v. Star Enter.,*
    655 A.2d 1209 (Del. 1995) ...................................................................................................8

*Mugworld, Inc. v. G.G. Marck & Assocs., Inc.,*
    No. 05-cv-441, 2007 WL 2229568 (E.D. Tex. June 15, 2007) .................................10, 11, 12

*O'Bryan v. McKaskle,*
    729 F.2d 991 (5th Cir. 1984) ...............................................................................................13

*Pittsburgh Corning Corp. v. Caldwell,*
    861 S.W.2d 423 (Tex. App. 1993) ...................................................................12

*Public Citizen v. Liggett Grp., Inc.,*
    858 F.2d 775 (1st Cir. 1988) ...........................................................................11

*Ramsey-Ledesma v. Censeo Health LLC,*
    No. 3:14-cv-00118-M (N.D. Tex. Aug. 8, 2017) ...............................................13

*Rogers v. Morgan,*
    208 A.3d 342 (Del. 2019) ..................................................................................8

*Saldana v. Saldana,*
    No. 15-CV-1918-L, 2015 U.S. Dist. LEXIS 112164 (N.D. Tex. Aug. 25,
    2015) ................................................................................................................13

*Taylor v. State,*
    402 A.2d 373 (Del. 1979) ..................................................................................8

*Tucker v. Ohtsu Tire & Rubber Co.,*
    191 F.R.D. 495 (D. Md. 2000) .....................................................................11, 12

*Vine v. PLS Fin. Servs., Inc.,*
    No. 18-CV-00450, 2019 U.S. Dist. LEXIS 153328 (E.D. Tex. Sep. 9, 2019) ........13

**Statutes, Rules & Other Authorities**

Del. Ct. Ch. R. 5.1(g) .................................................................................2, 5, 10

Del. Ct. Ch. R. 5.1(g)(2) ...................................................................................6

Fed. R. Bankr. P. 7054 .....................................................................................6

Fed. R. Bankr. P. 7054(a) ..............................................................................1, 6

Fed. R. Bankr. P. 8007(a)(1) ...........................................................................12

Fed. R. Bankr. P. 8007(a)(2) ...........................................................................13

Fed. R. Bankr. P. 9014(c) ..............................................................................1, 6

Fed. R. Civ. P. 54(a)-(c) ...................................................................................6

Fed. R. Civ. P. 54(b) ...................................................................................1, 6, 7

Nonparty AlixPartners LLP ("**AlixPartners**") respectfully submits this Emergency Motion for Reconsideration (the "**Motion for Reconsideration**") of the Court's December 13, 2019 Order (the "**Production Order**") compelling AlixPartners to produce portions of a highly confidential document referenced in these proceedings as the "Competitive Response Document" (the "**Competitive Response Document**"), issued following the December 4, 2019 motion hearing (together with the December 3, 2019 motion hearing, the "**Motion Hearing**") on (i) McKinsey Recovery & Transformation Services U.S., LLC's and its affiliates' ("**McKinsey**") November 26, 2019 Emergency Motion To Compel Discovery From AlixPartners LLP ("**Motion to Compel**") [Docket No. 2508] and (ii) AlixPartners' December 2, 2019 Response To The Emergency Motion To Compel And Emergency Cross-Motion To Quash ("**Motion to Quash**") [Docket No. 2522]. At the Motion Hearing, the Court granted in part and denied in part the Motions to Compel and to Quash, and, among other things, directed AlixPartners to produce pages 9, 10, and the left-hand column of page 15 of the Competitive Response Document (the "**Competitive Response Excerpt**"), subject to entry of an appropriate order and any further review or relief sought by AlixPartners.  For the reasons below, AlixPartners seeks reconsideration of the Production Order and an order denying in its entirety McKinsey's Motion to Compel with respect to the Competitive Response Document.

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 54(b),[2] AlixPartners respectfully seeks reconsideration of the Production Order based on the effect of the Delaware Court of Chancery's August 19, 2019 Ruling in the Delaware Litigation,[3] which denied McKinsey's application to

---

[2]   As made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7054(a) and 9014(c).

[3]   Order Denying Plaintiffs' Motion For Reargument ("**August 2019 Ruling**"), in *AlixPartners, LLP v. Thompson*, No. 9523-VCZ (Del. Ch. Aug. 19, 2019) (the "**Delaware Litigation**").

1

access the Competitive Response Document as a supposedly public document.  AlixPartners briefly advanced this argument in its opposition to the Motion to Compel (*see* Motion to Quash at 9-10), but submits this motion to bring additional authorities to the Court's attention.

McKinsey's Motion to Compel seeks to relitigate part of its recent, unsuccessful challenge to the continuing effect of a Confidentiality Order[4] and Pretrial Order[5] entered by the Delaware Court of Chancery.  Paragraph 7 of that Confidentiality Order specifically prohibits the production of the Competitive Response Document ***to McKinsey***.[6]  McKinsey nonetheless sought a determination pursuant to the Delaware Court of Chancery Rule 5.1(g) ("**Rule 5.1(g)**") that the Confidentiality Order no longer barred "public" access to the Competitive Response Document.[7]

Before the Chancery Court decided whether the Competitive Response Document should be made publicly available under Rule 5.1(g), it first addressed whether the Confidentiality Order or Pretrial Stipulation entered in that case barred McKinsey from accessing the document.  McKinsey expressly argued that it was not bound by either the Confidentiality Order or the Pretrial Stipulation.  (Powell Supplemental Decl. Ex. 3 at 10.)  After extensive motion practice and oral argument, the Chancery Court held that the Competitive Response Document remained entitled to continued confidential treatment under the Confidentiality Order and Pretrial Stipulation because

---

[4]   The Stipulation and Order for the Production and Exchange of Confidential and Highly Confidential Information entered by the Delaware Court of Chancery on June 27, 2014 (the "**Confidentiality Order**") in the Delaware Litigation.  (Powell Supplemental Decl. Ex. 1.)

[5]   The Joint Pretrial Stipulation and [Proposed] Order dated September 9, 2014 (the "**Pretrial Stipulation**") in the Delaware Litigation.  (Powell Supplemental Decl. Ex. 2.)

[6]   Paragraph 7 states in part that "no Confidential or Highly Confidential Discovery Materials shall be disclosed to any employee of McKinsey & Company or McKinsey RTS other than the Defendants in this Litigation . . . ." (Powell Supplemental Decl. Ex. 1.)  As the Competitive Response Document was produced in the Delaware Litigation and marked "Highly Confidential Discovery Material," the Confidentiality Order plainly prohibits McKinsey from obtaining the document.

[7]   Although McKinsey presented itself as a champion of the public interest in advancing its application, the Chancery Court saw through this.  August 2019 Ruling at ¶ 15 (noting that "nobody seeks disclosure of [the Competitive Response Document] other than McKinsey" and that "McKinsey's private desire to wield that exhibit against AlixPartners does not suggest a powerful public access interest").

of the "particularized harm" that would result to AlixPartners from its disclosure.  (Powell Decl. Ex. 7 at ¶¶ 12, 14, 16.)

McKinsey should be estopped from relitigating here whether the Competitive Response Document can be disclosed to McKinsey (or anyone else) notwithstanding the Confidentiality Order and Pretrial Stipulation.  Yet that is exactly what its subpoena and Motion to Compel did. This Court should reject McKinsey's demands, defer as a matter of comity to the Chancery Court's rulings, and quash the production of the Competitive Response Document in its entirety.

## FACTUAL BACKGROUND

### A.    The Delaware Chancery Court Enters Orders Protecting AlixPartners' Confidential Information From Disclosure To McKinsey.

The proceedings in Delaware began when AlixPartners sued two former employees, alleging that they stole AlixPartners' confidential information and took it to McKinsey, their new employer.  (Powell Supplemental Decl. Ex. 4.)  The central focus of the case was keeping AlixPartners' confidential information out of McKinsey's hands.  From the outset of the litigation, AlixPartners took action to protect its information, including by filing a Motion for a Temporary Restraining Order ("**TRO**").  (Powell Supplement Decl. Ex. 5 at 1-4.)  McKinsey was involved in the negotiations over the TRO and committed to instruct the Defendants to refrain from working with past AlixPartners clients.  (Powell Supplemental Decl. Ex. 6 at 5.)  The Chancery Court granted AlixPartners a TRO on May 9, 2014.  (Powell Supplemental Decl. Ex. 7.)

To protect documents exchanged in discovery and used in the case, the Court of Chancery entered the Confidentiality Order on June 27, 2014.  (Powell Supplemental Decl. Ex. 1 at 29.) Paragraph 2 of the Confidentiality Order permitted AlixPartners to designate a document "Highly Confidential" if it "in good faith reasonably believe[d] the disclosure" of the document was "substantially likely to cause injury to the Producing Party."  (*Id.* at 3.)

3

Additionally, Paragraph 7 of the Confidentiality Order specifically provided that such materials cannot be disclosed to *McKinsey*:

> For the avoidance of doubt, ***no Confidential or Highly Confidential Discovery Materials shall be disclosed to any employee of McKinsey & Company or McKinsey RTS other than the Defendants in this litigation***, except to the extent allowed pursuant to Paragraphs 5(C)-(D) with respect to Confidential Discovery Materials and Paragraphs 6(B)-(C) testimony with respect to Highly Confidential Discovery Materials.

(Powell Supplemental Decl. Ex. 1 at 10 (emphasis added).)  Paragraph 7 was essential to preserve AlixPartners' purpose in commencing the Delaware Litigation, *i.e.*, to prevent AlixPartners' highly sensitive and trade secret information from falling into McKinsey's hands.

The Chancery Court reviewed the Competitive Response Document *in camera* and ordered AlixPartners to produce it to the Defendants (***but not McKinsey***), subject to certain redactions. Pursuant to the terms of the Confidentiality Order, AlixPartners designated the Competitive Response Document "Highly Confidential."  (Powell Decl. Ex. 9 at ¶ 3.)  That meant that the document could not be disclosed to McKinsey.  (Powell Supplemental Decl. Ex. 1 at 10.)

To further protect confidential materials at trial, the parties negotiated the Pretrial Stipulation.  It provided that the parties would finalize a list of joint trial exhibits that would "identify any highly confidential documents that should be received by the Court 'under seal.'" (*Id.* at ¶¶ 1, 4.)  It also provided that "to the extent possible using best efforts, [the parties] will not disclose in open court the highly confidential portions of any highly confidential document marked on the joint exhibit list as 'under seal.'"  (*Id.* at ¶ 2.)  The Competitive Response Document was designated "Under Seal" pursuant to this order.  (August 19 Ruling at ¶ 14.)

Trial began on September 16, 2014 and ended on September 18, when the parties reached an agreement in principle to resolve the litigation.  On January 25, 2015, the parties sought dismissal of the Delaware Litigation on the basis of a confidential Settlement Agreement and

Release among AlixPartners, McKinsey, and the two Defendants.  (Powell Supplemental Decl. Ex. 8 at 1.)  McKinsey does not, and cannot, contest that the Confidentiality Order continues to be binding following that settlement and dismissal.

> **B.** **McKinsey Files An Application To End The Continuing Effect Of The Confidentiality Order, Which The Delaware Court Of Chancery Rejects.**

On November 28, 2018, McKinsey filed in the Delaware Court of Chancery an Application To Confirm That A Trial Exhibit Used In Open Court And Related Documents Are No Longer Confidential.  (Powell Decl. Ex. 9.)  McKinsey sought a ruling that the Confidentiality Order no longer bars the disclosure of the Competitive Response Document, arguing that the "confidential treatment provided to any document in any civil action expires three years after the final disposition of the action—which in this case occurred in January 2015."  (*Id.* at 2.)

The Chancery Court found that the Competitive Response Document was subject to the Confidentiality Order and Pretrial Order, that the Pretrial Order was "law of the case," and that the document "was afforded confidential treatment at trial[.]"  The Court's Ruling Re Confidentiality Of Joint Trial Exhibit 866 And Related Materials at 8:10-9:3, *AlixPartners, LLP v. Thompson,* No. 9523-VCZ (Del. Ch. May 2, 2019) ("**May 2019 Ruling**") (Powell Supplemental Decl. Ex. 9.).  In light of these findings and Rule 5.1(g),[8] the Chancery Court determined that "the public's right of access requires a showing of particularized harm to keep [the Competitive Response Document] cloaked in confidentiality" under the Confidentiality Order and Pretrial Stipulation.  (*Id.* at 4:18-20.)  The Court requested supplemental briefing on that issue.  (*Id.*)

In further briefing, McKinsey argued that it "was not a party to the underlying action and is not bound by the Confidentiality Order or the Pretrial Order."  (Powell Supplemental Decl. Ex.

---

[8]    Delaware Court of Chancery Rule 5.1(g) states in part: "Treatment of Confidential Filings three years after final disposition. – The Confidential Treatment afforded to any Document in a civil action shall expire three years after the final disposition of the civil action."

3 at 10.)  McKinsey also offered to accept a redacted version of the Competitive Response Document in an apparent attempt to redact around the effect of the Confidentiality Order and Pretrial Stipulation.  (Powell Supplemental Decl. Ex. 10 at 21.)

Following the supplemental briefing, the Chancery Court held that "AlixPartners has demonstrated particularized harm that clearly outweighs McKinsey's rights as a member of the public in this situation" and "applying Rule 5.1(g)(2) by analogy, [the Competitive Response Document] will remain confidential."  (August 2019 Ruling at ¶ 16, Powell Decl. Ex. 7.)  As directly relevant to the issue litigated in this Court, the Chancery Court held that the Confidentiality Order and subsequent Pretrial Stipulation continued to apply to the Competitive Response Document and to McKinsey's own application, specifically finding that the pretrial order should not be disturbed.  (August 2019 Ruling at ¶ 14; Powell Decl. Ex. 7; May 2019 Ruling at 8:22-9:3, Powell Supplemental Decl. Ex. 9.)

McKinsey filed an appeal to the Delaware Supreme Court.  (Powell Decl. Ex. 10 at 1.) That appeal is pending; McKinsey's reply brief is due on Wednesday, December 18, 2019. Critically, McKinsey's opening appeal brief stated that the Chancery Court found that McKinsey is "in some way precluded from pursuing [the Competitive Response Document] as a public document based on AlixPartners' use of that document in accordance with the Confidentiality Stipulation and Pretrial Order."  (Powell Supplemental Decl. Ex. 10 at 39 n.24.)

## APPLICABLE LEGAL STANDARD

A court may grant a motion for reconsideration of a previously decided issue, including those regarding discovery disputes.  Fed. R. Civ. P. 54(b) (providing that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); Fed. R. Bankr. P. 7054(a) (applying Fed. R. Civ. P. 54(a)-(c) in adversary proceedings); Fed. R. Bankr. P. 9014(c) (applying Fed. R. Bankr. P. 7054 to contested

matters); *see also Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (noting that Rule 54(b) permits reconsideration of interlocutory orders); *Lowe v. Veliz (In re Tex. Bumper Exch., Inc.)*, 333 B.R. 135, 138 (Bankr. W.D. Tex. 2005) (explaining that discovery judgments are interlocutory orders).   Courts generally grant reconsideration in one of four scenarios: (1) to address an intervening change in controlling law; (2) to consider new evidence not previously available; (3) to correct a clear or manifest error of law; or (4) to prevent manifest injustice.   *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *Fisherman's Harvest, Inc. v. Post, Buckley, Schuh & Jernigan, Inc.*, No. G-05-0151, 2008 WL 4277001, at *2 (S.D. Tex. Sept. 10, 2008).   A court may reconsider and reverse its decision "***for any reason it deems sufficient***, even in the absence of new evidence or an intervening change in or clarification of substantive law." *Austin*, 864 F.3d at 336 (internal quotations and citations omitted) (emphasis added).

Reconsideration is warranted here to avoid the manifest injustice of allowing McKinsey to effectively relitigate the continuing effect of the Confidentiality Order on the Competitive Response Document, which McKinsey has already (unsuccessfully) pursued before the Delaware Court of Chancery.   Reconsideration is also appropriate under the principles of comity in order to prevent McKinsey from using this Court to end-run around the orders of another.   Following the expedited briefing on McKinsey's emergency Motion to Compel and the issues raised at the December 3rd and 4th hearing, AlixPartners respectfully presents the following arguments for reconsideration.[9]

---

[9]   McKinsey filed its Motion to Compel on an emergency basis two days before Thanksgiving and it was heard the following Tuesday.   Given the expedited schedule and intervening holiday, and the breadth of the relief sought by McKinsey to compel the production of several categories of documents, AlixPartners' initial response noted the conflict with the Delaware ruling and appeal but did not present the more complete information and supporting authority submitted in this motion.   In light of that, and the issues raised with respect to Delaware at the Motion Hearing, AlixPartners now submits these additional authorities.

## ARGUMENT

**I.      McKinsey Is Estopped From Relitigating Whether The Confidentiality Order And Pretrial Stipulation Apply To The Competitive Response Document And McKinsey.**

McKinsey has already (and very recently) litigated the continuing effect of the Confidentiality Order and Pretrial Stipulation on the Competitive Response Document on McKinsey. (Powell Decl. Ex. 7.) It lost. As McKinsey put it, the Delaware Chancery Court found that McKinsey is "in some way precluded from pursuing [the Competitive Response Document] as a public document based on AlixPartners' use of that document in accordance with the Confidentiality Stipulation and Pretrial Order." (Powell Supplemental Decl. Ex. 10 at 39 n.24.) McKinsey is estopped from relitigating that issue here.

Rules of preclusion are governed by the law of the issuing court. *See Bushman v. Moore (In re Moore)*, No. 08-31536-H3-7, 2008 WL 5479084, at *1 (Bankr. S.D. Tex. Dec. 18, 2008) ("Because the state court judgment was entered by a Texas state court, Texas rules of preclusion apply."). As the Delaware Chancery Court has issued a determination on McKinsey's access to the Competitive Response Document, Delaware law governs the preclusion of this issue in subsequent proceedings. August 2019 Ruling at ¶ 16 (Powell Decl. Ex. 7). Under Delaware law, "[t]he doctrine of collateral estoppel precludes a party from relitigating a fact issue that has previously been litigated and decided in a prior action involving that party." *Rogers v. Morgan*, 208 A.3d 342, 346 (Del. 2019) (internal quotation marks omitted); *Messick v. Star Enter.*, 655 A.2d 1209, 1211 (Del. 1995). Collateral estoppel requires that "(1) a question of fact essential to the judgment, (2) be litigated and (3) determined (4) by a valid and final judgment." *Id.* (quoting *Taylor v. State*, 402 A.2d 373, 375 (Del. 1979)).

Here, McKinsey's Motion to Compel effectively seeks to relitigate whether the Confidentiality Order and Pretrial Stipulation continue to apply to the Competitive Response

Document and to McKinsey.  McKinsey expressly argued that they did not.  (Powell Supplemental Decl. Ex. 3 at 10 (arguing that the order and stipulation are not binding on McKinsey); *see also* Powell Supplemental Decl. Ex. 10 at 39 n.24 (raising the same argument on appeal).)  The Chancery Court rejected this argument, and applied both the Confidentiality Order and Pretrial Stipulation in considering and denying McKinsey's application.  (August 2019 Ruling at ¶ 14, Powell Decl. Ex. 7.)  It also found that the "pretrial order is the 'law of the case.'"  (Powell Supplemental Decl. Ex. 9 at 8:22-9:03.)  Under Delaware law, McKinsey is collaterally estopped from arguing to the contrary now and in this forum.

*First*, the Delaware Court of Chancery determined that, in light of the continuing effect of the Confidentiality Order and Pretrial Stipulation, the "question of fact" presented by McKinsey's application was whether AlixPartners had made "a showing of particularized harm to keep [the Competitive Response Document] cloaked in confidentiality."  (Powell Supplemental Decl. Ex. 9 at 4:18-20, 8:22-9:3, 9:14-18.)  *Second*, this question was litigated extensively, through a full round of briefing, oral argument, a partial ruling, and supplemental briefing (*id*. at 04:17-22, 10:02-08).  *Third*, this question was answered (in the affirmative) by the Court of Chancery, which in its August 2019 Ruling held that "AlixPartners has demonstrated particularized harm."  (Powell Supplemental Decl. Ex. 7 at ¶ 16.)  *Fourth*, the August 2019 Ruling was a valid and final judgment on the merits of McKinsey's application.  *See Advanced Litig., LLC v. Herzka*, No. 19789, 2006 WL 4782445, at *7 (Del. Ch. Aug. 10, 2006) ("A valid and final personal judgment is one which reaches and determines the real or substantial grounds of the action or defense as distinguished from matters of practice, procedure, jurisdiction or form.").[10]

---

[10]    Delaware has not conclusively established whether a judgment on the merits is "final" for purposes of collateral estoppel during the pendency of an appeal.  *See McNally v. Esmark, Inc. (In re Transocean Tender Offer Sec. Litig.)*, 427 F. Supp. 1211, 1216 (N.D. Ill. 1977) (holding that the "court believes that Delaware courts would likewise follow [the] rule" under the First and Second Restatements of the Law of Judgment that "the pendency

McKinsey may argue that its Delaware application and pending appeal solely address whether the public (and not just McKinsey) can access the Competitive Response Document under Rule 5.1(g), and therefore are of no consequence here.  That is wrong.  The Delaware Chancery Court explained that McKinsey "challenged [the Competitive Response Document's] confidentiality under the pretrial order," ruling that AlixPartners demonstrated that it would suffer "particularized harm" if the document were disclosed to McKinsey.  (Powell Supplemental Decl. Ex. 9 at 9:14-18.)  McKinsey has admitted, as it must, that the Chancery Court found that the Confidentiality Stipulation and Pretrial Order preclude it from accessing the Competitive Response Document.  (Powell Supplemental Decl. Ex. 10 at 39 n.24.)

For these reasons, the Court should grant AlixPartners' Motion to Quash the production of the Competitive Response Document in its entirety.

## II.   Comity Weighs Against Compelling The Production Of The Competitive Response Document.

Although courts have broad discretion over discovery issues, the "need for comity is not to be downplayed."  *Mugworld, Inc. v. G.G. Marck & Assocs., Inc.*, No. 05-cv-441, 2007 WL 2229568, at *1 (E.D. Tex. June 15, 2007) (quoting *Holland v. Summit Tech., Inc.*, 2001 WL 1132030, at *4 (E.D. La. Sept. 21, 2001)).  A protective order that survives the resolution of the underlying litigation continues to have "full force and effect" on the parties subject to it, which vests the originating court with continued jurisdiction over its application.  *Donovan v. Lewnowski*,

---

of an appeal does not suspend the operation of a final judgment for purposes of res judicata"); *see also Benge v. Oak Grove Motor Court, Inc.*, No. Civ. A. 1837-N, 2006 WL 2588934, at *3 n.8 (Del. Ch. Aug. 30, 2006) ("Of course it is true that the rule in a majority of jurisdictions is that pendency of an appeal does not affect the finality of a judgment for purposes of res judicata or collateral estoppel." (citing *Restatement Second of Judgments* § 1, comment F)).  The Delaware Court of Chancery in *Benge* noted, however, that the more prudent approach may be to await a decision on the appeal.  *Id.* ("[T]he Restatement Second of Judgments § 16, at comment b, suggests that in order to avoid the problem of inconsistent judgments that would arise if the judgment in the first case is overturned on appeal, it is prudent for a court to postpone deciding the res judicata or collateral estoppel issue until all appeals in the first case have been resolved.").

221 F.R.D. 587, 589 (S.D. Fla. 2004) (quoting *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D.

495, 499 (D. Md. 2000)); *see also Dushkin Publ'g Grp., Inc. v. Kinko's Serv. Corp.*, 136 F.R.D.

334, 336 n.5 (D.D.C. 1991) ("Because the life of the protective order was intended to extend past

judgment, the issuing court retains jurisdiction.") (citing *Public Citizen v. Liggett Grp., Inc.*, 858

F.2d 775, 782 (1st Cir. 1988)).   Therefore, where a party seeks documents that require the

modification of another court's confidentiality order, the resolution "depends on principles of

federalism, comity and courtesy, as well as an evaluation of the nature of the Order, and practical

matters such as where the court should allocate the burden and expense of seeking modification of

the Order." *Tucker*, 191 F.R.D. at 499.[11]

The United States District Court in Texas has adhered to principles of comity when faced

with discovery disputes similar to the one presented here.   For example, in *Mugworld, Inc.*, the

Eastern District of Texas considered whether to compel production of deposition testimony that

was protected from disclosure pursuant to a protective order entered by the Northern District of

Ohio.   2007 WL 2229568, at *1.   There, the court explained that "[w]hile courts may vacate

protective orders issued by another court where the case has been closed or otherwise dismissed, .

. . when the other matter is ongoing, courts have held that any request necessitating the

modification of the protective order be directed to the issuing court." *Id.* (internal citations

omitted).   In the interest of comity, the court refused to disregard the order of another court,

especially when the requesting party had not sought relief from the issuing court. *Id.*; *see also*

---

[11]   Although the *Tucker* court proceeded to modify the Texas court's confidentiality order, its reasoning for doing so leads to the opposite conclusion here.   The *Tucker* court noted, *inter alia*, that (1) the Texas case was no longer pending, (2) it would be a "substantial hardship" to require the party seeking discovery to seek relief from another court in an action they were not party to, and (3) it would be burdensome to require the Texas court to decide the issue. 191 F.R.D. at 501.   None of that is true here.   In fact, unlike in *Tucker*, the issuing court has already ruled on the dispute. *Id.* at 498 ("The materials provided to me by the parties with this motion contain no rulings from the Texas court on this issue, so I must conclude from this that the court was never called upon to decide this issue during the pendency of the *Hernandez* case.").

*Pittsburgh Corning Corp. v. Caldwell*, 861 S.W.2d 423, 426 (Tex. App. 1993) (relying on the principles of comity and full faith and credit to enforce a standing protective order because "[t]o allow one court to intrude upon the orders of another is not in the interest of judicial economy and is inappropriate without concrete public policy concerns.").

The *Mugworld* court's reasoning applies with even greater force here. The Delaware case is not closed; indeed, McKinsey itself reactivated the case by seeking the disclosure of the very document at issue in this proceeding. Moreover, **McKinsey** sought such relief from the issuing court, and its request was denied based, in part, on the continued vitality of the Confidentiality Order.

McKinsey's Motion to Compel AlixPartners to produce the Competitive Response Document effectively asks this Court to either ignore or modify the Confidentiality Order and Pretrial Stipulation, which the Chancery Court already declined to do. McKinsey's Motion to Compel also asks this Court to ignore the Delaware Supreme Court's pending review of McKinsey's appeal. AlixPartners respectfully submits that, consistent with "principles of federalism, comity and courtesy," *Tucker*, 191 F.R.D. at 499, this Court should defer to the Chancery Court's ruling as to continuing effect of the Confidentiality Order and Pretrial Stipulation and the particularized harm AlixPartners will suffer from production of the Competitive Response Document, and quash the production of that document in its entirety.

### III.    If The Motion Is Denied, A Stay Is Warranted To Permit AlixPartners To Pursue Other Remedies, Including A Possible Expedited Appeal.

If the Court either denies AlixPartners' Motion for Reconsideration or, upon reconsideration, denies the relief AlixPartners seeks herein, AlixPartners respectfully requests that the Court enter a stay of the Production Order in order to permit AlixPartners to pursue any remedies it may have, including a possible expedited appeal. *See* Fed. R. Bankr. P. 8007(a)(1);

*Saldana v. Saldana*, No. 15-CV-1918-L, 2015 U.S. Dist. LEXIS 112164, at *4 (N.D. Tex. Aug. 25, 2015).  A stay is warranted where the movant has made a showing (1) of likelihood of success on the merits; (2) of irreparable injury if the stay is not granted; (3) that the stay would not substantially harm the other parties; and (4) that the stay would serve the public interest.  *See Saldana*, 2015 U.S. Dist. LEXIS 112164, at *5-6.

Courts use their sound discretion in determining the need for a stay.  *In re Dernick*, No. 18-32417, 2019 Bankr. LEXIS 116, at *6 (Bankr. S.D. Tex. Jan. 16, 2019); *cf.* Electronic Order, ECF No. 185, *Ramsey-Ledesma v. Censeo Health LLC*, No. 14-cv-00118-M (N.D. Tex. Aug. 8, 2017) (granting nonparty's motion to stay magistrate's order).  A stay pending further appeal may be granted even before a notice of appeal is filed.  Fed. R. Bankr. Proc. 8007(a)(2) ("The motion [for a stay] may be made either before or after the notice of appeal is filed.").  A movant "need not always show a probability of success on the merits," but must "present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in the favor of granting the stay."  *O'Bryan v. McKaskle*, 729 F.2d 991, 993 (5th Cir. 1984); *Vine v. PLS Fin. Servs., Inc.*, No. 18-CV-00450, 2019 U.S. Dist. LEXIS 153328, at *6 (E.D. Tex. Sept. 9, 2019) (when the other three factors strongly favor interim relief, the burden of the first factor is reduced to making "a substantial case on the merits").

AlixPartners submits that all four factors are met here.  *First*, McKinsey's demand for the Competitive Response Document is a collateral attack on the Chancery Court's decision.  *Second*, AlixPartners will suffer irreparable injury if the document's contents are revealed to the same counsel who are litigating against AlixPartners here and in Delaware.  *Third*, this stay would not substantially harm McKinsey or any other party.  Since the document at issue is not relevant to this proceeding, McKinsey's case will not be significantly impacted by its absence.  *Fourth*, the

13

public's interest is clearly served by a stay.  This case involves an important question of "federal, comity, and courtesy" between courts, and the public has an interest in knowing whether the confidentiality orders obtained in one court are subject to collateral attack in other courts.

## CONCLUSION

For the reasons stated above, AlixPartners respectfully requests that the Court grant its Motion for Reconsideration of the December 13, 2019 Order compelling AlixPartners to produce the Competitive Response Excerpt, and grant AlixPartners' Motion to Quash with respect to the entirety of the Competitive Response Document and any related discovery requests.

Dated: December 16, 2019          Respectfully submitted,
      Houston, Texas

                                              **WILLKIE FARR & GALLAGHER LLP**

                                            By:   /s/ Jennifer J. Hardy
                                                       Jennifer J. Hardy (Texas Bar No. 24096068)
                                                       600 Travis Street, Suite 2100
                                                       Houston, Texas 77002
                                                       Telephone: (713) 510-1700
                                                       Facsimile: (713) 510-1799
                                                       jhardy2@willkie.com

                                                        **AND**

                                                       Wesley R. Powell (*pro hac vice*)
                                                       Jordan C. Wall (*pro hac vice*)
                                                       787 Seventh Avenue
                                                        New York, New York 10019
                                                        Telephone: (212) 728-8000
                                                        Facsimile: (212) 728-9000
                                                        wpowell@willkie.com
                                                         jwall@willkie.com

                                                        *Attorneys for AlixPartners LLP*

14

**<u>Request for Emergency Consideration</u>**

Pursuant to Local Rule 9013-1(i), the undersigned counsel requests emergency consideration and hereby certifies the accuracy of the foregoing pleading.

/s/ Jennifer J. Hardy
Jennifer J. Hardy

**<u>Certificate of Service</u>**

I certify that on December 16, 2019, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Jennifer J. Hardy
Jennifer J. Hardy