# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>WESTMORELAND COAL COMPANY, *et al.*,<br><br>　　　　　　　　　　　　　DEBTORS | CASE NO: 18-35672<br>CHAPTER 11<br><br>JOINTLY ADMINISTERED |

### MAR-BOW VALUE PARTNERS, LLC'S EMERGENCY MOTION TO QUASH THE SUBPOENA DUCES TECUM AND AD TESTIFICANDUM TO REED BRODKSY

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HON. DAVID R. JONES, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Mar-Bow Value Partners, LLC ("Mar-Bow") respectfully moves the Court to quash the Subpoena Duces Tecum and Ad Testificandum served on February 21, 2020 by McKinsey RTS and certain of its affiliates ("McKinsey") on non-party Reed Brodsky (the "Subpoena").[1] In support of the Motion, Mar-Bow respectfully states as follows:

## PRELIMINARY STATEMENT

1. Pursuant to the Court's orders, written and document discovery closed on December 27, 2019, and all discovery closed on January 31, 2020. McKinsey fought for these firm discovery deadlines and insisted on a tightly compressed deposition schedule. But on February 21, 2020—well after the close of discovery and almost three weeks after the beginning of trial—McKinsey served a deposition and document subpoena on non-party Reed Brodsky, an attorney at Gibson Dunn. McKinsey neither sought the Court's permission nor conferred with Mar-Bow or AlixPartners before serving the Subpoena.

2. The Subpoena seeks to depose Mr. Brodsky on March 5, 2020 and contains five broad document requests relating to the time period of January 1, 2013 to present, including a request for "any documents related to the 'Competitive Response' to McKinsey, as referred to in the redacted version of the document bearing the beginning Bates stamp AlixPartners_WH_00000001 that was submitted in the Delaware Litigation" (the "Competitive Response Document"). Exhibit 1, Document Request No. 5.

3. Notably, the Subpoena seeks the same information as a prior McKinsey request that the Court already denied. *Compare* Exhibit 1, Document Request No. 5 *with* Dkt.

---

[1] The Subpoena is attached to this Motion as Exhibit 1.

2508-4, Document Request No. 12; *see also* Dkt. 2594 at 2 (denying "the remainder of Request No. 12, Documents and Communications related to the 'Competitive Response Documents'").

4.  Without waiving any other objections to the Subpoena, Mar-Bow respectfully submits that the Subpoena should be quashed for two independent reasons. *First*, the Subpoena should be quashed because it is untimely and violates the Court's orders regarding the close of discovery. *Second*, the Subpoena should be quashed because it seeks to end run the Court's orders regarding the Competitive Response Document.

## STATEMENT OF FACTS

### A. The Court Orders Discovery Deadlines

5.  Pursuant to the Court's orders, written and document discovery closed on December 27, 2019, and all discovery closed on January 31, 2020. Dkt. 2563; Dkt. 2442, 10/31/2019 Tr. at 81:1-4.

6.  McKinsey fought for these firm discovery deadlines and insisted on a tightly compressed discovery schedule. *See, e.g.*, Dkt. 2549, 12/3/2019 Tr. at 7:25-8:3 (Ms. Gay: ". . . we want to do our best . . . to try to get the depositions in January because we've got a February court date."); Dkt. 2571, 12/5/2019 Tr. at 38:5-8 (Ms. Selendy: ". . . we wanted to have on the Record [] that we're seeking an order from the Court that written and document discovery be substantially completed by December 20th."); Dkt. 2553 (proposed discovery deadlines filed by McKinsey); Dkt. 2738, 1/27/2020 Tr. at 54:11-12 ("Ms. Gay: Well, the depositions are over on the 31st. I think we know who the deponents are at this point.").

7.  In considering McKinsey's requests for discovery deadlines, the Court made clear to the parties that it "would be a lot more comfortable in establishing a deadline that just says, 'Written and document discovery will be completed by X.' And then if somebody hasn't

complied with that or there is some other issue, ***then it's incumbent upon that party to come in and establish sufficient cause why I should modify a prior order.***"  Dkt. 2571, 12/5/2019 Tr. at 41:9-15 (emphasis added).

### B. The Court Orders Limited Production and Testimony Regarding the Competitive Response Document

8. The Subpoena is not the first time McKinsey has sought documents and testimony relating to the Competitive Response Document. On November 26, 2019, McKinsey filed an Emergency Motion to Compel Discovery from AlixPartners, including a request for "All Documents and Communications related to the 'Competitive Response Documents.'" Dkt. 2508; Dkt. 2508-4, Document Request No. 12.

9. After an *in camera* review of the Competitive Response Document, the Court ordered AlixPartners to produce a limited two and a half page excerpt revealing only "pages 9, 10, and the left-hand column of page 15." Dkt. 2594 at 2. The Court denied the remainder of McKinsey's request for "Documents and Communications related to the 'Competitive Response Documents.'" *Id*.

10. Pursuant to the Court's order, AlixPartners produced on an expedited basis a redacted version of Competitive Response Document with the Bates stamp AlixPartners_WH_00000001.

11. In December and January 2020, McKinsey also sought to depose Fred Crawford and a 30(b)(6) representative of AlixPartners regarding the Competitive Response Document. Dkt. 2676.

12. On January 21, 2020, after briefing and argument, the Court quashed McKinsey's request for a 30(b)(6) deposition of AlixPartners and permitted a limited deposition of Mr. Crawford. Dkt. 2711, 1/21/2020 Tr. 30:6-13.

13. In particular, the court ruled that McKinsey "can inquire of Mr. Crawford about the two-and-a-half pages. If he says I don't know, I never heard, then it stops. But you can ask him about the two-and-a-half pages as well. It seems to me that was the only thing that gave me pause in what I heard. So that will cover it." *Id*. at 30:8-13.

14. At the January 21, 2020 hearing, McKinsey's counsel assured the Court that "there's no attempt to go beyond the scope of the ruling on the competitive response document." *Id*. at 30:16-18.

15. On January 29, 2020, McKinsey deposed Mr. Crawford and questioned him about the Competitive Response Document.

### C. McKinsey Serves a Deposition and Document Subpoena on Non-Party Reed Brodsky on February 21, 2020

16. McKinsey has been well aware of Mr. Brodsky since 2014, when he represented AlixPartners in *AlixPartners LLP v. Eric Thompson and Ivo Naumann*, C.A. 9523-VCZ (Del. Ch.) (the "Delaware Litigation"). However, McKinsey did not seek to depose Mr. Brodsky during the months of discovery in this matter.

17. On February 21, 2020—well after the close of discovery and almost three weeks after the beginning of trial—McKinsey served Mr. Brodsky with a deposition and document subpoena. The Subpoena seeks to depose Mr. Brodsky on March 5, 2020 at the offices of Selendy & Gay in New York.

18. The Subpoena defines the relevant time period as January 1, 2013 to present[2] and contains five document requests, including a request for "All Documents and Communications concerning RTS's entry into the bankruptcy restructuring business, including

---

[2] Given McKinsey's refusal to produce documents predating 2014, this time period of more than seven years underscores the unduly burdensome and harassing nature of the Subpoena's requests.


any documents related to the 'Competitive Response' to McKinsey, as referred to in the redacted version of the document bearing the beginning Bates stamp AlixPartners_WH_00000001 that was submitted in the Delaware Litigation." Exhibit 1, Document Request No. 5.

19. McKinsey neither sought the Court's permission nor conferred with Mar-Bow or AlixPartners before serving the Subpoena.

## LEGAL STANDARD

20. Discovery "has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). A deposition should be quashed or limited if it "is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry [and] . . . further limitations come into existence when the inquiry touches upon the irrelevant . . . ." *Id*. at 508; s*ee also Doe v. Catholic Soc'y of Religious & Literary Educ.*, No. H-09-1059, 2009 WL 4506560, at *1 (S.D. Tex. Dec. 3, 2009). A court may also, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1).

21. "Courts in the Fifth Circuit [] recognize Rule 45 non-party subpoenas are subject to the rules governing discovery, including deadlines set by the Court." *Kelly v. Cowboy's Motorsports of San Antonio, LLC*, No. SA-12-CA-347-FB, 2013 WL 12345010 at *7-8 (W.D. Tex. Oct. 15, 2013) (refusing to enforce "untimely" subpoena "served after the close of discovery").

**ARGUMENT**

I. **THE SUBPOENA SHOULD BE QUASHED BECAUSE IT IS UNTIMELY AND VIOLATES THE COURT'S ORDERS REGARDING THE CLOSE OF DISCOVERY**

22. McKinsey's February 21, 2020 deposition and document Subpoena comes well after the close of document and written discovery on December 27, 2019 and the close of all discovery on January 31, 2020. Such a subpoena "served after the close of discovery" is "untimely" and should not be permitted. *Kelly*, 2013 WL 12345010 at *8.

23. Moreover, McKinsey neither conferred with Mar-Bow or AlixPartners nor sought the Court's permission before serving its untimely Subpoena.

24. Because McKinsey failed to even attempt to "establish sufficient cause why [the Court] should modify" its prior discovery orders, the Subpoena should be quashed. Dkt. 2571, 12/5/2019 Tr. at 41:9-15.

II. **THE SUBPOENA SHOULD BE QUASHED BECAUSE IT SEEKS TO END RUN THE COURT'S ORDERS REGARDING THE COMPETITIVE RESPONSE DOCUMENT**

25. After the Court, parties, and non-party AlixPartners expended considerable time and resources on these issues, the Court issued clear orders regarding the permissible scope of discovery related to the Competitive Response Document. The Subpoena is a brazen attempt to end run those orders.

26. Although the Court already limited the production of documents related to the Competitive Response Document to the two and a half page excerpt, McKinsey now seeks "***All Documents and Communications*** concerning RTS's entry into the bankruptcy restructuring business, including ***any documents*** related to the 'Competitive Response' to McKinsey." Exhibit 1, Document Request No. 5 (emphasis added). This request seeks the same information as the request the Court already denied. *Compare* Exhibit 1, Document Request No. 5 *with* Dkt. 2508-

-7-

4, Document Request No. 12; *see also* Dkt. 2594 at 2 (denying "the remainder of Request No. 12, Documents and Communications related to the 'Competitive Response Documents'").

27. And although the Court already limited the deposition of Mr. Crawford regarding the Competitive Response Document and quashed McKinsey's 30(b)(6) deposition subpoena to AlixPartners, McKinsey now seeks to depose AlixPartners' attorney regarding the same topic.

28. Because McKinsey seeks to "go beyond the scope of the ruling on the competitive response document" without seeking the Court's permission. Dkt. 2711, 1/21/2020 Tr. at 30:16-18, the Subpoena should be quashed.

## CONCLUSION

For all the foregoing reasons, the Court should grant Mar-Bow's Emergency Motion to Quash the Subpoena Duces Tecum and Ad Testificandum served by McKinsey on Reed Brodsky.

Respectfully submitted, February 24, 2020.

| | |
|---|---|
| CADWALADER, WICKERSHAM & TAFT LLP<br>Sean F. O'Shea, Esq. (*pro hac vice*)<br>Michael E. Petrella, Esq. (*pro hac vice*)<br>Amanda L. Devereux, Esq. (*pro hac vice*)<br>200 Liberty Street<br>New York, NY 10281<br>Tel. 212-504-6000<br>Fax. 212-504-6666<br>soshea@cwt.com<br>michael.petrella@cwt.com<br>amanda.devereux@cwt.com<br><br>STEVEN RHODES CONSULTING, LLC<br>Steven Rhodes, Esq. (*pro hac vice*)<br>1610 Arborview Blvd.<br>Ann Arbor, MI 48103<br>Tel. 734-646-5406<br>rhodessw@comcast.net | Daniel L. Lemisch (*pro hac vice*)<br>Lakeview Capital Inc.<br>151 S. Old Woodward Ave., Ste. 400<br>Birmingham, MI 48009<br>Tel. 248-554-4900<br>dlemisch@lakeviewcapitalinc.com<br><br>JONES MURRAY & BEATTY LLP<br>   */s/ Christopher R. Murray*<br>Christopher R. Murray (TBN 24081057)<br>Erin E. Jones (TBN 24032478)<br>4119 Montrose, Suite 230<br>Houston, TX 77006<br>Tel. 832-529-1999<br>Fax. 832-529-3393<br>chris@jmbllp.com<br>erin@jmbllp.com<br><br>*Attorneys for Mar-Bow*<br>*Value Partners, LLC* |

-9-

## Certificate of Service

I certify that on February 24, 2020, I caused a copy of this pleading to be filed through the Court's electronic filing system and thereby served all parties registered to receive such service.

                                            */s/ Christopher Murray*
                                            Christopher Murray