UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WESTMORELAND COAL COMPANY, *et al.*,[1] | Case No. 18-35672 (DRJ) |
| Debtors. | (Jointly Administered) |

**JOINT STATUS REPORT DATED APRIL 16, 2020**

To facilitate the Court's administration of this matter, McKinsey Recovery & Transformation Services U.S., LLC ("McKinsey RTS"), McKinsey & Company Inc. United States; McKinsey and Company Africa (Pty) Ltd.; McKinsey Knowledge Centre India Private Limited; McKinsey & Company Canada/McKinsey & Compagnie Canada; and McKinsey & Company LME Limited (collectively, the "Proposed Professionals") and Mar-Bow Value Partners, LLC ("Mar-Bow") jointly submit this status report.

---

[1] Due to the large number of debtors in these chapter 11 cases, which are consolidated for procedural purposes only, a complete list of the debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the proposed claims and noticing agent in these chapter 11 cases at www.donlinrecano.com/westmoreland. Westmoreland Coal Company's service address for the purposes of these chapter 11 cases is 9540 South Maroon Circle, Suite 300, Englewood, Colorado 80112.

I.     **PROPOSED PROFESSIONALS' UPDATE**

   A.    **Closure of the Proposed Professionals' Case in Chief**

The Proposed Professionals intend to submit the video deposition designations of Fred Crawford to the Court, along with a few accompanying exhibits. There is a pending motion, Dkt. 2924, concerning whether certain passages of Mr. Crawford's testimony must be submitted under seal. Briefing will be completed on April 24, 2020, and argument will be held on April 27, 2020.

The Proposed Professionals also intend to submit a written proffer concerning the testimony Mr. D.J. ("Jan") Baker would have offered if his testimony had been permitted. This written proffer will be filed with the Court in advance of the April 17, 2020 conference.

Finally, the Proposed Professionals intend to offer six additional documents for admission into evidence: PPX 8, PPX 19, PPX 125, PPX 139, MBX 268, and MBX 544. Each of these documents, attached to this Status Report as Exhibits A – F, is admissible pursuant to the broad stipulation the parties expressly agreed to during trial, whereby both parties' public court filings were agreed to be admissible. Feb. 7, 2020 (P.M.) Trial Tr. at 143:13-16. The stipulation was suggested by McKinsey in response to Mar-Bow's attempt to introduce MBX 915 (Debtors' Motion for Order Authorizing the Debtors to Employ and Retain McKinsey Recovery & Transformation Services, attaching the Declaration of Kevin Carmody, in *Standard Register*, Dkt. 87) which was subject to a number of evidentiary objections—as are most or all bankruptcy court filings. 2/7/20 (P.M.) Trial Tr. at 130:18-25. The parties reached a stipulation, which Mar-Bow then used to admit MBX 157 (U.S. Trustee Motion to Compel McKinsey RTS to Comply with Bankruptcy Rule 2014 in *ANR*, Dkt. 2308). *See* 2/7/20 (P.M.) Trial Tr. at 143:2. The fact is, however, that Mar-Bow expressly agreed to the stipulation and exploited it throughout McKinsey's case.

While the Court's recording did not initially capture the terms of the broad stipulation articulated by McKinsey's counsel on the record on February 7th, Mar-Bow's counsel did not correct

2

McKinsey's articulation of the nature of the stipulation at the time. Subsequently, Mar-Bow's confirmed the existence and terms of the stipulation, and Mar-Bow's agreement to it, on February 26th when PPX 218 (Certificate of No Objection in *SunEdison*, Dkt. 634) was admitted by McKinsey during the testimony of Jean Molino. *See, e.g.* Feb. 26, 2020 (A.M.) Trial Tr. at 126:3-14 ("Your Honor, I'll – you know, I'll take that; as long as *it goes both ways for all pleadings*, that's fine.") (emphasis added); Feb. 27, 2020 (A.M.) Trial Tr. at 31:5-7 9 (seeking to admit MBX 887—a pleading from the 2001 *Hayes Lemmerz* bankruptcy—and stating "[w]ell there's a stipulation, Judge, which I think I was reminded of by my adversary yesterday that these all go in.").

The Proposed Professionals did not object to Mar-Bow's entry of more than *one dozen* court filings into the record without objection, pursuant to this stipulation. *See, e.g.*, 2/7/20 (P.M.) Trial Tr. at 143:23 (entering MBX 157, U.S. Trustee Motion to Compel McKinsey RTS to Comply with Bankruptcy Rule 2014 in *ANR*, Dkt. 2308); 2/7/20 (P.M.) Trial Tr. at 151:12 (entering MBX 924, Order Compelling McKinsey RTS to Comply with the Requirements of Bankruptcy Rule 2014 in *ANR*, Dkt. 2895); 2/7/20 (P.M.) Trial Tr. at 153:1 (entering MBX 919, Declaration of Mark Hojnacki in *SunEdison*, Dkt. 202); 2/7/20 (P.M.) Trial Tr. at 157:12 (entering MBX 928, First Interim Fee Application of McKinsey RTS in *SunEdison*, Dkt. 1421); 2/7/20 (P.M.) Trial Tr. at 174:16 (entering MBX 160, Amended Declaration of Mark Hojnacki in *SunEdison*, Dkt. 484); 2/11/20 (A.M.) Trial Tr. at 61:20 (entering MBX 940, Comments of U.S. Trustee in Support of Motion to Reopen, *ANR*, Dkt. 4164); 2/12/20 Tr. at 18:17 (entering MBX 921, Motion of Creditor Mar-Bow Value Partners, LLC to Compel McKinsey Recovery & Transformation Services U.S., LLC, Turnaround Advisor for the Debtors, to Comply with the Requirements of Bankruptcy Rule 2014, *ANR*, Dkt. 2474); 2/12/20 Tr. at 21:23 (entering MBX 946, In Camera Disclosures dated July 6, 2016, *ANR*, Dkt. 4195); 2/26/20 (P.M.) Trial Tr. at 65:7 (entering MBX 890, Affidavit of

Gerhard J. Bette in *UAL*, Dkt. 52-1); 2/26/20 (P.M.) Trial Tr. at 101:11 (entering MBX 824, Objection of the United States Trustee to Debtors' Application for Order [] Authorizing the Employment and Retention of McKinsey Recovery & Transformation Services U.S., LLC as Restructuring Advisor for the Debtors Nunc Pro Tunc to the Petition Date in *SunEdison*, Dkt. 265); 2/26/20 (P.M.) Trial Tr. at 107:21 (entering MBX 878, Declaration of Kevin Carmody in *GenOn*, Dkt. 123); 2/27/20 (A.M.) Trial Tr. at 31:13 (entering MBX 887, Affidavit of Richard K. Sykes in *In re Hayes Lemmerz Int'l*, No. 01-11490 (Bankr. D. Del.), Dkt. 103); 2/27/20 (A.M.) Trial Tr. at 44:6 (entering MBX 888 and MBX 889, Supplemental Affidavit and Second Supplemental Affidavit of Richard K. Sykes in *In re Hayes Lemmerz Int'l*, Dkts. 365 and 479); 2/27/20 (A.M.) Trial Tr. at 60:8 (entering MBX-892, Affidavit of Kenneth J. Ostrowski in *In re Mirant Corp.*, No. 03-46590 (N.D. Tex.), Dkt, 1457); 2/28/20 (A.M.) Tr. at 86:8 (entering MBX 937, Declaration of Casey Lipscomb in *ANR*, Dkt. 4152).

When the Proposed Professionals approached Mar-Bow this week merely to confirm they would not object to the six additional court filings the Proposed Professionals seek to admit, Mar-Bow refused, claiming for the first time that there were myriad unspoken conditions and exceptions to the stipulation—none of which can be reconciled with the filings that were actually admitted.

Not only did the Proposed Professionals allow Mar-Bow to admit McKinsey RTS declarations from cases over a decade old without objection, but they also allowed admission of filings not by McKinsey but by the United States Trustee ("UST"), other courts, and Mar-Bow itself. For example, the very first admission pursuant to the stipulation was a Motion of the UST to Compel McKinsey RTS to Comply with the Requirements of Bankruptcy Rule 2014 in the *ANR* case. 2/7/20 (P.M.) Trial Tr. at 143:23. That was shortly followed by admission of Judge Huennekens's Order Compelling McKinsey RTS to Comply with the Requirements of Bankruptcy

Rule 2014.  2/7/20 (P.M.) Trial Tr. at 151:12. Mar-Bow also admitted its own motion in another bankruptcy, ANR, without objection, pursuant to the stipulation. 2/12/20 Tr. at 18:17.

 Mar-Bow now brazenly contends that the stipulation is limited to bankruptcy filings that would otherwise qualify as party admissions and are admitted through a witness who can be cross-examined. Mar-Bow also now contends for the first time that the stipulation does not apply to "self-serving" documents. But Mar-Bow itself used the stipulation to admit "self-serving" documents for its case. For example, MBX 157 (U.S. Trustee's Motion to Compel McKinsey RTS to Comply with Bankruptcy Rule 2014 in *ANR*, Dkt. 2308), MBX 921 (Motion of Creditor Mar-Bow Value Partners, LLC to Compel McKinsey Recovery & Transformation Services U.S., LLC, Turnaround Advisor for the Debtors, to Comply with the Requirements of Bankruptcy Rule 2014, Dkt. 2603), and MBX 940 (Comments of U.S. Trustee in Support of Motion to Reopen, Dkt. 4164), are each self-serving statements of either Mar-Bow or third parties, used by Mar-Bow against McKinsey. Mar-Bow also used the stipulation to admit debtors' applications to retain McKinsey in *other* bankruptcy cases. *See* 2/26/20 (P.M.) Trial Tr. at 65:7 (entering MBX 890, Affidavit of Gerhard J. Bette in UAL, Dkt. 52-1); 2/27/20 (A.M.) Trial Tr. at 31:13 (entering MBX 887, Affidavit of Richard K. Sykes in In re Hayes Lemmerz Int'l, No. 01-11490 (Bankr. D. Del.), Dkt. 103); 2/27/20 (A.M.) Trial Tr. at 60:8 (entering MBX-892, Affidavit of Kenneth J. Ostrowski in In re Mirant Corp., No. 03-46590 (N.D. Tex.), Dkt, 1457)). Yet, Mar-Bow now claims the stipulation does not cover the WLB Debtors' Application to retain McKinsey in *this* case.

 In other words, now that Mar-Bow has fully benefitted from the broad stipulation made on the record by the parties, it wants to modify the terms of the stipulation. There is no doubt that, absent this stipulation, Mar-Bow would have objections to the admissibility of the six bankruptcy

5

filings that McKinsey proposes to admit. That is, however, entirely beside the point in light of this broad stipulation.

The Proposed Professionals recognize that the Court previously denied admission of PPX 139, which is Ernst & Young's Assessment of Proposed Professional' Procedures to Disclose Connections in Accordance with the Houston Disclosure Protocol (Dkt. 2121, Exhibit A). Feb. 5, 2020 (P.M.) Trial Tr. at 101:18-19. However, that denial came on February 5—two days before the parties reached the stipulation that court filings are admissible. PPX 139 should now be admissible under that stipulation.

The Proposed Professionals also recognize that MBX 268 and MBX 544 are not on the Proposed Professionals' exhibit list. But—because of the parties' stipulation—Mar-Bow did not previously object to McKinsey's admission of bankruptcy court filings not on the Proposed Professionals' exhibit list. For example, in response to the Proposed Professionals' offer of PPX 218, Mar-Bow objected, "Not on their list." Upon being reminded of the parties' stipulation regarding the admissibility of court filings, Mar-Bow confirmed it had no objection. *See* Feb. 26, 2020 (A.M.) Trial Tr. at 126:25-126:15. Thus, Mar-Bow's objection to MBX 268 and MBX 544 should not be sustained.

Mar-Bow should not be allowed to renege on a bargain it made and has benefitted from many times. We ask that the Court bind Mar-Bow to the stipulation it made, and admit PPX 8, PPX 19, PPX 125, PPX 139, MBX 268, and MBX 544 into evidence.

## II. MAR-BOW'S UPDATE

McKinsey refuses to conclude its case unless Mar-Bow agrees that six documents largely consisting of ***its own self-serving statements*** be moved *en masse* into evidence for their truth

without any accompanying witness testimony or opportunity for cross examination.[2] None of these documents were successfully introduced through any witness during McKinsey's case. Indeed, with one exception, McKinsey did not even make an *effort* to introduce any of them during its case, and the one that McKinsey *did* attempt to introduce was excluded as obvious hearsay. Mar-Bow submits that the Court should reject McKinsey's absurd position that the parties stipulated that all court filings anywhere (no matter how self-serving) could be introduced into evidence for their truth at any time, and independent of any witness testimony or opportunity for cross-examination.

As an initial matter, the parties' limited stipulation was to the admissibility of documents for use in examining witnesses. The stipulation related to documents that were obviously admissible, such as McKinsey's own statements in other proceedings.[3] The stipulation thus served the salutary purpose of expediting and simplifying the admission of documents that clearly met the requirements of Fed. R. Evid. 801(d)(2). The parties also agreed to admit filings used solely to establish that an adverse witness was aware of a particular development or allegation at a particular

---

[2] McKinsey seeks to introduce five filings from the *Westmoreland* docket—Dkt. No. 1406 (Ex. A, the "Mediator's Notice"); Dkt. No. 2119 (Ex. B, "McKinsey's Application"); Dkt. No. 2121 (Ex. C, the "EY Report"); Dkt. No. 2348 (Ex. D, "McKinsey's UST Responses"); and Dkt. No. 2554 (Ex. E, "McKinsey's Supplemental UST Responses")—and one document from the *Alpha Natural Resources* docket: Dkt. No. 2474 (Ex. F, the "ANR Stipulation").

[3] *See, e.g.,* 2/7/2020-PM Tr. at 160:25-161:9 (Mar-Bow offering McKinsey's Fee Application in *SunEd*); 2/11/2020-AM Tr. at 38:9-21 (Mar-Bow offering McKinsey's Carmody Declaration in *ANR*); 2/11/2020-AM Tr. at 49:22-50:7 (Mar-Bow offering McKinsey's Hojnacki Declaration in *SunEd*); 2/12/2020 Tr. at 21:11-23 (Mar-Bow offering McKinsey's disclosures in *ANR*); 2/26/2020-PM Tr. at 64:6-65:7 (Mar-Bow offering McKinsey's Bette Affidavit in *UAL*); 2/27/2020-PM Tr. at 30:13-31:13 (Mar-Bow offering McKinsey's Sykes Affidavit in *Hayes*); 2/28/2020-AM Tr. at 85:19-86:8 (Mar-Bow offering McKinsey's Lipscomb Declaration in *ANR*).

point in time—again in the context of witness questioning and with ample opportunity for cross examination and redirect.[4]

McKinsey now claims that Mar-Bow agreed to admit any filing anywhere for any purpose untethered to any witness examination. Mar-Bow made no such agreement, and McKinsey's claim that it did is absurd on its face, especially in light of how carefully both parties and the Court have been throughout this trial regarding evidentiary matters. Indeed, McKinsey's interpretation would require admission of depositions in violation of the Federal Rules of Evidence. For example, under McKinsey's view of the parties' stipulation, Mar-Bow could simply introduce Jay Alix's deposition testimony (which was filed on the docket in this case at Dkt. No. 905) into evidence for its truth, and shield him from any further cross-examination.

Whatever disagreement there may be as to the precise contours of the parties' stipulation (which was never reduced to writing nor stated with any level of specificity on the record), this much is clear: *every* instance in which either party successfully introduced a court filing pursuant to this stipulation involved live witness testimony with the opportunity for cross examination. To use the stipulation as McKinsey demands defeats the very purpose of the trial process—the testing of positions and statements through live testimony, assessment of credibility, and the crucible of cross-examination (which has been so effective with all of McKinsey's witnesses). McKinsey's request seeks precisely what the Court has repeatedly stated it did not want—a trial by carefully crafted statements drafted by lawyers.

---

[4] *See* 2/7/2020-PM Tr. at 143:8-22 (Mar-Bow offering U.S. Trustee Motion to Compel in *ANR*); 2/7/2020-PM Tr. at 150:20-151:11 (Mar-Bow offering Order Compelling McKinsey in *ANR*); 2/11/2020-AM Tr. at 61:62:9 (Mar-Bow offering U.S. Trustee Comments in Support of Reopening *ANR*); 2/12/2020 Tr. at 18:10-17 (Mar-Bow offering Mar-Bow Motion to Compel in *ANR*).

The six documents at issue contain egregious examples of McKinsey's attempt to misuse the stipulation by introducing self-serving evidence while avoiding cross-examination. One of the documents essentially (and irrelevantly) seeks to make Judge Isgur a witness in this case *in absentia* by introducing his pre-trial Mediator's Statement for its truth. *See* Ex. A. Two others contain McKinsey's written responses to questions posed by the U.S. Trustee. *See* Exs. D, E. Thus, McKinsey attempts to introduce what amount to its own interrogatory answers into evidence for their truth (and an apparent attempt to bolster the contents of the Application itself in violation of the Court's July 3 deadline for McKinsey, once and for all, to make its disclosures). And in perhaps its most overreaching move, McKinsey seeks to dump the EY Report into evidence at the end of its case. *See* Ex. C. Notably, McKinsey neither identified an EY witness on its witness list, nor attempted to call an EY witness during its case. And although it tried to introduce the EY Report through its own witness, the Court properly excluded the document as "just clearly hearsay." 2/5/2020-PM Tr. at 99:12-13. In short, McKinsey essentially seeks to present EY's testimony in writing without the opportunity for cross examination.[5]

For the foregoing reasons, Mar-Bow respectfully requests that the Court reject McKinsey's request to introduce into evidence the six documents at issue.

---

[5] Moreover, with respect to McKinsey's Supplemental UST Reponses (Ex. E), McKinsey apparently seeks to admit this document because it includes a shorter list of McKinsey entities than the version admitted by Mar-Bow at trial (MBX-843). But as McKinsey acknowledged during the parties' meet-and-confer on this issue, the list of McKinsey entities already received into evidence is accurate. There is no reason to belatedly admit a different, narrower list, that was not used at trial. Indeed, if McKinsey wanted to admit its Supplemental UST Responses, it could have followed the Court's invitation to "deal with it" at trial and offered the document through a proper witness who was subject to cross examination. *See* 2/5/2020-PM Tr. at 126:14-23.

Date:  April 16, 2020                                         Respectfully Submitted,

By:                                                           By:   /s/ *Faith E. Gay*
                                                                    Faith E. Gay (*pro hac vice*)
CADWALADER, WICKERSHAM &                                            Jennifer M. Selendy (*pro hac vice*)
TAFT LLP                                                            Maria Ginzburg (*pro hac vice*)
Sean F. O'Shea (*pro hac vice*)                                     David S. Flugman (*pro hac vice*)
Michael E. Petrella (*pro hac vice*)                                Joshua S. Margolin (*pro hac vice*)
Amanda L. Devereux (*pro hac vice*)                                 SELENDY & GAY PLLC
200 Liberty Street                                                  1290 Avenue of the Americas
New York, New York 10281                                            New York, NY  10104
Tel. 212-504-6000                                                   Tel: 212-390-9000
Fax. 212-504-6666                                                   E-mail: fgay@selendygay.com
soshea@cwt.com                                                      jselendy@selendygay.com
michael.petrella@cwt.com                                            mginzburg@selendygay.com
amanda.devereux@cwt.com                                             dflugman@selendygay.com
                                                                    jmargolin@selendygay.com
-and-
                                                                    Zack A. Clement
STEVEN RHODES CONSULTING, LLC                                       ZACK A. CLEMENT PLLC
Steven Rhodes (*pro hac vice*)                                      3753 Drummond Street
1610 Arborview Boulevard                                            Houston, Texas 77025
Ann Arbor, Michigan 48103                                           Telephone: (832) 274-7629
Tel. 734-646-5406                                                   E-mail: zack.clement@icloud.com
rhodessw@comcast.net

-and-                                                               M. Natasha Labovitz (*pro hac vice*)
                                                                    John Gleeson (*pro hac vice*)
                                                                    Erica Weisgerber (*pro hac vice*)
Daniel L. Lemisch (*pro hac vice*)                                  DEBEVOISE & PLIMPTON LLP
Lakeview Capital Inc.                                               919 Third Avenue
151 South Old Woodward Avenue, Suite                                New York, New York 10022
400                                                                 Telephone: (212) 909-6000
Birmingham, Michigan 48009                                          Email: nlabovitz@debevoise.com
Tel. 248-554-4900                                                          eweisgerber@debevoise.com
dlemisch@lakeviewcapitalinc.com

-and-                                                               *Attorneys for McKinsey Recovery and
                                                                    Transformation Services U.S., LLC*

/s/ *Christopher R. Murray*

JONES MURRAY & BEATTY LLP
Christopher R. Murray (TBN 24081057)
Erin E. Jones (TBN 24032478)
4119 Montrose, Suite 230
Houston, Texas 77006
Tel. 832-529-1999

Fax. 832-529-3393
chris@jmbllp.com
erin@jmbllp.com

*Attorneys for Mar-Bow Value Partners, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2020, I caused the foregoing pleading to be filed with the Court and thereby served by the Court's CM/ECF noticing to all parties registered to receive electronic notice in this case.

/s/ *Zack A. Clement*