EXHIBIT "A" TO SECOND NOTICE TO COURT

**SECOND MEDIATED SETTLEMENT AGREEMENT BETWEEN
THE UNITED STATES TRUSTEE PROGRAM AND MCKINSEY & COMPANY, INC.
CONCERNING (I) THE WLB DEBTORS' APPLICATION SEEKING TO RETAIN
MCKINSEY RECOVERY & TRANSFORMATION SERVICES U.S., LLC AND
CERTAIN OF ITS AFFILIATES (DKT. NO. 2119); AND (II) THE ACTING UNITED
STATES TRUSTEE'S REPONSE THERETO (DKT. NO. 2273)**

Subject entirely to the approval of the United States Bankruptcy Court for the Southern District of Texas in Case No. 18-35672 (the "Westmoreland Case"), the Acting United States Trustee for Region 7 (the "UST") and McKinsey and Company, Inc. and its affiliates ("McKinsey") have resolved the UST's Objection (as defined herein) to McKinsey's Second Retention Application (as defined herein) and now agree to this Second Mediated Settlement Agreement (the "Agreement").

**Recitals**

1. The United States Trustee Program ("USTP") and McKinsey have previously settled various matters concerning McKinsey's professional role in various bankruptcy cases. That settlement was approved by the various courts by order entered on April 22, 2019 (Dkt. No. 1769) (the "2019 Settlement"). That settlement remains effective, and is not altered, amended, or superseded by this Agreement.

2. On July 3, 2019 the WLB Debtors[1] filed an application and supporting declarations in the Westmoreland Case seeking to retain certain McKinsey affiliates as performance improvement advisors *nunc pro tunc* to the petition date (the "Second Retention Application") (Dkt. Nos. 2119 & 2120). The UST's response to the Second Retention Application, filed on August 20, 2019, raised objections to the adequacy and completeness of McKinsey's disclosures (the "UST Objection") (Dkt. No. 2273).

3. McKinsey has worked during the course of the Westmoreland Case to address the disclosure and conflicts concerns raised in the UST's objections to McKinsey's employment applications. The UST has not alleged any bad faith conduct by McKinsey in connection with the pending retention application.

4. The USTP acknowledges that McKinsey has made additional disclosures in the Second Retention Application, in the course of discovery, and during the trial in the Westmoreland Case, including disclosures regarding confidential clients and McKinsey's non-investment affiliates. Although the USTP continues to review McKinsey's practices with respect to its MIO investment affiliates, the facts to date provide a sufficient basis for the UST to make this settlement resolving disputes with McKinsey in the Westmoreland Case.

5. McKinsey represents that it has not received, and will not seek to recover, any payment or reimbursement of expenses from the WLB Debtors for services rendered in the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Second Retention Application and UST Objection respectively.

Westmoreland Case that would be subject to the Bankruptcy Court's allowance under 11 U.S.C. § 330.

## Substantive Agreements

6.      Upon approval of this Agreement by the Bankruptcy Court in the Westmoreland Case, (a) McKinsey will withdraw its Second Retention Application, with prejudice against refiling; and (b) the UST will withdraw the UST Objection, with prejudice against refiling.

7.      In all future Fed. R. Bankr. P. 2014 disclosures filed in any bankruptcy case, McKinsey's disclosures will include, but will not be limited to, disclosures of affiliate connections and disclosures of confidential client connections (except to the extent ordered otherwise by the bankruptcy court with jurisdiction over the case).  McKinsey represents that it will always make any legally required disclosures.

8.      The USTP agrees that the 2019 Settlement and this Agreement resolve all USTP allegations that McKinsey failed to make full and complete disclosures under applicable law or failed to fully comply with Fed. R. Bankr. P. 2014 in prior bankruptcy cases and in the Westmoreland Case.

9.      McKinsey releases all claims against the USTP arising out of or pertaining to the adequacy of McKinsey's disclosures or its disinterestedness in the Westmoreland Case, and reaffirms the releases contained in the 2019 Settlement.

10.     The USTP releases all claims against McKinsey pertaining to any allegation that McKinsey failed to make full and complete disclosures under applicable law or failed to fully comply with Fed. R. Bankr. P. 2014 in the Westmoreland Case, and reaffirms the releases contained in the 2019 Settlement.  This release applies to the rights and claims of the USTP only.  Among other things, the final document will include the USTP's usual and customary language concerning the preservation of all other rights by the United States, the right to share information with other agencies of the United States, and other provisions pertinent to the scope of the release.

11.     This agreement is only between the parties and does not restrict the rights of any other person or entity.

12.     Neither this Settlement Term Sheet nor the final documentation will constitute an admission of liability, wrongdoing or misconduct by McKinsey, its employees, officers, directors or agents.