UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON

| | | |
|---|---|---|
| In Re: | : | Case No. 18-35672 |
| | : | |
| Westmoreland Coal Company, *et al*. | : | Chapter 11 |
| | : | |
| Debtor. | : | Judge David Jones |
| | : | |

### AMENDED RESPONSE OF OHIO DEPARTMENT OF TAXATION TO *AMENDED OBJECTION TO PROOF OF CLAIM NO. 63 (DRC CLAIM NO. 1357) FILED BY THE OHIO DEPARTMENT OF TAXATION*

The Ohio Department of Taxation "(Tax"), by and through counsel, submits the following amended response.

Tax's Proof of Claim No. 63 was filed on April 9, 2019 in the amount of $154,952.06 (priority amount in the amount of $48,266.32). The basis for the claim is estimated use tax for Debtor Buckingham Coal Company, LLC, ("Debtor") located in Athens County, Ohio.

The amount of the claim was estimated by Tax's auditor after the Debtor failed to respond to Tax's letter and telephone calls requesting information to determine Debtors liability. The amount due is based on an audit performed by Tax in the absence of any response from the Debtor despite numerous attempts to contact the Debtor to obtain documentation of purchases the company has used and consumed during the time period of the audit.

Ohio Revised Code §5741.02 provides that a tax shall be levied on "the storage, use or other consumption in this state of tangible personal property or the benefit realized in this state of state of any service provided." The debtor can still provide documentation to clarify the amount

of its liability, including accounts payable data, invoices, and other financial statements, but at this point have not provided any documents in response to Tax's audit findings.

1. In its Amended Objection, the Debtor states that it is "unable to ascertain the debtor's liability to the Claimant." As an operating business, Buckingham Coal Company almost certainly made purchases in and possibly out of state that would have resulted in liability under O.R.C. §5741.02. It is certainly a reasonable assumption that the Debtor has made purchases and/or received services that are taxable during the years 2013-2018. Recently, an auditor with Tax and counsel for the debtor and a representative of the debtor were able to discuss this assessment, but Tax will need to either conduct a full audit or a sampling to determine if the proof of claim needs to be reduced. Once documents are provided, Tax will have a clearer picture of where the liability stands. Tax will work diligently with the debtor to determine if the amount needs to be revised, but at this point, Tax's position is that this proof of claim is owed as filed and that the Objection must be denied.

Rule 3001 (f) of the Federal Rules of Bankruptcy Procedure states that "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Tax's proof of claim was timely filed and meets all necessary requirements. Moreover, the Debtor has not put forth any argument that Tax's claim was not filed in accordance with Rule 3001. Because the Debtor has not offered any evidence, let alone substantial evidence, that ODT's claim is not valid as filed, the Objection must be denied and the proof of claim should be allowed as filed.

Wherefore, Tax is respectfully requesting that this Court deny the Debtor's *Amended Objection to Proof of Claim No. 63 (DRC Claim No. 1357) filed by The Ohio Department of Taxation* and allow the claim as filed, and grant any other relief considered just and proper.

Respectfully Submitted,

DAVE YOST (0056290)
OHIO ATTORNEY GENERAL


*/s/ Amy K. Kaufman*
Amy K. Kaufman (0073837)
*Pro Hac Vice* pending
Senior Assistant Attorney General
Collections Enforcement
150 East Gay Street, 21st Floor
Columbus, OH 43215
Phone (614) 728-4324
Fax (614) 752-9070
Amy.Kaufman@ohioattorneygeneral.gov
Counsel for Ohio BWC


### CERTIFICATE OF SERVICE

The undersigned certifies that the Amended Response to Amended Objection to Proof of Claim No. 63 was served through the Court's electronic case filing system on the Defendants in accordance with the Federal and Local Rules of Bankruptcy Procedure, on this 3rd day of December, 2020.

*/s/ Amy K. Kaufman*