**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | **Chapter 11** |
| | § | |
| **WESTMORELAND COAL COMPANY *et al.*,** [1] | § | **Case No. 18-35672 (DRJ)** |
| | § | |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |

**JOINT EMERGENCY MOTION BY THE UNITED STATES TRUSTEE AND MCKINSEY RECOVERY & TRANSFORMATION SERVICES U.S., LLC AND ITS AFFILIATES IN FURTHERANCE OF MEDIATION AGREEMENT**

**Emergency relief has been requested. A hearing will be conducted on this matter on or prior to December 30, 2020. You may participate in the hearing by audio/video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long-distance charges. Once connected, you will be asked to enter the conference room number. Judge Jones' conference room number is 205691.**

**You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeJones" in the GoToMeeting app or click the link on Judge Jones's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select "Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Jones. Under "Electronic Appearance" select "Click here to submit Electronic Appearance". Select the case name, complete the required fields and click "Submit" to complete your appearance.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must either appear at the hearing or file a written**

---

[1] Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent in these chapter 11 cases at www.donlinrecano.com/westmoreland. Westmoreland Coal's address for the purposes of these chapter 11 cases is 9540 South Maroon Circle, Suite 300, Englewood, Colorado 80112.

**response prior to the hearing. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested**.

**Relief is requested not later than December 30, 2020**.

---

TO THE HONORABLE DAVID R. JONES
CHIEF UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Henry G. Hobbs, Jr., the Acting United States Trustee for Region 7 (the "United States Trustee"), and McKinsey[2] and represent as follows:

## I. Jurisdiction, Venue & Constitutional Authority to Enter a Final Order

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012.

2. The United States Trustee and McKinsey confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for the relief requested herein is section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532.

## II. Factual Background

4. On January 16, 2019, the Court entered an order (Dkt. No. 1088) appointing the Honorable Marvin Isgur as mediator (the "Mediator") to mediate disputes between certain parties, including the United States Trustee and McKinsey.

5. On February 19, 2019, the Mediator filed a Notice to Court (Dkt. No. 1406) regarding the resolution of issues between the United States Trustee Program and McKinsey relating to McKinsey's professional role in multiple bankruptcy cases (the "Initial Settlement

[2] As used herein, "McKinsey" means, collectively, McKinsey & Company, Inc. and its affiliates, including McKinsey Recovery & Transformation Services U.S., LLC and the other Proposed Professionals, as defined below.

Agreement"). Among other things, the Initial Settlement Agreement resolved disputes between the parties relating to the Fed. R. Bankr. P. 2014 ("Bankruptcy Rule 2014") disclosures filed by McKinsey in various bankruptcy cases, including disputes relating to McKinsey's disclosures in the WLB Debtors'[3] November 8, 2018, application to retain McKinsey (Dkt. No. 452).

6.    On March 7, 2019, McKinsey and the United States Trustee jointly filed a motion seeking entry of an order approving the Initial Settlement Agreement.

7.    On April 18, 2019, the Court, together with the United States Bankruptcy Court for the Southern District of New York and the United States Bankruptcy Court for the Eastern District of Virginia, entered an order (Dkt. No. 1763) approving the Initial Settlement Agreement.

8.    On July 3, 2019, the Court entered an order (Dkt. No. 2118) granting leave for the WLB Debtors to file a new retention application and ordered that upon the filing of the new retention application, the initial application to retain McKinsey filed on November 8, 2018 (Dkt. No. 452) would be deemed withdrawn.

9.    On July 3, 2019, the WLB Debtors filed the *WLB Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of McKinsey Recovery & Transformation Services U.S., LLC and Certain of Its Affiliates as Performance Improvement Advisors for the WLB Debtors Effective Nunc Pro Tunc to the Petition Dates and (II) Granting Related Relief* (the "July 2019 Retention Application") (Dkt. Nos. 2119 & 2120), containing an application and supporting declarations and disclosures seeking to retain certain McKinsey affiliates (the "Proposed Professionals")[4] as performance improvement advisors.

10.   On August 20, 2019, the United States Trustee filed the *Acting United States Trustee's Response to WLB Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of McKinsey Recovery & Transformation Services U.S., LLC and Certain of Its Affiliates as Performance Improvement Advisors for the WLB Debtors Effective Nunc Pro Tunc to the Petition Dates and (II) Granting Related Relief* (the "UST Response") (Dkt. No. 2273) raising certain issues related to the adequacy and completeness of McKinsey's disclosures, including the lack of full disclosure of affiliate and investment connections, and

---

[3] The WLB Debtors are, collectively, Westmoreland Coal Company and its other affiliated debtors, other than Westmoreland Resource Partners GP LLC and Westmoreland Resource Partners, LP and its subsidiaries, as reorganized debtors in the above captioned chapter 11 cases.
[4] The Proposed Professionals are McKinsey Recovery & Transformation Services U.S., LLC; McKinsey & Company, Inc. United States; McKinsey and Company Africa (Pty) Ltd.; McKinsey Knowledge Centre India Private Limited; McKinsey & Company Canada/McKinsey & Compagnie Canada; and McKinsey & Company LME Limited.

requesting clarification regarding whether McKinsey was seeking to keep any client connections confidential.  McKinsey disputes the allegations asserted in the UST Response.

11.     The United States Trustee requested certain supplemental information from McKinsey in connection with the July 2019 Retention Application.  McKinsey thereafter filed responses to address such requests (Dkt. Nos. 2348, 2426 & 2554).

12.     On January 31, 2020, McKinsey filed the *Reply of McKinsey Recovery & Transformation Services U.S., LLC and Certain of Its Affiliates to U.S. Trustee's Response to the WLB Debtors' Application to Retain and Employ McKinsey Recovery & Transformation Services U.S., LLC and Certain of Its Affiliates* (Dkt. No. 2744).

13.     A hearing (the "Retention Hearing") regarding the July 2019 Retention Application was held beginning on February 5, 2020.  During the Retention Hearing, McKinsey presented evidence regarding its disclosure process and described its efforts to comply with the bankruptcy disclosure rules.  After eight days, the Retention Hearing was temporarily adjourned due to the COVID-19 pandemic.

14.     On March 9, 2020, this Court issued the *Order Adopting Hearing Protocols That May Be Implemented Under Certain Public Health or Safety Conditions*, General Order 2020-4, containing a Protocol for Emergency Public Health or Safety Conditions (the "Emergency Protocol").  On March 24, 2020, the Court issued the *Order Invoking Emergency Protocol for Brownsville, Galveston and Houston Divisions*, invoking the Emergency Protocol as set forth in General Order 2020-4 for the Brownsville, Galveston and Houston divisions.

15.     The Court subsequently issued several orders extending the Emergency Protocol, and on October 19, 2020, pursuant to General Order 2020-20, in-person appearances before the Court have been postponed indefinitely.  As a result of the COVID-19 pandemic, the remainder of the trial regarding the July 2019 Retention Application has been postponed.

16.     In light of the ongoing litigation between the parties relating to the July 2019 Retention Application, the Mediator contacted the United States Trustee and counsel for McKinsey, the WLB Debtors, and another objector, Mar-Bow Value Partners, LLC ("Mar-Bow"), to determine whether further mediation would be beneficial to a resolution of the ongoing disputes relating to the July 2019 Retention Application.  The United States Trustee and McKinsey agreed to engage in further voluntary mediation, and the WLB Debtors expressed interest in participating in any mediation.  Mar-Bow declined to participate in the renewed mediation sessions.

17.     On July 8, 2020, the United States Trustee and McKinsey filed the *Joint Request to Authorize Further Voluntary Mediation* (the "Mediation Motion") (Dkt. No. 3024), seeking the Court's authorization to proceed with mediation with the Mediator.

18.     On July 8, 2020, the Court entered an order granting the Mediation Motion, authorizing continued mediation before the Mediator among the United States Trustee, McKinsey, and the WLB Debtors (Dkt. No. 3027).  The Court's order instructed that "[a]ny settlement of the identified issues is subject to review and approval by the Court."  *Id.*

19.     The mediation began on July 24.   After several mediation sessions, those discussions culminated in an agreement (the "Mediated Settlement Agreement") between the United States Trustee, the United States Trustee Program (together with the United States Trustee, the "USTP") and McKinsey.

20.     On December 3, 2020, the Mediator filed a Mediator's Second Notice to Court (Dkt. No. 3184) regarding the results of the mediation between the USTP and McKinsey and attaching a term sheet (the "Mediated Term Sheet") delineating the key terms of the settlement. The Mediated Settlement Agreement resolves the parties' disputes in these Chapter 11 Cases (the "Westmoreland Case") in connection with the July 2019 Retention Application.

## III. <u>Relief Requested</u>

21.     The United States Trustee and McKinsey have incorporated the terms of the Mediated Settlement Agreement into a proposed agreed order (the "Agreed Order") and hereby request that the Court enter the Agreed Order.  A true and correct copy of the Agreed Order is attached as Exhibit A and incorporated by reference.   Among other things, the Agreed Order provides:

   a)     Upon effectiveness of the Court's order approving the settlement, the July 2019 Retention Application will be deemed withdrawn, with prejudice against refiling;

   b)     Upon effectiveness of the Court's order approving the settlement, the UST Response will be deemed withdrawn, with prejudice against refiling;

   c)     McKinsey agrees that in all future Bankruptcy Rule 2014 disclosures filed in any bankruptcy case, McKinsey's disclosures will include, but will not be limited to, disclosures of affiliate connections and disclosures of confidential client connections (except to the extent ordered otherwise by the bankruptcy court with jurisdiction over the case), and that it will always make any legally required disclosures;

   d)     The USTP agrees that the Initial Settlement Agreement and the Mediated Settlement Agreement resolve all USTP allegations that McKinsey failed to make

full and complete disclosures under applicable law or failed to fully comply with Bankruptcy Rule 2014 in prior bankruptcy cases and in the Westmoreland Case;

e) As specifically described therein, McKinsey releases all claims against the USTP arising out of or pertaining to the adequacy of McKinsey's disclosures or its disinterestedness in the Westmoreland Case, and reaffirms the releases contained in the Initial Settlement Agreement;

f) As specifically described therein, the USTP releases all claims against McKinsey pertaining to any allegation that McKinsey failed to make full and complete disclosures under applicable law or failed to fully comply with Bankruptcy Rule 2014 in the Westmoreland Case, and reaffirms the releases contained in the Initial Settlement Agreement;

g) Specific language preserving rights of the United States, the right of the United States Trustee Program to share information with other agencies of the United States, and an acknowledgement that the Agreed Order does not impact the rights of non-parties; and

h) The Agreed Order, the Mediated Settlement Agreement, and the Mediated Term Sheet (and their contents) are not and shall not constitute an admission of liability, wrongdoing or misconduct by McKinsey, or any of its agents, directors, officers, attorneys, partners, and employees acting on its behalf.

22. The parties submit that the Mediated Settlement Agreement is fair and reasonable and should be approved. The Mediated Settlement Agreement resolves the parties' disputes in the Westmoreland Case. In lieu of additional litigation regarding the July 2019 Retention Application, the United States Trustee and McKinsey submit that the consensual mediated resolution is desirable and in the best interest of all parties.

## IV. Emergency Consideration

23. Pursuant to Bankruptcy Local Rule 9013-1(i), the USTP and McKinsey respectfully request emergency consideration of this Motion. The parties submit that emergency consideration of this Motion before the end of the year is appropriate in the interests of efficiency and judicial economy. The Acting United States Trustee for Region 7, who has been involved throughout the entirety of the underlying litigation and served as the USTP's representative in the mediation that resulted in this settlement, is retiring. The USTP and McKinsey respectfully request that the hearing on this Motion be held in 2020 to ensure the Court has time to rule on the proposed settlement before the parties resume preparation and considerable expense for the continuation of trial, which is currently set for January 4, 2021, and to ensure continuity of personnel for these proceedings. The USTP and McKinsey further respectfully submit that both Mar-Bow and the Debtors, the only other parties that have participated in the continuing litigation regarding the July 2019 Retention Application, received advance notice of the

settlement and a copy of the Mediated Term Sheet on or around November 19, 2020. Thereafter, they were also notified that the parties anticipated filing the settlement, providing them ample time to review and prepare any position with respect to the settlement.

WHEREFORE, the United States Trustee and McKinsey respectfully request that the Court enter the Agreed Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: December 4, 2020

Respectfully Submitted,

**HENRY G. HOBBS, JR.**
**ACTING UNITED STATES TRUSTEE**
**REGION 7, SOUTHERN and WESTERN DISTRICTS OF TEXAS**
By: /s/ Hector Duran
Trial Attorney
Texas Bar No. 00783996
515 Rusk, Suite 3516
Houston, TX 77002
Telephone: (713) 718-4650 x 241
Fax: (713) 718-4670

**MCKINSEY RECOVERY & TRANSFORMATION SERVICES U.S., LLC AND ITS AFFILIATES**

**ZACK A. CLEMENT PLLC**
By: /s/ Zack A. Clement
3753 Drummond Street
Houston, Texas 77025
Telephone: (832) 274-7629

**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (*pro hac vice*)
Erica S. Weisgerber (*pro hac vice*)
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000

**SELENDY & GAY PLLC**
Faith E. Gay (*pro hac vice*)
Jennifer M. Selendy (*pro hac vice*)
1290 Avenue of the Americas.
New York, New York 10104
Telephone: (212) 390-9000

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by electronic means on all PACER participants on December 4, 2020.

/s/ Zack A. Clement
Zack A. Clement

# Exhibit A

Agreed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 18-35672 (DRJ)** |
| **WESTMORELAND COAL COMPANY, *et al.*,** | § | **CHAPTER 11** |
| | § | **(Jointly Administered)** |
| | § | |
| **Debtors.** | § | |

**ORDER APPROVING SECOND MEDIATED SETTLEMENT AGREEMENT BETWEEN THE UNITED STATES TRUSTEE PROGRAM AND MCKINSEY & COMPANY, INC. AND ITS AFFILIATES**

**RECITALS**

Whereas, certain McKinsey[1] entities provide financial and consulting services to chapter 11 bankruptcy debtors-in-possession.

Whereas, on January 16, 2019, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order (Dkt. No. 1088) in above-captioned *Westmoreland* Chapter 11 Cases (the "Westmoreland Case") appointing the Honorable Marvin Isgur as mediator (the "Mediator") to mediate disputes between certain parties, including the Acting United States Trustee for Region 7 (the "United States Trustee") and McKinsey.

Whereas, on February 19, 2019, the Mediator filed a Notice to Court (Dkt. No. 1406) regarding the resolution of issues between the United States Trustee Program and McKinsey (the "Parties") relating to McKinsey's professional role in multiple bankruptcy cases (the "Initial Settlement Agreement").

Whereas, on April 18, 2019, the Court, together with the United States Bankruptcy Court for the Southern District of New York and the United States Bankruptcy Court for the Eastern District of Virginia, entered an order (Dkt. No. 1763) approving the Initial Settlement Agreement. The Initial Settlement Agreement remains effective, and is not altered, amended, or superseded by this order.

Whereas, on July 3, 2019, the Court entered an order (Dkt. No. 2118) granting leave for the WLB Debtors[2] to file a new retention application and ordered that upon the filing of the new

---

[1] As used herein, "McKinsey" means, collectively, McKinsey & Company, Inc. and its affiliates, including McKinsey Recovery & Transformation Services U.S., LLC, and the other Proposed Professionals, as defined below.

[2] The WLB Debtors are, collectively, Westmoreland Coal Company and its other affiliated debtors, other than

retention application, the initial application to retain McKinsey filed on November 8, 2018 (Dkt. No. 452) would be deemed withdrawn.

Whereas, on July 3, 2019, the WLB Debtors filed the *WLB Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of McKinsey Recovery & Transformation Services U.S., LLC and Certain of Its Affiliates as Performance Improvement Advisors for the WLB Debtors Effective Nunc Pro Tunc to the Petition Dates and (II) Granting Related Relief* (the "July 2019 Retention Application") (Dkt. Nos. 2119 & 2120), containing an application and supporting declarations and disclosures seeking to retain certain McKinsey affiliates (the "Proposed Professionals")[3] as performance improvement advisors.

Whereas, on August 20, 2019, the United States Trustee filed the *Acting United States Trustee's Response to WLB Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of McKinsey Recovery & Transformation Services U.S., LLC and Certain of Its Affiliates as Performance Improvement Advisors for the WLB Debtors Effective Nunc Pro Tunc to the Petition Dates and (II) Granting Related Relief* (the "UST Response") (Dkt. No. 2273), raising certain issues related to the adequacy and completeness of McKinsey's disclosures.

Whereas, McKinsey disputes the allegations asserted in the UST Response.

Whereas, the United States Trustee requested certain supplemental information from McKinsey in connection with the July 2019 Retention Application.  McKinsey thereafter filed responses to address such requests (Dkt. Nos. 2348, 2426 & 2554).

Whereas, on January 31, 2020, McKinsey filed the *Reply of McKinsey Recovery & Transformation Services U.S., LLC and Certain of Its Affiliates to U.S. Trustee's Response to the WLB Debtors' Application to Retain and Employ McKinsey Recovery & Transformation Services U.S., LLC and Certain of Its Affiliates* (Dkt. No. 2744).

Whereas, in light of the ongoing litigation relating to the July 2019 Retention Application, the Mediator contacted the United States Trustee and counsel for McKinsey, the WLB Debtors, and another objector, Mar-Bow Value Partners LLC ("Mar-Bow") to determine whether further mediation would be beneficial to a resolution of the ongoing disputes relating to the July 2019 Retention Application.  The United States Trustee and McKinsey agreed to engage in further voluntary mediation, and the WLB Debtors expressed interest in participating in any mediation. Mar-Bow declined to participate in the renewed mediation sessions.

Whereas, on July 8, 2020, the United States Trustee and McKinsey filed the *Joint Request*

---

Westmoreland Resource Partners GP LLC and Westmoreland Resource Partners, LP and its subsidiaries, as reorganized debtors in the above captioned chapter 11 cases.

[3] The Proposed Professionals are McKinsey Recovery & Transformation Services U.S., LLC; McKinsey & Company, Inc. United States; McKinsey and Company Africa (Pty) Ltd.; McKinsey Knowledge Centre India Private Limited; McKinsey & Company Canada/McKinsey & Compagnie Canada; and McKinsey & Company LME Limited.

*to Authorize Further Voluntary Mediation* (the "Mediation Motion") (Dkt. No. 3024), seeking the Court's authorization to proceed with mediation with the Mediator.

Whereas, on July 8, 2020, the Court entered an order granting the Mediation Motion, authorizing continued mediation before the Mediator among the United States Trustee, McKinsey, and the WLB Debtors (Dkt. No. 3027). The Court's order instructed that "[a]ny settlement of the identified issues is subject to review and approval by the Court." *Id.*

Whereas, after several mediation sessions, the United States Trustee, the United States Trustee Program (together with the United States Trustee, the "USTP") and McKinsey reached an agreement, reflected in a term sheet (the "Mediated Term Sheet") delineating the key terms of the settlement, which was filed with the Court as Exhibit A to the Mediator's Second Notice to Court on December 3, 2020 (Dkt. No. 3184). As set forth in the Mediated Term Sheet, the Parties contemplated incorporating its terms into a proposed agreed order (this "Order") to be submitted to the Court for consideration and approval.

Whereas, McKinsey represents that it has worked during the course of the Westmoreland Case to address the disclosure and conflicts concerns raised in the United States Trustee's objections to McKinsey's employment applications. The United States Trustee has not alleged any bad faith conduct by McKinsey in connection with the pending retention application.

Whereas, the USTP acknowledges that McKinsey has made additional disclosures in the July 2019 Retention Application, in the course of discovery, and during the trial in the Westmoreland Case, including disclosures regarding confidential clients and McKinsey's non-investment affiliates. Although the USTP continues to review McKinsey's practices with respect to its MIO investment affiliates, the facts to date provide a sufficient basis for the United States Trustee to make this settlement resolving disputes with McKinsey in the Westmoreland Case.

Whereas, McKinsey represents that it has not received, and will not seek to recover, any payment or reimbursement of expenses from the WLB Debtors for services rendered in the Westmoreland Case that would be subject to the Court's allowance under 11 U.S.C. § 330.

Whereas, the Parties wish to resolve their disputes regarding the July 2019 Retention Application.

Now therefore, in consideration of the foregoing, and of the mutual promises and compromises between them, the Parties do hereby agree, stipulate, and consent as follows, subject to the Court's entry of this Order and the passage of any applicable appeal period.

IT IS ORDERED AS FOLLOWS:

**ARTICLE I**

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue in the United States Bankruptcy Court for Southern District of Texas is proper pursuant to 28 U.S.C. § 1409(a).

**ARTICLE II**

**WESTMORELAND AND FUTURE RETENTIONS**

2. Upon the effectiveness of this Order, (a) the July 2019 Retention Application will be deemed withdrawn, with prejudice against refiling; and (b) the UST Response will be deemed withdrawn, with prejudice against refiling.

3. McKinsey agrees that in all future Fed. R. Bankr. P. 2014 ("Bankruptcy Rule 2014") disclosures filed in any bankruptcy case, McKinsey's disclosures will include, but will not be limited to, disclosures of affiliate connections and disclosures of confidential client connections (except to the extent ordered otherwise by the bankruptcy court with jurisdiction over the case). McKinsey represents that it will always make any legally required disclosures.

4. The USTP agrees that the Initial Settlement Agreement and this Order resolve all USTP allegations that McKinsey failed to make full and complete disclosures under applicable law or failed to fully comply with Bankruptcy Rule 2014 in prior bankruptcy cases and in the Westmoreland Case. The USTP will review future applications to retain McKinsey in other bankruptcy cases in the ordinary course as it would any other professional.

**ARTICLE III**

**RELEASE PROVISIONS**

5. The USTP hereby releases all claims against McKinsey (and all of its agents, directors, officers, attorneys, partners and employees acting on its behalf, solely with respect to actions taken in the course and scope of their duties with McKinsey) arising out of or pertaining to any allegation that McKinsey failed to make full and complete disclosures under applicable law or failed to fully comply with Bankruptcy Rule 2014 in the Westmoreland Case, and shall refrain from instituting, directing or maintaining any contested matter, adversary proceeding, or miscellaneous proceeding, or participating in any contested matter, miscellaneous proceeding, or adversary proceeding by a third party (except that the United States Trustee may participate in an action to the extent ordered by a court provided that the United States Trustee may not seek such a court order formally or informally), against McKinsey (and all of its agents, directors, officers, attorneys, partners and employees acting on its behalf, solely with respect to actions taken in the

course and scope of their duties with McKinsey) arising out of or pertaining to any allegation that McKinsey failed to make full and complete disclosures under applicable law or failed to fully comply with Bankruptcy Rule 2014 in the Westmoreland Case.

6. The USTP reaffirms the releases contained in the Initial Settlement Agreement.

7. McKinsey will release all claims against the USTP and all of its current and former employees, including all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, based on the USTP's investigation and prosecution of claims arising out of or pertaining to the adequacy of McKinsey's disinterestedness or disclosures in the Westmoreland Case, except that McKinsey reserves all rights with respect to preserved rights of the USTP herein. McKinsey shall retain all rights to assert requests under the Freedom of Information Act, 5 U.S.C. § 552 provided that such requests are not made for the purpose of enforcing claims or causes of action released herein.

8. The USTP reserves all rights to:

a. Cooperate with or provide assistance to other governmental agencies, including sharing information or discovery arising out of or relating to the issues addressed herein with other governmental agencies; and

b. Seek and obtain discovery in any bankruptcy case or proceeding, including discovery based on or pertaining to the claims released in Paragraph 5, provided that such discovery is not sought for the purpose of enforcing claims or causes of action released herein.

9. The release in Article III applies to the rights and claims of the USTP only. This Order does not settle, resolve, or prejudice any other rights or claims of the United States, including the Department of Justice and/or other governmental agencies, against McKinsey. Notwithstanding any other provision of this Order, claims with respect to any criminal liability are not released.

**ARTICLE IV**

**MISCELLANEOUS PROVISIONS**

10. The Court shall retain exclusive jurisdiction over all matters subject to this Order, including disputes arising under this Order, and the construction, interpretation, modification, and enforcement of this Order, and shall retain exclusive jurisdiction to hear and adjudicate any motions related to this Order.

11. This Order and the Mediated Term Sheet (and their contents) are not and shall not constitute an admission of liability, wrongdoing, or misconduct by McKinsey, or any of its agents, directors, officers, attorneys, partners, and employees acting on its behalf, solely with respect to actions taken in the course and scope of their duties with McKinsey, to any person or entity or on any legal or equitable theory. This Order is made without adjudication of any issue of fact or

law as to the claims released in Article III.  Nothing in this paragraph reduces McKinsey's obligations under this Order or affects the USTP's authority to enforce any rights hereunder.

12.     This Order constitutes the entire agreement between the Parties relating to the subject matter reflected herein and may not be modified except in writing executed and delivered by the Parties hereto.

13.     This Order will not bind or prejudice the rights and claims of any non-party.  This order binds McKinsey and its successors and assigns.

14.      This Order may be executed by the Parties in one or more counterparts, or via facsimile or electronically scanned signatures, each of which shall be deemed an original, all of which together shall constitute one and the same instrument.

15.     This Order shall become effective upon the expiration of any appeal period following its execution by the Parties and its entry by the Court.  The Parties hereby waive any right to seek reconsideration of and/or to appeal from this Order if the Order is entered as submitted by the Parties.

16.     In the event either Party determines that there has been a violation of this Order, it shall provide notice of such violation to the other Party, and allow 10 days to cure or otherwise purge the conduct deemed to constitute the violation prior to the filing of any motion to enforce this Order with the Court, unless more time is agreed to by the Parties.

17.     If any time period in this Order is stated in days, the Parties shall: (a) exclude the day of the event that triggers the period; and (b) count every subsequent day, including intermediate Saturdays, Sundays, and legal holidays, and include the last day of the period, but if any time period set forth in this Order expires on a Saturday, Sunday, or legal holiday, such time period shall continue to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

18.     The terms set forth in this Order are part of a comprehensive compromise and each element is an integral aspect of the agreed settlement and is non-severable.

*** 

**[Signature Pages Follow]**

**Seen and agreed to:**

**McKINSEY & COMPANY, INC.**

/s/ Michael Silber
Michael Silber
McKinsey & Company, Inc.
711 Third Avenue
New York, New York 10017

/s/ Faith Gay
Faith Gay
Selendy & Gay PLLC
1290 Avenue of the Americas
New York, New York 10104

**[END OF PAGE]**

**EXECUTIVE OFFICE FOR UNITED STATES TRUSTEES**

/s/ Ramona D. Elliott
Ramona D. Elliott
Florida Bar Number 0992607
Deputy Director/General Counsel
Executive Office for United States Trustees
United States Department of Justice
441 G Street, NW
Suite 6150
Washington, DC 20530

**ACTING UNITED STATES TRUSTEE**
**FOR REGION 7**

/s/ Henry G. Hobbs, Jr.
Henry G. Hobbs, Jr., U.S. Trustee
Texas Bar Number 00790116
United States Department of Justice
Office of the United States Trustee
515 Rusk Street, Room 3516
Houston, TX 77002

Houston, Texas
Dated: ____________, 2020

______________________________________
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**