EXHIBIT  1

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2023

Lyle W. Cayce
Clerk

COMPLAINT NUMBER: 05-24-90002

COMPLAINT IDENTIFIED BY THE CHIEF JUDGE OF THE FIFTH
CIRCUIT COURT OF APPEALS AGAINST UNITED STATES
BANKRUPTCY JUDGE DAVID R. JONES,
SOUTHERN DISTRICT OF TEXAS,
UNDER THE JUDICIAL IMPROVEMENTS ACT OF 2002.

Pursuant to Rule 5 in Article III of the Rules for Judicial-Conduct and Judicial-Disability Proceedings, I am identifying a Complaint against United States Bankruptcy Judge David R. Jones of the Southern District of Texas.

Rule 5 provides that when a chief judge has information constituting reasonable grounds for inquiry into whether a covered judge has engaged in misconduct, the chief judge may conduct an inquiry, as he or she deems appropriate, into the accuracy of the information. I have conducted an inquiry and find there is probable cause to believe that misconduct by Judge Jones has occurred. It does not appear that an informal resolution is feasible at this time. I am therefore entering this written order stating the reasons for identifying a complaint.

Judge Jones is in an intimate relationship with Elizabeth Freeman. It appears that they have cohabited (living in the same house or home) since approximately 2017. Elizabeth Freeman worked in Judge Jones's chambers as a law clerk. Subsequently, she was a partner in the Jackson Walker LLP law firm, it appears from at least 2017 until December 2022. She formed The

Law Office of Liz Freeman, from which she has practiced since approximately December 2022.

Members of the Jackson Walker LLP firm have regularly appeared before Judge Jones since 2017. Judge Jones has approved attorneys' fees payable to that firm in which supporting documentation, that was submitted to Judge Jones and is part of public records, reflects that services by Elizabeth Freeman were performed in connection with a number of cases for which fees were sought and approved, though Elizabeth Freeman was not shown as counsel of record on the face of pleadings. The amounts billed for Elizabeth Freeman's services in those cases were substantial. The fees approved by Judge Jones for Jackson Walker LLP were likewise substantial. Judge Jones approved fees payable to Jackson Walker LLP in other cases in which Elizabeth Freeman does not appear to have provided any legal services or advice. However, at all times when Elizabeth Freeman was a Jackson Walker LLP partner, and regardless of whether she provided services or advice in a case, there is a reasonable probability that Elizabeth Freeman, as a partner in that firm, obtained a financial benefit from, or had a financial interest in, fees approved by Judge Jones. Judge Jones did not recuse in Jackson Walker LLP cases nor did he disclose his relationship with Elizabeth Freeman to the parties or their counsel in which Jackson Walker LLP appeared before him.

A motion to recuse Judge Jones was filed in a case in which Jackson Walker LLP was counsel of record. The basis of the motion was an allegation that Judge Jones was involved in a romantic relationship with Elizabeth Freeman. Judge Jones referred the motion to recuse to another bankruptcy judge but did not disclose to that judge the facts regarding his relationship with Ms. Freeman. On information and belief, the judge who ruled on the motion to recuse was unaware that Judge Jones was romantically involved with Ms. Freeman or that they were cohabiting. The motion to recuse was denied and appealed to a federal district court judge, and on information and

belief, Judge Jones did not apprise that district court judge of the relationship with Ms. Freeman, and that judge was also unaware of the facts regarding the relationship. The appeal was denied. There is a reasonable probability that if Judge Jones had disclosed the facts concerning his relationship with Elizabeth Freeman to his fellow bankruptcy judge, to whom the motion to recuse was referred, the motion to recuse would have been granted. Because the motion was denied, and Judge Jones did not voluntarily recuse, Judge Jones presided in the case and approved Jackson Walker LLP's attorneys' fees. Court records appear to reflect that those fees included amounts for services Elizabeth Freeman performed in connection with the case.

It appears that Judge Jones accepted an appointment from another bankruptcy judge to act as mediator in a matter in which Ms. Freeman, as a shareholder or partner in The Law Offices of Liz Freeman, was attorney of record for a party and participated in the mediation; that Judge Jones did not disclose his relationship with Ms. Freeman to the parties, to their counsel or to the bankruptcy judge who appointed Judge Jones. Judge Jones conducted the mediation to a conclusion.

In another matter over which Judge Jones presided, it appears that Judge Jones approved a fee application submitted by The Law Offices of Liz Freeman. It does not appear that any party or any other counsel in that proceeding was apprised of Judge Jones' relationship with Ms. Freeman.

It further appears that Judge Jones recommended to other judges in the Southern District of Texas that Ms. Freeman be appointed to the Lawyer Admissions Committee for the Southern District of Texas Bankruptcy Court. Judge Jones did not disclose his relationship with Ms. Freeman to those considering the appointment.

Judge Jones and Elizabeth Freeman are not married to one another, to the best of my knowledge, and do not hold themselves out as spouses.

However, the Commentary to Canon 3C of the Code of Conduct for United State Judges provides "[r]ecusal considerations applicable to a judge's spouse should also be considered with respect to a person other than a spouse with whom the judge maintains both a household and an intimate relationship." In this regard, *see also* Guide to Judiciary Policy, vol. 2, sec. 220, Advisory Opinion 58; *Potashnick v. Port City Construction Co.*, 609 F.2d 1101, 1112-14 (5th Cir. 1980).

Based on the foregoing, there is probable cause to believe that Judge Jones has engaged in misconduct, as that term is defined or described in the code of conduct applicable to federal judges including bankruptcy judges. In particular:

1)    The Code of Conduct for United States Judges provides in Canon 2 that "a judge should avoid impropriety and the appearance of impropriety in all activities." All of the alleged conduct set forth above appears to constitute impropriety or at least the appearance of impropriety.

2)    Canon 2B provides in part that "[a] judge should not allow family, . . . or other relationships to influence judicial conduct or judgment."

3)    Canon 3C(1) provides that "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned."

4)    Canon 3C(1) provides a non-exclusive list of circumstances in which a judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned. Included in the list, in subsection 3C(1)(c), is an instance in which "the judge knows that the judge, . . . or the judge's spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding."

5)      The non-inclusive list also includes, in Canon 3C(1)(d), instances in which

> the judge or the judge's spouse, or a person related to either within the third degree of relationship, or the spouse of such a person is:
>
> . . .
>
> (ii) acting as a lawyer in the proceeding; [or]
>
> (iii) known by the judge to have an interest that could be substantially affected by the outcome of the proceeding. . . .

6)      The Commentary to Canon 3C(1)(d)(ii) provides:

> The fact that a lawyer in a proceeding is affiliated with a law firm with which a relative of the judge is affiliated does not of itself disqualify the judge. However, if "the judge's impartiality might reasonably be questioned" under Canon 3C(1), or the relative is known by the judge to have an interest in the law firm that could be "substantially affected by the outcome of the proceeding" under Canon 3C(1)(d)(iii), the judge's disqualification is required.

7)      Canon 3B(3) provides "(3) [a] judge should exercise the power of appointment fairly and only on the basis of merit, avoiding unnecessary appointments, nepotism, and favoritism."

Pursuant to Rule 11 under Article IV of the Rules for Judicial-Conduct and Judicial-Disability Proceedings, Judge Jones is invited to respond either orally or in writing to this Complaint.

As a general matter, Rule 23 under Article IV of the Rules for Judicial-Conduct and Judicial-Disability Proceedings, provides that the contents of a complaint against a judge are confidential. However, that Rule also provides that a chief judge "may disclose the existence of a proceeding under these Rules when necessary or appropriate to maintain public confidence in the judiciary's ability to redress misconduct or disability." I conclude that disclosure of the existence of this complaint is necessary and appropriate, particularly because many of the allegations regarding Judge Jones' conduct have been made public in the press and in the filing of a law suit against Judge Jones.

Pursuant to 28 U.S.C. § 351(b) and Rule 5, I hereby identify a complaint against United States Bankruptcy Judge David R. Jones. As provided by Rule 5, I will begin the review provided for in Rule 11 of the Rules for Judicial-Conduct and Judicial-Disability Proceedings.

Date: October 13, 2023

Priscilla Richman

Priscilla Richman

Chief Judge

6

EXHIBIT  2

### *Texas Law Firm Didn't Disclose Possible Conflict Involving Bankruptcy Judge;  Jackson Walker filed court papers that said it was a disinterested adviser in major chapter 11 cases and omitted that one of its bankruptcy lawyers was living with the presiding judge*

WSJ Pro Bankruptcy

October 27, 2023

Copyright 2023 Factiva ®, from Dow Jones
All Rights Reserved



Copyright © 2023, Dow Jones & Company, Inc.



**Section:** WSJ PRO; Pro Bankruptcy Bankruptcy

**Length:** 1333 words

**Byline:** By Alexander Gladstone and Akiko Matsuda

## Body

Texas law firm Jackson Walker said in court filings that it was an unbiased advocate for the businesses it was guiding through bankruptcy in recent years. It never mentioned that one of its bankruptcy lawyers at the time was in a romantic relationship with the judge overseeing at least two dozen of those chapter 11 cases.

Jackson Walker didn't disclose that one of its law partners, Elizabeth Freeman, was living with bankruptcy judge David R. Jones, and didn't correct its paperwork in the bankruptcy cases after learning of the couple's relationship. The possible conflict of interest could have kept Jackson Walker off chapter 11 cases it filed in Houston's bankruptcy court-and that earned the firm nearly $10 million in fees, The Wall Street Journal found through a review of court records.

Jones *resigned from the bench earlier this month* amid *an official misconduct probe* by the federal appeals court that appointed him after he *confirmed his romantic relationship with Freeman to the Journal*. Earlier this week, the Justice Department's Office of the U.S. Trustee, which oversees the nation's bankruptcy courts, said it has started to review Jackson Walker's fee requests in light of Jones's resignation.

Jackson Walker told the Journal earlier this month that the firm in March 2021 first learned of an allegation that Freeman was in a relationship with Jones. Jackson Walker declined to comment on when it verified that the relationship was real and on the fee requests. It said in a court filing Thursday regarding a pending fee request that it "is working to evaluate and address the issues that have come to light over the past three weeks."

Jones didn't respond to a request for comment. He previously told the Journal he believed the relationship didn't need to be disclosed because he and Freeman aren't married and he was entitled to a degree of privacy. Freeman declined to comment.

Law firms, bankers and other advisers in chapter 11 cases are required to be neutral and must reveal potential conflicts of interest arising from personal or professional connections to a bankrupt company's creditors and insiders, and to other professionals and "parties in interest," meaning people or firms that could either benefit or be harmed by the outcome of the cases. Typically, advisers search their internal records for conflicts with a company's owners, stakeholders and other potential parties in interest, including judges and court personnel.

Other chapter 11 advisers _including consulting powerhouse McKinsey_ have faced civil sanctions or criminal probes for failing to disclose business or personal connections in bankruptcy court, according to legal experts and court records.

"The goal behind disclosing connections is the transparency of the system," said Nancy Rapoport, a law professor at the William S. Boyd School of Law at the University of Nevada Las Vegas who specializes in bankruptcy ethics.

"People want to know what advantages people might have," Rapoport said. "A failure to disclose causes the maelstrom we're experiencing now, because it leads to other questions. Who else knew, and when did those persons know it?"

Jackson Walker served as co-counsel alongside lawyers from Kirkland & Ellis, the nation's leading firm for filing major corporate bankruptcies, in at least 17 cases that Jones oversaw and on which Freeman billed hours, the Journal found. In addition to cases overseen by Jones, Freeman and Jackson Walker worked on cases before other judges for which he served as mediator. Kirkland & Ellis declined to comment.

Property records show Jones and Freeman bought a house together in 2017, when she was working as his law clerk, before she joined Jackson Walker in 2018. The code of conduct for federal judges states they should recuse themselves from hearing cases if their impartiality might reasonably be questioned, including proceedings in which their spouses or domestic partners are working as lawyers.

If Jackson Walker was aware of the relationship, the firm had its own obligation to divulge it in court to its clients, their creditors and other stakeholders in the chapter 11 cases, bankruptcy experts said. The firm also had an obligation to correct previously submitted court documents if they lacked the disclosure of the relationship, the experts said.

In 2020, a shareholder of McDermott International sought Jones's recusal from the engineering company's bankruptcy after saying he had received an anonymous letter alleging that Jones and

Freeman were in a relationship and lived together. Another Houston judge, Marvin Isgur, denied the recusal motion in March 2021 due to lack of evidence. The allegation, however, prompted Jackson Walker to conduct an internal inquiry and to consult outside ethics counsel, a spokesman for the firm told the Journal earlier this month.

Freeman later stopped working and billing on bankruptcy cases pending before Jones at Jackson Walker, court records show. But Jackson Walker has never filed paperwork to correct court documents it previously submitted in Houston, which became in recent years *a top venue for corporate restructurings*.

Legal experts said that because Freeman remained a partner at Jackson Walker, it should have disclosed her relationship with Jones in cases he oversaw or mediated, including for chapter 11 cases that she wasn't personally working on. Between March 2021, when the relationship was first alleged in court, and December 2022, when Freeman left the firm to start her own solo practice, Jackson Walker filed at least six applications to be officially retained as companies' legal counsel in bankruptcy cases before Jones.

In two of those cases, involving construction startup Katerra and pipeline builder Strike, Jackson Walker included Jones in its filings as a potential party in interest and indicated that it searched his name against its internal records and didn't find any connections involving him.

Other firms have disclosed connections to court personnel in applications to be retained as advisers. Texas law firm Gray Reed disclosed in 2020 as part of a retention application in Whiting Petroleum's bankruptcy that Jones had once worked as an IT contractor for the firm while he was attending law school.

Failing to disclose connections in bankruptcy has had consequences for individuals and firms. In 1998, John Gellene, at the time a bankruptcy lawyer at law firm Milbank, was found to have concealed that he had worked for a creditor of a company he was representing in bankruptcy. He was convicted of making false declarations under penalty of perjury and served time in prison. Milbank declined to comment.

The former bankruptcy consulting practice of Mesirow Financial was denied fees after a partner working on the bankruptcy case of a Caesars Entertainment unit was found in 2016 to have had an affair with a lawyer for the company. Mesirow didn't immediately respond to a request for comment.

More recently McKinsey, *paid a $15 million settlement in 2019 without admitting wrongdoing* after the U.S. Trustee accused the firm of failing to adequately disclose its client and business connections in three bankruptcy cases. McKinsey said at the time it was settling to move forward and focus on clients and that the settlement process provided clarity for the filing of future disclosures. McKinsey has also faced years of civil litigation alleging it concealed its conflicts to win assignments advising businesses, which it denies.

The U.S. Trustee said in court papers Wednesday that Jackson Walker didn't disclose the relationship between Freeman and Jones when it applied last year to represent alternative asset firm GWG Holdings "despite recent admissions by a spokesperson for Jackson Walker that it

learned of their relationship in March 2021." A court hearing that had been scheduled for Thursday on Jackson Walker's fee request in the GWG case was postponed.

Write to Alexander Gladstone at _alexander.gladstone@wsj.com_   and Akiko Matsuda at _akiko.matsuda@wsj.com_

## Notes

PUBLISHER: Dow Jones & Company, Inc. - Enterprise WSJ

**Load-Date:** October 28, 2023

---

End of Document

EXHIBIT   3

Lawsuit alleges undisclosed relationship involving federal judge that could cloud...

**News**Room

10/6/23 Bus. Insider 23:26:28

Business Insider, The
Copyright (c) 2023 The Business Insider

October 6, 2023

Lawsuit alleges undisclosed relationship involving federal judge that could cloud Corizon bankruptcy deal

Dakin Campbell,Nicole Einbinder

Oct 06, 2023

A complaint filed this week in federal court casts doubt over the neutrality of the judge who oversaw bankruptcy settlement talks involving Corizon, once the nation's largest prison health care provider.

David Jones, the chief bankruptcy judge for the Southern District of Texas, and Elizabeth Freeman, his former law clerk and a successful bankruptcy attorney, have secretly been in a romantic relationship for years, according to the complaint, which was obtained by Insider.

Corizon, a leading private prison health provider, pulled a Texas Two-Step, putting assets in YesCare and debts in Tehum.Tehum then filed for bankruptcy, potentially leaving hundreds of prisoners claiming malpractice with pennies on the dollar.A court document claims the judge mediating the settlement deal is in a romantic relationship with YesCare's attorney.

Last year, Corizon began a controversial maneuver known as a Texas Two-Step, splitting the company into two parts, one with most of its assets, known as YesCare, and one with most of its debts, known as Tehum, which then filed for bankruptcy. The Two Step was effectively designed to protect YesCare's assets, including public sector contracts worth more than $1 billion. According to a legal filing, Tehum director Isaac Lefkowitz said the Two Step can be used to "force plaintiffs into accepting lower settlements."

Freeman represented YesCare Corp. in the settlement talks. And the talks were overseen by Jones.

At least 350 malpractice suits against Corizon and tens of millions of dollars in unpaid invoices are now folded into that proposed deal, which awaits approval by the creditors. It offers prisoners who were injured or died under Corizon's care only $5,000 each.

While the complaint, submitted on Wednesday in the Southern District of Texas, is currently not available for public access on the docket, Insider obtained a copy from Michael Van Deelen, who filed the suit pro se. It alleges that Jones retaliated against him for "outing" the judge's allegedly inappropriate relationship in a previous legal filing.

Jones was appointed in May by US Bankruptcy Judge Christopher Lopez to act as a mediator in the Tehum case, to oversee talks between the company and its largest creditors. Freeman signed off on Jones' appointment as mediator, according to a stipulation and agreed order submitted in the bankruptcy docket. Neither Jones nor Freeman have disclosed their alleged relationship, according to Van Deelen's complaint.

Frank Ozment, who represents an Alabama prisoner, Tracy Grissom, who said she was subjected to negligent Corizon care,

called the claims "very disturbing" if true.

"It's very important that the mediator be neutral," Ozment told Insider. "If the allegations suggest that the mediator was not neutral, then that could potentially bear a lot of weight on whether the plan is reasonable."

Jones has denied any romantic relationship with Freeman, according to the complaint.

Jones, Freeman, and YesCare did not immediately respond to queries.

**A million-dollar home**

Van Deelen's case dates back to June 2020, when he filed a shareholder suit in Texas state court against employees of engineering company McDermott International, alleging fraud and a breach of duty. Six months earlier, McDermott had declared bankruptcy. Van Deelen says he and his wife lost their entire investment.

McDermott was represented in the case by law firm Jackson Walker, one of the country's top bankruptcy firms. Freeman clerked for Jones for six years, and she went on to become a partner at Jackson Walker, where she was one of the attorneys assigned to the McDermott bankruptcy. Van Deelen's case was ultimately "removed" to Jones' bankruptcy court, according to Van Deelen's complaint.

Freeman now runs a Houston-based law office, The Law Office of Liz Freeman, that specializes in bankruptcy litigation and reorganization. Van Deelen claims Freeman left her prestigious job at Jackson Walker because "the relationship between her and Defendant Jones was made generally known."

The document alleges that, while working the McDermott case, Freeman was Jones' "live-in girlfriend" in a home worth more than a million dollars. Exhibits attached to the complaint show that Jones and Freeman have since June 2017 been listed as co-owners of a four-bed, two-bath, 3,800 square foot home on a leafy street in Houston that was assessed at $1.07 million.

Meanwhile, two people, "probably Freeman's parents" moved into a $1.5 million home that Jones owns in Coldspring, an hour outside of Houston, according to another exhibit. The complaint alleges that Freeman had been living in that property since 2007, and that Jones purchased it in 2016.

Van Deelen said in the suit that he learned of the relationship after receiving an anonymous letter in March 2021, also attached as an exhibit. It describes alleged corruption that involved Jones, Jackson Walker, and Freeman "in a scheme in which corporate bankruptcy filers would hire Jackson Walker to represent them and then get favorable treatment from Defendant Jones because of his amorous relationship with Freeman."

Matt Cavenaugh, a partner at Jackson Walker, didn't immediately respond to a request for comment.

According to the complaint, the letter detailed the "corruption involving Judge David R. Jones" and his romantic relationship with Freeman.

"Instead of personally avoiding the McDermott bankruptcy case because of his relationship with Jackson Walker attorney Freeman," the complaint says, Jones "assigned the case to himself." He didn't disclose that he had a personal relationship with Freeman, according to the complaint.

Van Deelen submitted the letter in a motion seeking to get Jones removed from his case. Judge Marvin Isgur, another bankruptcy judge in the court, later denied it.

Van Deelen said that when he filed the complaint, he also hand delivered it to Jones in the Houston courthouse. After making his way through the maze of offices, Van Deelen said he turned a corner to find Jones eating a sandwich. When the judge saw who it was, "he turned white," Van Deelen said.

He said Jones accepted the envelope without saying a word.

Read the original article on Business Insider

The views expressed in any and all content distributed by Newstex and its re-distributors (collectively, the "Newstex Authoritative Content") are solely those of the respective author(s) and not necessarily the views of Newstex or its re-distributors. Stories from such authors are provided "AS IS," with no warranties, and confer no rights. The material and information provided in Newstex Authoritative Content are for general information only and should not, in any respect, be relied on as professional advice. Newstex Authoritative Content is not "read and approved" before it is posted. Accordingly, neither Newstex nor its re-distributors make any claims, promises or guarantees about the accuracy, completeness, or adequacy of the information contained therein or linked to from such content, nor do they take responsibility for any aspect of such content. The Newstex Authoritative Content shall be construed as author-based content and commentary. Accordingly, no warranties or other guarantees are offered as to the quality of the opinions, commentary or anything else appearing in such Newstex Authoritative Content. Newstex and its re-distributors expressly reserve the right to delete stories at its and their sole discretion.

---- Index References ----

Company: EMETALS LIMITED; JACKSON WALKER LLP

News Subject: (Bankruptcies (1BA08); Business Management (1BU42); Corporate Events (1CR05); Crime (1CR87); Criminal Law (1CR79); Fraud (1FR30); Government Litigation (1GO18); Legal (1LE33); Liability (1LI55); Social Issues (1SO05))

Region: (Americas (1AM92); North America (1NO39); Texas (1TE14); U.S. Southwest Region (1SO89); USA (1US73))

Language: EN

Other Indexing: (YesCare Corp.; Corizon; Jackson Walker)

Keywords: (News); (Finance); (Law); (insider-investigates); (corizon); (bankruptcy); (texas); (prisoner-abuse)

Word Count: 1172



EXHIBIT 4

UPDATE 2-Top US bankruptcy judge, under ethics review, steps back from major cases

**NewsRoom**

10/13/23 Reuters News 20:46:05

Reuters News
Copyright (c) 2023 Thomson Reuters

October 13, 2023

UPDATE 2-Top US bankruptcy judge, under ethics review, steps back from major cases

Dietrich Knauth

NEW YORK, Oct 13 (Reuters)

(Adds details on misconduct complaint in paragraphs 5-6)

By Dietrich Knauth

NEW YORK, Oct 13 (Reuters) - U.S. Bankruptcy Judge David Jones in Houston, who oversees more major Chapter 11 cases than any other U.S. judge, said on Friday he is facing an ethics review over a previously undisclosed romantic relationship and is stepping down from handling large cases.

Jones said over the weekend he has been in a years-long romantic relationship and shared a home with bankruptcy attorney Elizabeth Freeman, who had been a law clerk for him. Until recently, Freeman worked at Jackson Walker, a local law firm that filed many cases in Jones' Houston courthouse.

Jones said at a court hearing in the bankruptcy case of drilling company Arethusa Offshore that he is under investigation from the New Orleans-based 5th U.S. Circuit Court of Appeals and that all his bankruptcy cases involving large companies would be assigned to other judges during the investigation.

"I hope that you can appreciate that the integrity of the process is simply more important than a single case and you have my genuine apologies for the inconvenience that I am causing," Jones told the company's attorneys.

Chief 5th U.S. Circuit Judge Priscilla Richman, in a misconduct complaint made public later on Friday, said there was probable cause to believe Jones violated the codes of conduct that govern judges by, among other things, failing to avoid an appearance of impropriety.

Richman said that while Jones and Freeman were not married, the factors that apply to recusing from a case involving a judge's spouse apply equally when a judge maintains both a household and an intimate relationship with someone they are not married to.

Yet, she wrote, Jones never recused himself from cases involving Jackson Walker or disclosed his relationship with Freeman. The judge approved attorneys' fees sought by Jackson Walker for work on bankruptcy matters in which billing records showed Freeman performed "substantial" services, Richman said.

The Houston bankruptcy court on Friday also updated its case assignment rules to remove Jones from a two-judge panel that oversees all complex cases involving more than $200 million in debt.

Legal ethics experts have said Jones should have disclosed the relationship or recused himself from cases involving Jackson Walker.

A spokesman for Jackson Walker said the firm consulted outside ethics counsel after learning about the romantic relationship in March 2021.

"From the time we first learned of this allegation Ms. Freeman was instructed not to work or bill on any cases before Judge Jones," Jackson Walker spokesman Jim Wilkinson said. "We are confident that we acted responsibly."

Freeman, through her attorney, declined to comment.

Jones has been the busiest bankruptcy judge in the U.S. since January 2016, overseeing 11% of all Chapter 11 bankruptcies involving more than $100 million in liabilities, according to data from Debtwire, which provides research and intelligence on credit markets. He recently presided over the bankruptcies of JC Penney, Neiman Marcus, Party City and Chesapeake Energy, among many others.

The two-judge panel for complex cases is an outlier among U.S. bankruptcy courts, which typically assign cases randomly among all of their judges.

Bankruptcy Judge Marvin Isgur, who stepped down from the panel a year ago, will replace Jones, and all of Jones' complex cases will be randomly assigned to Isgur or the panel's other member, U.S. Bankruptcy Judge Christopher Lopez.

(Reporting by Dietrich Knauth; Additional reporting by Nate Raymond; Editing by Alexia Garamfalvi, Leslie Adler, Rod Nickel and William Mallard) ((Dietrich.Knauth@thomsonreuters.com;))


**---- Index References ----**

Company: ARETHUSA OFFSHORE-2 DRILLING; THE NEIMAN MARCUS GROUP LLC; PARTY CITY HOLDINGS INC.; CHESAPEAKE ENERGY CORPORATION; JACKSON WALKER LLP; OLD COPPER COMPANY, INC.

News Subject: (Bankruptcies (1BA08); Business Management (1BU42); Corporate Events (1CR05); Government Litigation (1GO18); Judicial Cases & Rulings (1JU36); Legal (1LE33); Judicial Cases & Rulings (1JU36); Top World News (1WO62); Corporate Bonds (1XO30); Debt Restructuring (1RE45); Corporate Events (1CR05); Legal (1LE33); Corporate Governance (1XO27); Bankruptcies (1BA08))

Industry: (Bonds (1BO97); Fixed Income Investments (1FI12))

Region: (Americas (1AM92); New York (1NE72); North America (1NO39); Texas (1TE14); U.S. Mid-Atlantic Region (1MI18); U.S. Southwest Region (1SO89); USA (1US73); Texas (1TE14); USA (1US73); Americas (1AM92))

Language: EN

Other Indexing: (Arethusa Offshore; Neiman Marcus; Party City; Chesapeake Energy; Jackson Walker; JC Penney)

Keywords: BANKRUPTCY; JONES; ETHICS; 2,; PIX; Bankruptcy; United States bankruptcy law; Judicial disqualification; United States federal judge; United States courts of appeals; United States bankruptcy courta1312cat:f

Word Count: 592

NewsRoom

EXHIBIT  5

### *Bankruptcy Judge Jones Named in a Lawsuit Over Romantic Relationship With Local Lawyer -- WSJ*

Dow Jones Institutional News

October 7, 2023 Saturday 11:52 PM GMT

Copyright 2023 Factiva ®, from Dow Jones

All Rights Reserved



Copyright © 2023, Dow Jones & Company, Inc.

**DOW JONES** NEWSWIRES

**Length:** 736 words

**Byline:** By Alexander Gladstone and Andrew Scurria

## Body

A Texas bankruptcy judge has been in a romantic relationship with a lawyer whose former firm brought major chapter 11 cases to his court, a premier landing spot for corporate reorganizations.

Judge David R. Jones, who has overseen some of the nation's largest chapter 11 cases in the U.S. Bankruptcy Court in Houston, told The Wall Street Journal he is in a relationship and has shared a home for years with bankruptcy lawyer Elizabeth Freeman.

Freeman worked at Texas law firm Jackson Walker's bankruptcy practice group until December 2022, when she left to start her own law firm. Jackson Walker, a leading Texas bankruptcy firm, filed chapter 11 cases that were assigned to Judge Jones while she was still a partner there.

The relationship between the judge and the lawyer surfaced publicly earlier this week when an individual plaintiff sued Judge Jones over rulings that he made while presiding over the 2020 bankruptcy case of offshore-drilling company McDermott International. The law firm Kirkland & Ellis represented McDermott with Jackson Walker as local counsel.

The plaintiff, Michael Van Deelen, was a shareholder in McDermott and has unsuccessfully pursued a variety of claims against the company, its advisers and the judge in bankruptcy court.

In his lawsuit, Van Deelen alleged that Jones and Freeman's romantic relationship amounted to a conflict of interest and tainted his rulings in the McDermott case.

The judge confirmed the relationship in an interview with the Journal and said that he and Freeman agreed years ago that she herself would never appear in his courtroom.

Jones said he believes the relationship didn't need to be disclosed because he and Freeman aren't married and there was no economic benefit to him from her legal work.

"I came to the conclusion that I had no duty to disclose," said the judge, who joined the Houston court in 2011. He added that he didn't want to fuel a perception that "if you were going to be appearing, you should go out and hire Jackson Walker."

Jackson Walker files bankruptcy cases on its own, but is better known as local counsel working alongside large bankruptcy firms that have made the Houston bankruptcy court a top venue in recent years. Jackson Walker, on its website, said it has been local counsel for more sizable companies in chapter 11 than any other firm since 2022 and often serves as co-counsel alongside Kirkland & Ellis, which is among the nation's most prolific filers of large corporate bankruptcies.

Jackson Walker declined to comment. Representatives for Kirkland & Ellis didn't respond to a request for comment.

A representative with the Judicial Council of the Fifth Circuit, which is responsible for reviewing complaints of judicial misconduct in Texas courts, didn't respond to a request for comment.

Jones hasn't formally responded to Van Deelen's claims in court and declined to comment on the merits of the lawsuit. He also said he was under no obligation to recuse himself from cases involving Jackson Walker or Freeman's new solo firm, the Law Office of Liz Freeman.

"If for any reason I thought that I should have done something more, I would have done it," the judge said. "I'm certainly not afraid of my relationship, I just simply think I'm entitled to a certain degree of privacy. I and I alone made the call that so long as she never appeared in front of me, that was sufficient."

Jones said that he would have had a recusal obligation for cases involving Freeman's firm only if they had been married and had communal property. Judge Jones owns the home in Houston which he and Freeman reside in, and pays utilities and other expenses on the home.

Adam Levitin, a professor at Georgetown University Law Center who focuses on bankruptcy and commercial law, said that if Judge Jones was in a romantic relationship with a lawyer from Jackson Walker, he shouldn't have heard any bankruptcy cases in which Jackson Walker represented the company.

"It creates an appearance of impropriety and partiality," Levitin said. "A lawyer's conflicts are imputed to all other attorneys at the firm. She was a partner of the firm. It creates the possibility that a litigant feels that they lost not because of the merits of a case, but because of the relationships the judge has."

Write to Alexander Gladstone at *alexander.gladstone@wsj.com* and Andrew Scurria at *Andrew.Scurria@wsj.com*

(END) Dow Jones Newswires

October 07, 2023 19:52 ET (23:52 GMT)

## Notes

PUBLISHER: Dow Jones & Company, Inc.

**Load-Date:** October 8, 2023

End of Document

EXHIBIT  6

**Exhibit 6A**
**Judge Jones**
**Jackson Walker Fee Order Entered**
**Open Cases**

| Debtor Name | Case Number | Petition Date | Confirmation Status | Position | Date of Retention App | Retention App ECF | Fee App Order ECF | Total Fees Awarded | Total Expenses | Ms. Freeman Fees |
|---|---|---|---|---|---|---|---|---|---|---|
| Westmoreland Coal Company | 18-35672 | 10/9/2018 | Confirmed | Debtor Local Counsel | 11/8/2018 | 376 | 2249 | $676,806.00 | $87,114.29 | $129,629.50 |
| J.C. Penney Company, Inc. | 20-20182 | 5/15/2020 | Confirmed | Debtor Local Counsel | 6/11/2020 | 685 | 2874 | $1,087,263.00 | $14,219.21 | $286,159.00 |
| Whiting Petroleum Corporation | 20-32021 | 4/1/2020 | Confirmed | Debtor Local Counsel | 4/17/2020 | 173 | 840 | $695,091.50 | $3,541.94 | $36,115.00 |
| Neiman Marcus Group LTD, LLC | 20-32519 | 5/7/2020 | Confirmed | Debtor Local Counsel | 6/3/2020 | 750 | 2147 | $380,573.50 | $6,103.70 | $49,910.00 |
| Stage Stores LLC | 20-32564 | 5/10/2020 | Confirmed | Debtor Local Counsel | 6/4/2020 | 385 | 983 | $182,655.50 | $2,090.65 | $29,295.00 |
| Chesapeake Energy Corporation | 20-33233 | 6/28/2020 | Confirmed | Debtor Local Counsel | 7/16/2020 | 370 | 3509 | $912,742.00 | $21,275.94 | $192,258.00 |
| Covia Holdings Corporation | 20-33295 | 6/29/2020 | Confirmed | Debtor Conflicts Counsel | 7/21/2020 | 195 | 1304 | $325,181.00 | $6,200.85 | $51,021.00 |
| Bouchard Transportation Co., Inc. | 20-34682 | 9/28/2020 | Confirmed | Debtor Local Counsel | 10/28/2020 | 173 | 20-34758 at 63 | $436,790.00 | $5,371.86 | $23,380.00 |
| Mule Sky LLC (Gulfport Energy) | 20-35561 | 11/13/2020 | Confirmed | Debtor Conflicts Counsel | 12/11/2020 | 20-35562 at 390 | 212 | $765,173.50 | $7,334.20 | $54,525.50 |
| Seadrill Partners LLC | 20-35740 | 12/1/2020 | Confirmed | Debtor Local Counsel | 12/23/2020 | 110 | 690 | $286,885.00 | $1,617.25 | $28,223.00 |
| Seadrill Limited | 21-30427 | 2/10/2021 | Confirmed | Debtor Local Counsel | 3/8/2021 | 250 | 1340 | $501,242.00 | $2,123.05 | $5,594.50 |
| Brilliant Energy, LLC | 21-30936 | 3/16/2021 | No Plan | Other | 4/13/2021 | 68 | 241 | $186,363.50 | $2,246.63 | $0.00 |
| Katerra Inc. | 21-31861 | 6/6/2021 | Confirmed | Debtor Local Counsel | 6/29/2021 | 289 | 1639 | $858,653.01 | $3,934.72 | $0.00 |

| Debtor Name | Case Number | Petition Date | Confirmation Status | Position | Date of Retention App | Retention App ECF | Fee App Order ECF | Total Fees Awarded | Total Expenses | Ms. Freeman Fees |
|---|---|---|---|---|---|---|---|---|---|---|
| Basic Energy Services, Inc. | 21-90002 | 8/27/2021 | Confirmed | Debtor Lead Counsel | 12/13/2021 | 809 | 1511 | $1,543,432.34 | $3,082.84 | $0.00 |
| Strike LLC | 21-90054 | 12/6/2021 | Confirmed | Debtor Local Counsel | 1/6/2022 | 363 | 1248 | $875,026.00 | $12,331.41 | $0.00 |
| 4E Brands Northamerica LLC | 22-50009 | 2/22/2022 | Confirmed | Debtor Lead Counsel | 3/24/2022 | 72 | 427-1 | $859,425.50 | $7,300.81 | $0.00 |
| Sungard AS New Holdings | 22-90018 | 4/11/2022 | Confirmed | Debtor Conflicts Counsel | 5/10/2022 | 211 | 897 | $414,495.00 | $5,966.56 | $0.00 |

|  |  | Totals | $10,987,798.35 | $191,855.91 | $886,110.50 |
|---|---|---|---|---|---|

**Exhibit 6B**
**Judge Jones**
**Jackson Walker Fee Order Entered**
**Closed Cases**

| Debtor Name | Case Number | Petition Date | Confirmation Status | Position | Date of Retention App | Retention App ECF | Fee App Order ECF | Total Fees Awarded | Total Expenses Awarded | Ms. Freeman Fees |
|---|---|---|---|---|---|---|---|---|---|---|
| Jones Energy Inc. | 19-32112 | 4/14/2019 | Confirmed | Debtor Local Counsel | 4/23/2019 | 125 | 251 | $92,854.00 | $20,915.86 | $10,582.00 |
| McDermott International Inc. | 20-30336 | 1/21/2020 | Confirmed | Debtor Local Counsel | 2/19/2020 | 424 | 1021 | $391,655.00 | $21,154.16 | $114,002.50 |
| Sheridan Holding Company I, LLC | 20-31884 | 3/23/2020 | Confirmed | Debtor Local Counsel | 4/2/2020 | 130 | 213 | $11,779.50 | $12,025.30 | $3,565.00 |
| Hornbeck Offshore Services, Inc. | 20-32679 | 5/19/2020 | Confirmed | Debtor Conflicts Counsel | 6/1/2020 | 132 | 283 | $61,428.00 | $798.75 | $4,727.50 |
| Denbury Resources Inc. | 20-33801 | 7/30/2020 | Confirmed | Debtor Local Counsel | 8/28/2020 | 238 | 384 & 442 | $124,321.50 | $890.07 | $37,122.50 |
| iQor Holdings Inc. | 20-34500 | 9/10/2020 | Confirmed | Debtor Local Counsel | 9/28/2020 | 154 | 252 | $63,842.00 | $3,857.50 | $1,670.00 |
| Volusion, LLC | 20-50082 | 7/27/2020 | Confirmed | Debtor Lead Counsel | 8/26/2020 | 74 | 172 | $339,428.00 | $3,025.97 | $62,897.00 |
| Seadrill New Finance Limited | 22-90001 | 1/11/2022 | Confirmed | Debtor Local Counsel | 2/8/2022 | 94 | 121 | $27,286.00 | $21,067.75 | $0.00 |
| LaForta - Gestao e Investmentos | 22-90126 | 6/16/2022 | No Plan | Debtor Lead Counsel | 7/15/2022 | 67 | 298 | $505,907.50 | $7,946.11 | $0.00 |
| | | | | | | | **Totals** | **$1,618,501.50** | **$91,681.47** | **$234,566.50** |

**Exhibit 6C**
**Jones Mediation Cases**
**Jackson Walker Fees/Expenses**
**Open Cases**

| Debtor Name | Case Number | Petition Date | Judge | Confirmation Status | Position | Date of Retention App | Retention App ECF | Fee App Status | Fee App Order ECF | Total Fees Awarded | Total Expenses Awarded | Ms. Freeman Fees |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sanchez Energy Coporation | 19-34508 | 8/11/2019 | Isgur | Confirmed | Debtor Local Counsel | 10/1/2019 | 269 | Final Approved | 1502 | $1,905,683.35 | $98,468.48 | $531,384.50 |
| GWG Holdings Inc. | 22-90032 | 4/20/2022 | Isgur | Confirmed | Debtor Local Counsel | 5/19/2022 | 267 | Final Pending | | $801,232.50 | $59,972.91 | $228,572.81 |
| HONX, Inc. | 22-90035 | 4/28/2022 | Isgur | Plan Pending | Debtor Local Counsel | 5/31/2022 | 128 | Interim Filed | | $393,782.00 | $7,681.61 | $71,790.00 |
| Altera Infrastructure LP | 22-90130 | 8/12/2022 | Isgur | Confirmed | Debtor Local Counsel | 9/12/2022 | 228 | Final Approved | 22-90129 at 20 | $357,209.50 | $6,739.23 | $53,445.00 |
| IEH Auto Parts Holding LLC | 23-90054 | 1/31/2023 | Lopez | Confirmed | Debtor Lead Counsel | 3/2/2023 | 181 | Final Pending | | | | |
| IEH Auto Parts Holding LLC | 23-90054 | 1/31/2023 | Lopez | Confirmed | Debtor Conflicts Counsel | 3/2/2023 | 183 | None Filed | | | | |
| MLCJR LLC | 23-90324 | 5/14/2023 | Lopez | No Plan | Debtor Conflicts Counsel | 6/13/2023 | 433 | Interim Filed | | | | |
| | | | | | | | | | **Totals** | **$3,457,907.35** | **$172,862.23** | **$885,192.31** |

**Exhibit 6D**
**Jones Mediation Cases**
**Jackson Walker Fees/Expenses**
**Closed Cases**

| Debtor Name | Case Number | Petition Date | Judge | Confirmation Status | Position | Date of Retention App | Retention App ECF | Fee App Status | Fee App Order ECF | Total Fees Awarded | Total Expenses Awarded | Ms. Freeman Fees |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| EXCO Resources, Inc. | 18-30155 | 1/15/2018 | Isgur | Confirmed | UCC Local Counsel | 2/26/2018 | 382 | Final Approved | 122 | $1,820,436.59 | $68,949.97 | $185,702.50 |
| Tailored Brands, Inc. | 20-33900 | 8/2/2020 | Isgur | Confirmed | Debtor Local Counsel | 9/1/2020 | 496 | Final Approved | 1404 | $253,420.00 | $1,482.05 | $57,345.00 |
| | | | | | | | | | **Total** | **$2,073,856.59** | **$70,432.02** | **$243,047.50** |